IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TEEN MODEL (a minor), by her parents, PARENTS,<br><br>      Plaintiffs,<br><br> -against-<br><br>JASON LEE PARRY, BLOOD IS THE NEW BLACK, UBAN OUTFITTERS, INC., and BRANDY & MELVILLE N.Y. INC.,<br><br>      Defendants. | Civ. Act. No.: 11CV5766 (GBD) |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS THIRD CLAIM FOR RELIEF

## BY DEFENDANT EST. 1844, LLC DBA BLOOD IS THE NEW BLACK

            SEDGWICK LLP
            Attorneys for Defendant
            EST. 1844, LLC dba BLOOD IS THE NEW BLACK
            801 South Figueroa Street, 19th Floor
            Los Angeles, CA  90017
            (213) 426-6900

**Of Counsel:**
Jessika J. Moon, Esq.

**TABLE OF CONTENTS**

| | | |
|---|---|---|
| I. | INTRODUCTION | 1 |
| II. | ARGUMENT | 1 |
| | A. Plaintiffs Fail to Allege an Essential Element of the Claim for Relief. | 1 |
| | B. Assuming the Allegations are True, the Claim for Relief is Insufficient on its Face. | 2 |
| III. | CONCLUSION | 3 |

# TABLE OF AUTHORITIES

## Cases

*Ashcroft v. Iqbal*,
    556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) .................................................. 5

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) .................................................. 5

*Costanza v. Seinfeld*,
    279 A.D.2d 255 (1st dept.2001) .............................................................................................. 4

*Hoepker v. Kruger*,
    200 FSupp2d 340 (SDNY 2002) ............................................................................................ 4

*Howell v. New York Post Co.*,
    81 N.Y.2d 115 (1993) .............................................................................................................. 4

*Ibarra v. United States*,
    120 F.3d 472 (4th Cir.1997) .................................................................................................... 5

*Little v. Federal Bureau of Investigation*,
    1 F.3d 255 (4th Cir.1993) ........................................................................................................ 5

*Nussenzweig v. DiCorcia*,
    2006 WL 304832, 1, 5 (N.Y.Sup.) ........................................................................................... 4

*Rand v. Hearst Corp.*,
    31 A.D.2d 406, 298 N.Y.S.2d 405 (1st Dep't 1969),
    *aff'd*, 26 N.Y.2d 806, 309 N.Y.S.2d 348, 257 N.E.2d 895 (Ct.App.1970) ............................. 5

## Other Authorities

New York Civil Rights Law § 50 ................................................................................................ 4, 5

New York Civil Rights Law § 51 ................................................................................................ 4, 5

## Rules

Federal Rule of Civil Procedure 12(b)(6) ..................................................................................... 5, 6

I.  **INTRODUCTION**

In this lawsuit, a professional model seeks to recover damages for the alleged wrongful use of images obtained from a photo shoot and placed on t-shirts for commercial sale. In the First Amended Complaint, plaintiffs allege violations of New York Civil Rights Law §§ 50, 51, violation of § 43(a) Lanham Act, Libel and Libel *Per Se*. However, in the third claim for relief, plaintiffs wholly fail to identify the use of a specific image. As a result, this third claim for violation of New York Civil Rights Law §§ 50 and 51 fails to state a claim upon which relief can be granted, and must be dismissed.

II.  **ARGUMENT**

A.  **Plaintiffs Fail to Allege an Essential Element of the Claim for Relief.**

In New York State any cause of action based upon the unauthorized use of one's likeness must be brought under the Civil Rights Law. *Howell v. New York Post Co.*, 81 N.Y.2d 115, 122–123 (1993); *Costanza v. Seinfeld*, 279 A.D.2d 255 (1st dept.2001). The elements of a privacy claim under Civil Rights Laws §§ 50 and 51 are: (1) use of plaintiff's name, portrait, picture or voice, (2) for advertising purposes or for trade, (3) without consent, and (4) within the State of New York. *See, Nussenzweig v. DiCorcia*, 2006 WL 304832, 1, 5 (N.Y.Sup.); *citing Hoepker v. Kruger*, 200 FSupp2d 340 (SDNY 2002).

