**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

TEEN MODEL (a minor), by her parents,
PARENTS,

        Plaintiffs,

        v.

JASON LEE PARRY,
BLOOD IS THE NEW BLACK,
URBAN OUTFITTERS, INC., and
BRANDY & MELVILLE N.Y. INC.,

        Defendants.

**11 CIV. 5766 (GBD)**

**NOTICE OF MOTION OF BRANDY &
MELVILLE N.Y. INC. TO STRIKE
PORTIONS OF PLAINTIFF'S
AMENDED COMPLAINT**

**TO THE CLERK OF THIS COURT AND ALL PARTIES AND THEIR COUNSEL OF**

**RECORD:**

    **PLEASE TAKE NOTICE** that defendant BRANDY & MELVILLE N.Y. INC.

("Brandy") will and hereby does move the Court to strike certain portions of the Amended

Complaint (Dkt. #49) filed by plaintiff Teen Model (a minor) by her Parents ("Plaintiff"),

pursuant to Rule 12(f) of the Federal Rules of Civil Procedure.

Dated:  Los Angeles, California
       November 30, 2011

Respectfully submitted,

By: _____
    Charles J. Harder (admitted *pro hac vice*)
WOLF, RIFKIN, SHAPIRO,
SCHULMAN & RABKIN, LLP
11400 W. Olympic Blvd., Ninth Floor
Los Angeles, California  90064
Tel: (310) 478-4100 x255
Fax: (310) 479-1422
Email: CHarder@WRSlawyers.com
*Attorneys for Brandy & Melville N.Y. Inc.*

*Of Counsel*

Tom J. Ferber
M. Mona Simonian
PRYOR CASHMAN LLP
7 Times Square
New York, NY  10036
Tel: (212) 421-4100
Fax: (212) 326-0806
tferber@pryorcashman.com
msimonian@pryorcashman.com
*Attorneys for Brandy & Melville N.Y. Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TEEN MODEL (a minor), by her parents,
PARENTS,

              Plaintiffs,

       v.

JASON LEE PARRY,
BLOOD IS THE NEW BLACK,
URBAN OUTFITTERS, INC., and
BRANDY & MELVILLE N.Y. INC.,

              Defendants.

**11 CIV. 5766 (GBD)**

**DEFENDANT BRANDY & MELVILLE N.Y. INC.'S MEMORANDUM OF LAW
IN SUPPORT OF MOTION TO STRIKE PORTIONS OF
PLAINTIFF'S AMENDED COMPLAINT**

Dated:  Los Angeles, California
      November 30, 2011

Respectfully submitted,

By: _____

    Charles J. Harder (admitted *pro hac vice*)
WOLF, RIFKIN, SHAPIRO,
SCHULMAN & RABKIN, LLP
11400 W. Olympic Blvd., Ninth Floor
Los Angeles, California  90064
Tel: (310) 478-4100 x255
Fax: (310) 479-1422
Email: CHarder@WRSlawyers.com
*Attorneys for Brandy & Melville N.Y. Inc.*

*Of Counsel*
Tom J. Ferber
M. Mona Simonian
PRYOR CASHMAN LLP
7 Times Square
New York, NY  10036
Tel: (212) 421-4100
Fax: (212) 326-0806
tferber@pryorcashman.com
msimonian@pryorcashman.com
*Attorneys for Brandy & Melville N.Y. Inc.*

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

I.    INTRODUCTION .................................................................................................1

II.   BRIEF SUMMARY OF RELEVANT FACTS .................................................3

III.  ARGUMENT ........................................................................................................4

    A.    The Allegations Requested to be Stricken are Immaterial, Impertinent, Scandalous, and Redundant ...........................................................................5

    B.    The Allegations to be Stricken are Prejudicial .....................................10

    C.    The Facts Plead Do Not Entitle Plaintiff to an Award of Exemplary or Punitive Damages Against Brandy ......................................................11

IV.   CONCLUSION...................................................................................................14

# **TABLE OF AUTHORITIES**

**Cases**

*Allocco v. Dow Jones & Co., Inc.*, No. 02 Civ. 1029 (LMM), 2002, WL 1484400 (S.D.N.Y. July 10, 2002) ............................................................................................................................. 9

*Brinkley v. Casablancas*, 80 A.D.2d 428, 443-44, 438 N.Y.S.2d 1004, 1014 (1981) ................. 13

*Burger v. Health Ins. Plan of Greater New York*, 684 F.Supp. 46, 52 (S.D.N.Y. 1988) ........... 5, 8

*Cabble v. Rollieson*, No. 04CIV9413LTSFM, 2006 WL 464078, at *11 (S.D.N.Y. Feb. 27, 2006) ........................................................................................................................................... 6