In the third claim for relief, plaintiffs simply allege violation of New York Civil Rights Law §§ 50 and 51 based on the hypothetical use, by one or more of the defendants, of an unidentified, "additional image" of Teen, for trade and/or advertising purposes by offering for sale and selling shirts bearing same. *See* First Amended Complaint at ¶¶ 330-334. This failure to identify the use at issue constitutes a failure to allege an essential element of the claim for relief. Plaintiffs' failure to identify an actual use – rather than one that is wholly imagined – leaves the claim for relief lacking in the sufficiency necessary to state a claim for relief.

B.  **Assuming the Allegations are True, the Claim for Relief is Insufficient on its Face.**

To survive a Rule 12(b)(6) motion to dismiss, "a First Amended Complaint must contain sufficient factual matter, ..., to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949 (*citing Twombly*, 550 U.S. at 556, 127 S.Ct. 1955). "Detailed factual allegations" are not required, but allegations must be more than "labels and conclusions," or "a formulaic recitation of the elements of a cause of action[.]" *Iqbal*, 129 S.Ct. at 1949 (*quoting Twombly*, 550 U.S. at 555, 127 S.Ct. 1955). "[O]nce a claim has been stated adequately," however, "it may be supported by showing any set of facts consistent with the allegations in the First Amended Complaint." *Twombly*, 550 U.S. at 563, 127 S.Ct. 1955. In considering such a motion, the court is required to accept as true all well-pled allegations in the First Amended Complaint, and to construe the facts and reasonable inferences from those facts in the light most favorable to the plaintiff. *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir.1997) (*citing Little v. Federal Bureau of Investigation*, 1 F.3d 255, 256 (4th Cir.1993)).

New York Civil Rights Law §§ 50 and 51 are to be construed narrowly. *See, Rand v. Hearst Corp.*, 31 A.D.2d 406, 298 N.Y.S.2d 405, 410 (1st Dep't 1969), *aff'd*, 26 N.Y.2d 806, 309 N.Y.S.2d 348, 257 N.E.2d 895 (Ct.App.1970). As such, a § 51 plaintiff must allege the improper use of that individual's "name, portrait, picture or voice." There is no specific identification of the alleged "additional image."

Plaintiffs' Third Claim for Relief is fatally defective because there can be no liability for a hypothetical use of an unspecified "name, portrait, picture or voice." New York Civil Rights Law §§ 50, 51. Because it fails to identify a specific image at issue, the third claim for relief is nothing more than a redundant placeholder, wholly insufficient to make the defendants aware of the alleged offending acts.

### III. CONCLUSION

For the foregoing reasons, defendant, Blood Is The New Black respectfully requests that this Court dismiss the third claim for relief in the First Amended Complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).

Dated: November 30, 2011                                         Respectfully Submitted,

       /s/ Kanika D. Corley
James J.S. Holmes (Admitted *pro hac vice*)
Kanika D. Corley (Admitted *pro hac vice*)
SEDGWICK LLP
801 S. Figueroa Street, 19th Floor
Los Angeles, California 90017
Telephone:   (213) 426-6900
Facsimile:    (213) 426-6921
Email: james.holmes@sedgwicklaw.com
Email: kanika.corley@sedgwicklaw.com

Jessika J. Moon (JM-3108)
SEDGWICK LLP
125 Broad Street, 39th Floor
New York, New York 10004-2400
(212) 422-0202 Telephone
(212) 422-0925 Facsimile
Email: jessika.moon@sedgwicklaw.com

Attorneys for Defendant,
EST. 1844, LLC dba BLOOD IS THE NEW BLACK

# CERTIFICATE OF SERVICE

I, JESSIKA J. MOON, hereby certify and affirm that a true and correct copy of the attached **MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS THIRD CLAIM FOR RELIEF BY BLOOD IS THE NEW BLACK** was served **via ECF** and **via regular mail** on **November 30, 2011**, upon the following:

Laura L. Chapman, Esq.
FOLEY & LARDNER LLP
555 California Street, Suite 1700
San Francisco, CA 94101-1520

Mary R. Conklin, Esq.
FOLEY & LARDNER LLP
555 South Flower Street, Suite 3500
Los Angeles, CA 90071-2411

Dated: New York, New York
      **November 30, 2011**

                                          /s/ Jessika J. Moon
                                          Jessika J. Moon