*Correctional Officers Benevolent Ass'n v. Kralik*, 226 F.R.D. 175, 177 (S.D.N.Y. 2005) ........ 5, 6

*Dannenberg v. ABC Carpet*, No. 96 Civ. 0421 (SAS), 1996 WL 422265, at *2 (S.D.N.Y. July 26, 1996) .................................................................................................................... 6, 10

*Feinberg v. Katz*, No. 99 Civ. 45 (CSH), 2002 WL 1751135, at *20 (S.D.N.Y. July 26, 2002) .. 5, 10, 11

*Gallon v. Hustler Magazine, Inc.*, 732 F. Supp. 322, 327 (N.D.N.Y. 1990) ............................... 13

*Getty Petroleum Corp. v. Island Transp.*, 878 F.2d 650, 657 (2d Cir. 1989) ............................. 11

*Gilbert v. Gen. Motors Corp.*, 1 F.R.D. 101 (W.D.N.Y. 1940) .................................................... 9

*Grant v. Esquire, Inc.*, 367 F. Supp. 876, 881 (S.D.N.Y. 1973) ................................................ 11

*Kounitz v. Slaatten*, 901 F.Supp. 650, 658 (S.D.N.Y. 1995) ....................................................... 8

*Major League Baseball Properties, Inc. v. Opening Day Productions, Inc.*, No. 96 CIV. 7078 (DAB), 1997 WL 525482, at *6 (S.D.N.Y. Aug. 22, 1997) ................................................... 10

*Morsette v. "The Final Call"*, 309 A.D.2d 249, 254, 764 N.Y.S.2d 416, 420 (2003) ................ 13

*Ostano Commerzanstalt v. Telewide Sys.*, 880 F.2d 642, 649 (2d Cir. 1989) ............................. 11

*Scharff v. Claridge Gardens, Inc.*, No. 88 CIV. 2047 (JMC), 1993 WL 287734, at *8 (S.D.N.Y. July 28, 1993) ............................................................................................................................ 11

*Trusthouse Forte, Inc. v. 795 Fifth Ave. Corp.*, No. 81 Civ. 1698 (CBM), 1981 WL 1113, at *6 (S.D.N.Y. Aug. 31, 1981) .................................................................................................... 6

**Statutes**

Fed. R. Civ. P. 12(f) ....................................................................................................................... 5

N.Y. Civ. Rights Law § 51 (2011) ............................................................................................... 11

## I.   <u>INTRODUCTION</u>

The issues raised by Plaintiff's operative Amended Complaint are (1) whether defendants

Brandy, Jason Lee Parry ("Parry"), Blood is the New Black ("BITNB"), Urban Outfitters, Inc.

("Urban") (collectively, "Defendants"), or one or more of them, violated NYCRL §§ 50 and 51

by creating, designing, manufacturing, distributing, advertising, and/or selling apparel that used

Plaintiff's image; (2) whether Defendants are liable for false advertising under 15 U.S.C.

§1125(a) in connection with their alleged uses of Plaintiff's image; and (3) whether Defendants

are liable for libel and/or libel per se in connection with their alleged uses of Plaintiff's image.

Rather than alleging the facts relevant to these issues in "short and plain" language, as required

by Rule 8(a), Plaintiff's Amended Complaint is replete with hundreds of unnecessary, irrelevant,

and inappropriate allegations intended to confuse the issues, to attempt to villainize the

defendants and inflame the reader against them.

Accordingly, Brandy moves to strike the following allegations of the Amended

Complaint as immaterial, impertinent, scandalous, and prejudicial to the defendants: [1]

- The allegation in Paragraph 25 that "much of whose [Parry's] unconventional body of work, features nudity, semi nudity, sexually suggestive situations involving (only) women and what appear to be underage girls, many with bloody noses as if incurred as a result of repeated drug use and/or physical violence."

- Paragraph 32, in its entirety and Exhibit "B."

- The allegation in Paragraph 35 "That the use of a model of TEEN's age was and is utterly consistent with the bulk of PARRY's photographic work."

- Paragraph 36, in its entirety.

- The allegation in Paragraph 38 "That, upon information and belief, such image is intended to and/or does portray TEEN's pubic hair."

---

[1] For the Court's convenience, attached hereto as **Exhibit "A"** is a copy of Plaintiff's Amended Complaint, with the text that Brandy moves to strike highlighted in yellow.

- Paragraphs 39 through 41, in their entirety.

- The allegation in Paragraph 43 "That the imagery created of TEEN in possession of beer (specifically, Budweiser) is intended and does in fact give the viewer the false impression that TEEN has consumed not less than two and perhaps as many as five cans of what appear to be 12 once [sic] cans of beer."

- Paragraphs 44, 45, 47 through 54, 60, 68 through 70, 73, 91, 97, 98 and 105 (including all subparts), in their entirety.

- The allegations in Paragraph 114 that "and that each and every defendant sole motivation in so doing is to make money. That no defendant has evidenced any desire to mitigate damages to TEEN though urged and requested to do so."

- The allegation in Paragraph 117 that defendants BITNB, Urban, and Parry were "motivated solely by commercial desires to sell clothing."

- Paragraphs 140 (including all subparts), 146 through 158, 171 through 175, 183, 185 through 192, in their entirety.

- The allegation in Paragraph 193 that there was no consent to use Plaintiff's images "nor in conjunction with an array of utterly tasteless photographs portraying apparent drug addiction, nudity and violence."

- The allegation in Paragraph 195 regarding "cavorting with and/or viewed together with: nude, partially nude, sexually charged, drug addled, drug abusers, girls who are being restrained or tortured with a recurring theme of blood streaming from the nose; girls who *appear* to be under the age of 18 years."

- Paragraphs 196, 208 through 216, 217, 218, 221-223, 225 through 232, 235, 237 through 245, 251, 253, 254, and 256, in their entirety.

The bulk of Plaintiff's allegations in the Amended Complaint are superfluous and impertinent to the material issues in this lawsuit. Moreover, the allegations are grossly repetitive. Accordingly, in addition to the allegations that have been specifically identified above, and in Exhibit "A" hereto, Brandy requests that the Court issue an Order striking all redundant and repetitive allegations from the Amended Complaint, so that each allegation that is material to the issues is stated **once**, or alternatively, ordering Plaintiff to amend the Amended Complaint to remove all redundant and repetitious allegations. There is no reason that a pleading

containing only five claims for relief (three of which are based on the same legal theory) should contain 395 separate paragraphs of repetitive and largely irrelevant allegations.

Furthermore, Plaintiff's prayer for exemplary or punitive damages against Brandy in connection with her second, third, and fifth claims for relief – stated at Paragraphs 326, 346, and 394 and Plaintiff's prayer for each claim (Dkt. #49, p. 70) – are improper.  The facts in this action, as alleged in the Amended Complaint, do not support a claim for exemplary or punitive damages from Brandy.

## II.      BRIEF SUMMARY OF RELEVANT FACTS

Plaintiff alleges in the Amended Complaint that Parry photographed Teen Model in or about Spring 2010, and among the photographs taken at that photo shoot were (1) an image of Teen Model sitting on a motorcycle, wearing shorts and a shirt (the "Motorcycle Image"), and (2) an image of a woman faced away from the camera – depicting the back of her head and side of her body – wearing shorts and a shirt, riding a skateboard barefoot and holding something in her hand (the "Skateboard Image").  *See* Amended Complaint ("Amd. Compl."), Exhibits C and D, showing the two images.[2]

Plaintiff alleges that the Defendants unlawfully designed, manufactured, licensed, advertised, and/or sold clothing that incorporates the Motorcycle Image and the Skateboard Image.  First, BITNB allegedly entered into a license agreement with Parry, pursuant to which BITNB sold shirts bearing the Motorcycle Image to Urban, a clothing retailer.

Second, a freelance designer named Matteo Centaro (who is not a party to this lawsuit) created a shirt design bearing the image of a woman riding a skateboard in bare feet, holding

---

[2]  Contrary to the dramatic rhetoric and innuendo contained in the Amended Complaint, Plaintiff is *not* depicted in any state of undress in either the Motorcycle Image, or any other image at issue in this lawsuit.  She is fully-clothed in **all** relevant images.

something in her hand, with a caption at the bottom in all caps, bold, reading:  NO HEELS …
BUT WHEELS into a shirt design (the "Skateboard Shirt").  Brandy's Answer to Amended
Complaint ("Answer"), ¶¶ 2, 10, Ex. A.[3]  A company called Marie M. (which is not a party to
this lawsuit) then manufactured the Skateboard Shirt, screen printing Mr. Centaro's design onto
shirts.  Marie M. sold a limited number of units of the Skateboard Shirts to Euro Outlet, Inc., a
distributor based in Los Angeles, California (also not a party to the lawsuit), and Euro Outlet
then sold a limited number of units wholesale to Brandy.  *Id.*, ¶ 10.  Brandy sold approximately
30-130 units of the Skateboard Shirts at its retail clothing store in New York.  *Id.*, ¶ 9.

On June 24, 2011, Euro Outlet, Inc. obtained an oral license from Parry to use the image
depicted on the Skateboard Shirts on a maximum of 1,000 shirts, in consideration for a payment
to Parry in the amount of $4,000.  On July 2, 2011, Parry and Euro Outlet reduced the license to
a written agreement.  *Id.*, ¶ 13, Ex. F.  Before the parties entered into the oral and written license
agreement, Parry advised Jessy Longo of Euro Outlet that he (Parry) owned the rights associated
with the image on the Skateboard Shirts, and had the authority to license those rights to Euro
Outlet.  *Id.*, ¶ 13.  Brandy reasonably assumed that all necessary rights regarding the Skateboard
Shirt had been obtained by Euro Outlet and/or Marie M., before Brandy sold the shirts.  When
Brandy first learned that Plaintiffs were asserting claims regarding the Skateboard Image and
Skateboard Shirt, Brandy immediately and permanently discontinued its sales of the Skateboard
Shirt.  *Id.*, ¶ 11.

## III.   ARGUMENT

Rule 12(f) of the Federal Rules of Civil Procedure provides that "[t]he court may strike
from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous

---

[3] All references herein to paragraphs in Brandy's Answer are to paragraphs in the
"Factual Allegations" section.

matter."  Fed. R. Civ. P. 12(f) (emphasis added); *Correctional Officers Benevolent Ass'n v. Kralik*, 226 F.R.D. 175, 177 (S.D.N.Y. 2005).  Where the materiality of the allegations is highly unlikely, or where the effect of such allegations would be prejudicial, the Court may order the allegations stricken.  *Feinberg v. Katz*, No. 99 Civ. 45 (CSH), 2002 WL 1751135, at *20 (S.D.N.Y. July 26, 2002).  "To properly decide a motion to strike, the issues must be framed," and "once the issues are framed, the court turns to the particular allegations," determining whether the allegations to be stricken are redundant, immaterial, impertinent, and/or scandalous. *Burger v. Health Ins. Plan of Greater New York*, 684 F.Supp. 46, 52 (S.D.N.Y. 1988).

As indicated above, the issues in the Amended Complaint are:  (1) whether Defendants violated NYCRL §§ 50 and 51; (2) whether Defendants are liable for false advertising under 15 U.S.C. § 1125(a) in connection with their alleged use of Plaintiff's image; and (3) whether Defendants are liable for libel and/or libel per se in connection with their alleged uses of Plaintiff's image.  Pursuant to Rule 12(f), any allegations that are not related to the foregoing issues are subject to being stricken.

Many of the allegations in the Amended Complaint are "redundant, immaterial, impertinent, [and/]or scandalous matter."  These allegations are identified in Section I above, and in Exhibit A hereto.  Keeping these allegations in the Amended Complaint would be prejudicial to Defendants.  Based thereon, Brandy requests that the Court strike all of these allegations.

A. <u>The Allegations Requested to be Stricken are Immaterial, Impertinent, Scandalous, and Redundant</u>

An allegation is "immaterial" when "it is neither responsive nor relevant to the issues involved in the action and could not be put into issue or be given in evidence between the parties."  *Dannenberg v. ABC Carpet*, No. 96 Civ. 0421 (SAS), 1996 WL 422265, at *2

(S.D.N.Y. July 26, 1996) (citations & quotations omitted); *see also Trusthouse Forte, Inc. v. 795 Fifth Ave. Corp.*, No. 81 Civ. 1698 (CBM), 1981 WL 1113, at *6 (S.D.N.Y. Aug. 31, 1981) ("In evaluating the relevance of the portions of the complaint at issue, it is important to keep a firm grasp on the claims actually being made by plaintiffs.")  A "scandalous" allegation is "one that reflects unnecessarily on the defendant's moral character, or uses repulsive language that detracts from the dignity of the court." *Cabble v. Rollieson*, No. 04CIV9413LTSFM, 2006 WL 464078, at *11 (S.D.N.Y. Feb. 27, 2006) (internal citations omitted).  In general, a motion to strike should be granted when "it is clear that the allegations in question can have no possible bearing on the subject matter of the litigation." *Dannenberg*, 1996 WL 422265, at *2 (citations & quotations omitted); *Kralik*, 226 F.R.D. at 177.  However, this Court has held that "even where matter in a pleading is relevant to the controversy, it nonetheless may be stricken if it is scandalous or set out in 'needless detail.' *Cabble*, 2006 WL 464078, at *11 (citing *Gleason v. Chain Service Restaurant*, 300 F.Supp. 1241, 1257 (S.D.N.Y.1969)).

By way of this Motion, Brandy seeks to specifically strike from the Amended Complaint Plaintiff's many immaterial, impertinent, and scandalous allegations, which refer to matters such as:

- Plaintiff's opinions regarding the alleged inappropriate, "out of the mainstream," and/or salacious nature of Parry's work in general.  *See* Amended Complaint ("Amnd. Compl.") ¶¶ 25, 32, 35 (commenting on Parry's use of young models and/or models who appear to be minors, and photographing women in scenes that appear to depict violence and/or drug and alcohol use); 175, 183, 185-193 (claiming that "Parry's website is designed and intended to and does attract a predominantly male audience who view the site for prurient reasons"; and that the content of the website is "utterly inconsistent with other photographers seeking to promote their work"); 195, 196, and Exhibit "B."  These allegations are immaterial to the claims in the action, are salacious, and constitute inadmissible character evidence.

- Plaintiff's severely biased descriptions of the content of the images of Plaintiff that are at issue in the Amended Complaint, what Parry's intentions were in creating the images, what the images allegedly depict, and/or the messages the images are allegedly sending.  *See* Amnd. Compl. ¶¶ 36, 38-41, 43, 44, 68 ("in an overtly salacious manner, illegal, indecent, or

immoral manner"); 70, 91 ("that a cursory review … would indicate to the most casual of observers or untrained eyes that the image(s) … were/are not suitable nor appropriate for retail sale …."), 97, 98 ("the portrayal of Teen is in a blatantly sexual manner … [and] forces Teen to be the object of prurient interests and provides wallpaper for the likes of pedophiles …."); 105, 140, 171-175 (describing the content of the BITNB promotional video and alleging that the actions of the third parties depicted in the video "emphatically provide for the impression of association of said image of Teen with drinking beer, and/or the association of Teen with drinking beer," simply because at least one of the persons depicted in the video is allegedly wearing clothing that has an image of Plaintiff); and 208-216 (repetitive, prolix discussion of Parry's alleged intentions for using Plaintiff's image and alleged "refusal to withdraw the offending and/or illegal imagery from the market place," where Plaintiff has already alleged in Paragraphs 199 and 203-207 of the Amended Complaint that she advised Parry that he was unlawfully using Plaintiff's images, and that Parry did not thereafter cease to use the images). These allegations are immaterial and impertinent to the issues, and scandalous as against Defendants, in particular because all of the images that are at issue in the Amended Complaint are attached to the Complaint for the Court and jury to view (and make their own determinations regarding content and meaning).

- Third parties' alleged reactions to the images at issue in the Amended Complaint. *See* Amnd. Compl. ¶ 45 (claiming that a website allegedly removed one of the images due to "offensive and/or scandalous content"). These allegations are immaterial to the issues in the action, and serve only to prejudice Defendants and precondition the trier of fact against them.

- All references to and discussion of additional, unidentified images Parry created of Plaintiff during the March 2010 photo shoot. *See* Amnd. Compl. ¶¶ 47-54, 60, 146-158. As indicated in the Motion for Judgment on the Pleadings concurrently filed herewith, Plaintiff's third claim for relief should be dismissed as to Brandy (if not all other Defendants), because there is no evidence indicating that Brandy may have used any images in connection with any clothing, other than the Skateboard Image (which Brandy does not actually concede it ever used). Moreover, Brandy asserts in its Answer that it is not aware that it has ever sold any products bearing Plaintiff's image, or otherwise used Plaintiff's name, image, or identity.  (In fact, Brandy is not aware that the woman depicted on the Skateboard Shirt is Plaintiff, and Brandy does not concede that they are the same person.)  Answer, ¶ 15.  Upon dismissal of Plaintiff's third claim for relief, all allegations relating to alleged additional images of Plaintiff should also be dismissed.

- Plaintiff's non-expert opinions and beliefs regarding Defendants' business practices, industry standards of care, actions Defendants should have taken, and matters about which Defendants "should have known."  *See* Amnd. Compl. ¶¶ 68, 238-241 (allegations regarding what Defendants should have done, and outcomes had they followed certain allegedly proper procedures); ¶¶ 73, 243-245 (allegations regarding standards of care and "good business practice"); ¶¶ 225-232, 237, 256 (allegations regarding Brandy, Urban, and BITNB's supposed "procedures and protocols," employees, and/or outside counsel who allegedly assure that they have appropriate licenses and comply with laws); ¶¶ 251 and 253 (allegations regarding what Defendants "should have known").  These matters are not relevant to Plaintiff's claims, especially in light of the fact that Plaintiff has already alleged in the Amended Complaint that

Defendants knew that they were using Teen Model's image without authorization (Amnd. Compl. ¶ 199).

- Citations to, and discussions of laws under which Plaintiff is not suing. *See* Amnd. Compl. ¶¶ 69 (referring to N.Y. ACA. Law § 35.07), 235. References to laws that are not at issue in this lawsuit are impertinent and immaterial.

- Plaintiff's opinions regarding Defendants' alleged motivations "to make money" through their alleged uses of images of Plaintiff. *See* Amnd. Compl. ¶¶ 114, 117, 254. Such allegations are salacious and highly prejudicial to Defendants, and immaterial to the issues in the action.

- Plaintiff's descriptions of the content of BITNB's "promotional video," and commentary that she believes that the video depicts persons under 21 drinking alcohol. *See* Amnd. Compl. ¶¶ 171-174 (describing what Plaintiff believes that the BITNB "promotional video" includes, and alleging inclusion of Plaintiff's image in the video "portrays Teen in a negative light, associating Teen with promiscuity ...."). Plaintiff has attached "relevant screen captures" from the "promotional video" as Exhibits "M," "N," and "O" to the Amended Complaint. Descriptions of the content of the evidence are superfluous and impertinent, and Plaintiff's commentary on the "promotional video" is scandalous and prejudicial to Defendants. It is up to the trier of fact to determine what the images depict, and whether the "promotional video" serves to damage Plaintiff in any way.

- Allegations regarding prior controversies in which Urban has been involved in connection with sales of other clothing it has sold in the past. *See* Amnd. Compl. ¶¶ 217 and 218. These matters are not at issue in the action and are inadmissible evidence at trial.

- Allegations regarding other apparel BITNB has produced, and prior controversies in which BITNB has been involved in connection with sales of other clothing it has sold in the past, which matters are not at issue in the action and are inadmissible evidence at trial. *See* Amnd. Compl. ¶¶ 221-223.

The holding in *Burger v. Health Ins. Plan of Greater New York* is instructive. In *Burger*, the Court struck certain allegations from the plaintiff's proposed amended complaint for employment discrimination based on sex and age, because such allegations – relating to the defendants' alleged criminal activity in billing for services not actually performed – had "no bearing on any question of discrimination" and were scandalous because they "'reflect[ed] cruelly' on the defendants' moral characters." *Burger*, 684 F.Supp. at 52; *see also Kounitz v. Slaatten*, 901 F.Supp. 650, 658 (S.D.N.Y. 1995) (striking from the complaint allegations regarding defendant Slaatten's use of profanity and professional demands on her staff , because

such allegations had no bearing on whether plaintiff Lisa Kounitz was discriminated against, and therefore were "immaterial and impertinent as well as inflammatory and scandalous.")

Similarly, in *Allocco v. Dow Jones & Co., Inc.*, No. 02 Civ. 1029 (LMM), 2002, WL 1484400 (S.D.N.Y. July 10, 2002), the Court granted the defendants' motion to strike certain claims in plaintiff's Amended Complaint.  At issue in the lawsuit was whether the defendants had breached Dow Jones' collective bargaining agreement and covenant of good faith and fair dealing in connection with suspending plaintiff and terminating his employment.  *Allocco*, 2002, WL 1484400 at *2.  The Court struck plaintiff's allegations that the defendants violated Dow Jones' Code of Conduct by using company computers to send pornography, and by publishing a favorable article on BMW after BMW had provided vehicles to certain of the defendants.  *Id.*

Much like the allegations stricken in the *Burger*, *Alloco*, and *Kounitz* cases, the majority of the allegations Brandy seeks to strike have no bearing whatsoever on the relevant issues to be determined in this action, and are prolix designed to distract the trier of fact from the real matters at issue.  *Gilbert v. Gen. Motors Corp.*, 1 F.R.D. 101 (W.D.N.Y. 1940) (Court struck portions from plaintiff's amended complaint because it violated Rule 8's requirement of a "short and plain statement of the claim showing that the pleader is entitled to relief," and "[m]any of the paragraphs are prolix and many contain lengthy statements of evidence and of conclusions.") However, to the extent that any allegation Brandy seeks to strike has some relevancy to the issue, each such allegation is scandalous and unnecessarily detailed, and nevertheless may be stricken on those grounds.  Therefore, Brandy requests that the Court strike all of the allegations cited in Section I above, highlighted in Exhibit A hereto, and discussed herein.

Moreover, the bulk of Plaintiff's allegations in the Amended Complaint are superfluous, and generally impertinent to the material issues in this lawsuit, and repetitive, so much so that

Brandy is not readily able to identify each such redundant, impertinent, and repetitive allegation out of the overwhelming 395 allegations in the Amended Complaint. Given the straightforward nature of Plaintiff's claims for relief – three of which are based on the same legal theory – and the fact that all three claims are based on the same factual allegations (e.g., that photographs of Plaintiff taken by Parry were allegedly licensed to BITNB and Brandy's distributor, Euro Outlet, to use on clothing without Plaintiff's consent, and that Urban and Brandy sold the allegedly unauthorized clothing utilizing Plaintiff's image), there is no reason to keep in the complaint any allegations that are redundant, impertinent to the ultimate issues, and/or repetitious. Therefore, Brandy requests that all redundant, impertinent, and/or repetitive allegations (in addition to those specifically identified above) be removed from the complaint.

**B.**    **The Allegations to be Stricken are Prejudicial**

Allegations should also be stricken when they would have a "prejudicial" effect. *Feinberg*, 2002 WL 1751135, at *20; *Dannenberg*, 1996 WL 422265, at *2; *Major League Baseball Properties, Inc. v. Opening Day Productions, Inc.*, No. 96 CIV. 7078 (DAB), 1997 WL 525482, at *6 (S.D.N.Y. Aug. 22, 1997) ("Where '[r]etention of the allegation will prejudice the defendant,' or if it 'serve[s] no purpose except to inflame the reader,' then it should be stricken") (internal citations omitted). As indicated herein and in the highlighted copy of the Amended Complaint attached hereto as Exhibit "A," all of the allegations Brandy seeks to strike are prejudicial to Defendants. The allegations use scandalous and inflammatory language, and unfairly seek to cast Defendants in a negative light and precondition the trier of fact against them. Moreover, the redundancy and repetitiousness of these allegations makes the Amended Complaint unnecessarily long and confusing, to the extent that readers will likely be distracted from the ultimate issues in the lawsuit, to Defendants' detriment. In particular, Plaintiff's

lengthy discussion of the prurient nature of the Motorcycle Photograph (*see, e.g.,* Amnd. Compl. ¶¶ 37-41, 97, and 105) may mislead jurors to believe that the content of that photo is a material issue in the lawsuit, rather than focusing on the ultimate issues of whether the photo's ***use on clothing*** violates NYCRL §§ 50 and 51, the Lanham Act, and libel laws.

Additionally, in many instances, Plaintiff has included allegations in the Amended Complaint which themselves are not subject to strike, but that make the same general points and relate to the same issues as the allegations that Brandy requests be stricken, thereby emphasizing the prejudicial effect and redundancy of the allegations to be stricken.  As a result, Brandy requests that the Court strike all of the allegations cited in Section I above and highlighted in Exhibit "A."  *Feinberg*, 2002 WL 1751135, at *21 (striking allegations that had no bearing on the claims but served "merely to inflame the reader against [defendants.]")

**C.**     **The Facts Plead Do Not Entitle Plaintiff to an Award of Exemplary or Punitive Damages Against Brandy**

"It is well-settled under New York law that punitive damages may be recovered where the defendant has committed 'gross, wanton or willful fraud or other morally culpable conduct.'" *Scharff v. Claridge Gardens, Inc.*, No. 88 CIV. 2047 (JMC), 1993 WL 287734, at *8 (S.D.N.Y. July 28, 1993), citing *Borkowski v. Borkowski*, 39 N.Y.2d 982, 982, 355 N.E.2d 287, 287, 387 N.Y.S.2d 232, 232 (1976); *Ostano Commerzanstalt v. Telewide Sys.*, 880 F.2d 642, 649 (2d Cir. 1989); *Getty Petroleum Corp. v. Island Transp.*, 878 F.2d 650, 657 (2d Cir. 1989).

To recover exemplary or punitive damages for violations of NYCRL § 51, a defendant must have **knowingly** used the plaintiff's name, portrait, picture or voice in a manner that violates § 50.  N.Y. Civ. Rights Law § 51 (2011); *see also Grant v. Esquire, Inc.*, 367 F. Supp. 876, 881 (S.D.N.Y. 1973) (finding that the plaintiff would be entitled to punitive damages if he

is able to "establish that defendants had secretly and deliberately used his likeness in a commercial advertisement".)

Here, Brandy purchased the Skateboard Shirts wholesale from third-party supplier, Euro Outlet, which obtained the shirts from an unrelated third party manufacturer, Marie M., which obtained the shirt design from an unrelated third party freelance shirt designer, Matteo Centaro. Answer, ¶ 10.  At the time Brandy purchased wholesale and sold retail the Skateboard Shirts, Brandy reasonably assumed that all necessary rights regarding the Skateboard Shirts had been obtained by Euro Outlet, Marie M., and/or Matteo Centaro, before Brandy sold the shirts.  When Brandy first learned that Plaintiff was asserting claims regarding the Skateboard Shirts, Brandy immediately and permanently discontinued its sales of the shirts.  *Id.*, ¶ 11.  (Nonetheless, Euro Outlet obtained a license from photographer Parry to use the image depicted on the Skateboard Shirts, and Parry represented to Euro Outlet at the time of granting the license that he owned the rights associated with the image, and had the authority to license those rights to Euro Outlet.  *Id.*, ¶ 13.)  Additionally, at the time Brandy purchased and sold the Skateboard Shirts, Brandy did not know the age of the woman depicted in the image on the shirts, or what the woman depicted was holding in her hand, or the location where the image on the shirts was taken; or that the laws of the location supposedly prohibited the woman from holding beer; or that anything depicted on the shirts allegedly was or could be illegal.  Also, in selling the Skateboard Shirts, Brandy did not intend to make any statement about the woman in the image, other than what is actually depicted in the image.  *Id.*, ¶ 12.  Moreover, the Skateboard Shirt depicts the back of the woman's head, and side of her body, without any name or other information to identify the woman in the image. *Id.*, ¶ 3.

Brandy therefore could not have knowingly used Plaintiff's photograph in violation of NYCRL §§ 50, 51.  In *Brinkley v. Casablancas*, 80 A.D.2d 428, 443-44, 438 N.Y.S.2d 1004, 1014 (1981), the court held that two retailers, Spencer and Oomi, were exempt from compensatory *and* exemplary/punitive damages, when they bought wholesale and sold retail posters of Christie Brinkley, based on the assumption that their supplier had acquired the necessary rights for the retail sales.  "The purchase was in all respects a standard commercial transaction and Spencer [retailer], at the time, had no knowledge of the lack of consent.  Hence, **no action for exemplary damages lies**." *Brinkley*, 80 A.D.2d at 443-44, 438 N.Y.S.2d at 1014 (emphasis added). *See also*, *Gallon v. Hustler Magazine, Inc.*, 732 F. Supp. 322, 327 (N.D.N.Y. 1990) (denying punitive damages claim against Hustler Magazine which published a nude photo of plaintiff in its magazine without plaintiff's consent).

To recover exemplary or punitive damages, a plaintiff must demonstrate that the defendant's conduct is "intentional and deliberate, has fraudulent or evil motive, and has the character of outrage frequently associated with crime."  *Morsette v. "The Final Call"*, 309 A.D.2d 249, 254, 764 N.Y.S.2d 416, 420 (2003) (internal citations omitted).  The facts in this case, as to the claims against Brandy, do not rise to this level.  Therefore, the prayer for exemplary or punitive damages against Brandy should be stricken.

In defamation cases, the standard for recovering exemplary/punitive damages is even higher:  the plaintiff must show that the defendant acted maliciously, wantonly, recklessly, or in willful disregard specifically toward the plaintiff in publishing the defamatory material. *Morsette*, 309 A.D.2d at 255, 764 N.Y.S.2d at 421 (holding that there was no evidence that defendant's "malice or ill will was directed specifically at plaintiff to support an award of

punitive damages" where plaintiff was randomly selected and editor did not know plaintiff or anything about her at the time of publication of the allegedly libelous material).

Accordingly, Brandy requests that the Court strike all references to, and requests for, exemplary and punitive damages in the Amended Complaint, including at Paragraphs 326, 346, 394, and the second, third, and fifth claims for relief.

## IV.   CONCLUSION

For the reasons set forth above, Brandy respectfully requests that the Court issue an Order striking the following allegations from Plaintiff's Amended Complaint:

1.      The paragraphs of the Amended Complaint cited in Section I above, and highlighted in yellow, in Exhibit "A" hereto, pursuant to Rule 12(f) of Federal Rules of Civil Procedure;

2.      All redundant, impertinent, and/or repetitive allegations (in addition to the allegations specifically identified in Section I above and in Exhibit A), so that each allegation that is material to the issues is stated only *once*, or alternatively, ordering Plaintiff to amend her complaint to remove all redundant and repetitious allegations; and

3.      Plaintiff's prayer for exemplary or punitive damages against Brandy in connection with her second, third, and fifth claims for relief, contained in Paragraphs 326, 346, and 394 and Plaintiff's prayer for each claim (Dkt. #49, p. 70), without leave to amend.

Dated:  Los Angeles, California
        November 30, 2011

Respectfully submitted,

By:
     Charles J. Harder *(pro hac vice)*
     WOLF, RIFKIN, SHAPIRO,
     SCHULMAN & RABKIN, LLP
     11400 W. Olympic Blvd., Ninth Floor
     Los Angeles, California  90064
     Tel: (310) 478-4100 x255

Fax: (310) 479-1422
Email: CHarder@WRSlawyers.com
*Attorneys for Brandy & Melville N.Y., Inc.*

*Of Counsel*

Tom J. Ferber
M. Mona Simonian
PRYOR CASHMAN LLP
7 Times Square
New York, NY  10036
Tel: (212) 421-4100
Fax: (212) 326-0806
tferber@pryorcashman.com
msimonian@pryorcashman.com
*Attorneys for Brandy & Melville N.Y., Inc.*