UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TEEN MODEL (a minor), by her parents, PARENTS, <br><br> Plaintiffs, <br><br> v. <br><br> JASON LEE PARRY, <br> BLOOD IS THE NEW BLACK, <br> URBAN OUTFITTERS, INC., and <br> BRANDY & MELVILLE N.Y. INC., <br><br> Defendants. | 11 CIV. 5766 (GBD) |

**BRANDY & MELVILLE N.Y. INC.'S OBJECTIONS TO EVIDENCE IN SUPPORT OF OPPOSITION TO PLAINTIFF'S MOTION TO QUASH OR MODIFY CERTAIN SUBPOENAS SERVED ON NON-PARTIES AND FOR AN ORDER OF SANCTIONS**

Defendant Brandy & Melville N.Y. Inc. ("Brandy") hereby submits its Objections to the Evidence produced by movants in their Motion to Quash or Modify Certain Subpoenas Served on Non-Parties and for an Order of Sanctions (Dkt. #78). Specifically, Brandy objects to the Declarations submitted by Gustavo Rangel (Dkt. #83), Faith Kates (Dkt. #82), Teen Model by her Parents (Dkt. #81), Edward C. Greenberg (Dkt. #79), and Tamara L. Lannin (Dkt. #80) on the following grounds:

<u>**DECLARATION OF GUSTAVO RANGEL ("Rangel Decl.")**</u>

**General Objection:**  Brandy objects generally to the entirety of the Rangel Declaration, and each statement contained therein, on the grounds that it lacks foundation, is not relevant to the applicable legal standard, is conclusory, and the declarant lacks personal knowledge of the matters stated. Additionally, statements made on "information and belief" lack foundation, are not statements of personal knowledge, and are hearsay.

**Specific Objections:** Brandy provides the following specific objections to the Rangel Declaration:

| NO. | EVIDENCE | OBJECTIONS |
|---|---|---|
| 1. | Rangel Decl. ¶ 2, p. 1: "I have been informed that the Subpoena is part of Exhibit B, submitted as part of the Motion to Quash Certain Subpoenas Served on Non-Parties and For an Order of Sanctions." | Speculative; hearsay (Fed. R. Evid. 802); lacks foundation; Best Evidence Rule; inaccurate (the subpoena served on Jason Wu was served by **certified** U.S. mail and included a corresponding proof of service) |
| 2. | Rangel Decl. . ¶ 3, p. 1: "The Subpoena was served upon JWU, LLC by regular mail." | False (the subpoena was served by **certified** U.S. mail); lacks foundation; Best Evidence Rule |
| 3. | Rangel Decl. . ¶ 3, p. 1: "My attorneys inform me that this is improper service, and that the Subpoena should have been served by personal service." | Hearsay; lacks foundation; Best Evidence Rule; improper opinion testimony; improper legal conclusion; argumentative (Fed. R. Evid. 701, 802) |
| 4. | Rangel Decl. . ¶ 5, p. 2: "Upon information and belief, these requests [for production of documents] are overbroad, vague, and seek irrelevant information." | Hearsay; lacks foundation; Best Evidence Rule; argumentative; conclusory; vague and ambiguous; improper opinion testimony; improper legal conclusion (Fed. R. Evid. 701, 802); declarant lacks personal knowledge |
| 5. | Rangel Decl. . ¶ 6, p. 2: "Upon information and belief, because the Subpoena was improperly issued and served, the burden and expense placed on JWU, LLC to comply is undue." | Same objections as No. 4 above. |

## DECLARATION OF FAITH KATES ON BEHALF OF NEXT MANAGEMENT

## ("Kates Decl.")

**General Objection:** Brandy objects generally to the entirety of the Kates Declaration, and each statement contained therein, on the grounds that it lacks foundation, is not relevant to the applicable legal standard, is conclusory, is argumentative, and the declarant lacks personal knowledge of the matters stated. Additionally, statements made on "information and belief" lack foundation, are not statements of personal knowledge, and are hearsay.

**Specific Objections:** Brandy provides the following specific objections to the Kates Declaration:

| NO. | EVIDENCE | OBJECTIONS |
|---|---|---|
| 1. | Kates Decl. ¶ 1, p. 1: "I have read the accompanying Memorandum of Law and Declarations of Edward C. Greenberg and Tamara L. Lannin, and adopt their contents." | Hearsay; lacks foundation; Best Evidence Rule (Fed. R. Evid. 802); declarant lacks personal knowledge |
| 2. | Kates Decl. ¶ 4, p. 2: "The document requests under the Subpoena are incredibly broad. Respectfully, it is inconceivable why such documents would be required for this lawsuit if in fact all that are requested even exist — or ever existed. Many of the requested documents have nothing to do with the unauthorized use of TEEN's image. Some of the requested documents have nothing to do with TEEN, whatsoever." | Lacks foundation; Best Evidence Rule; argumentative; improper opinion testimony (Fed. R. Evid. 701); misleading and/or false |
| 3. | Kates Decl. ¶ 5, p. 2: "If Next is required to search for all of the requested documents, it would have to dedicate the resources of several employees over at least several days, searching numerous computers and files and could I suspect produce several thousand pages of documents which are unlikely to have any relevance in this lawsuit." | Lacks foundation; Best Evidence Rule; vague and ambiguous; speculative; contrary to the applicable legal standard |
| 4. | Kates Decl. ¶ 5, p. 2: "We respectfully ask that this Honorable Court to quash or modify the document requests so we can respond to reasonable requests concerning when, where, for whom and how much TEEN was paid." | Argumentative; improper opinion testimony; improper legal conclusion (Fed. R. Evid. 701); contradicted by Next Management's failure and refusal to produce its documents regarding Teen Model's modeling career |
| 5. | Kates Decl. ¶ 6, p. 2-3: "We have additionally received several phone calls and emails from companies who have been served with subpoenas by counsel for Brandy & Melville. Many of such companies were upset and confused as to why they were receiving these requests." | Best Evidence Rule; lacks foundation; hearsay (Fed. R. Evid. 802); argumentative |
| 6. | Kates Decl. ¶ 6, p. 3: "Understandably, many companies could not see why any documents they could have would relate to the litigation." | Argumentative; hearsay (Fed. R. Evid. 802); lacks foundation; improper opinion testimony (Fed. R. Evid. 701); declarant lacks personal knowledge |
| 7. | Kates Decl. ¶ 6, p. 3: "Many companies expressed frustration that these requests would now cost them considerable time and money to respond to subpoenas that seem unnecessary." | Best Evidence Rule; lacks foundation; hearsay (Fed. R. Evid. 802); argumentative; improper opinion testimony (Fed. R. Evid. 701) |
| 8. | Kates Decl. ¶ 7, p. 3: "The subpoenas appear to | Lacks foundation; argumentative; |

| | | |
|---|---|---|
| | have no merit than to harass Teen and to burden those served with same." | improper opinion testimony (Fed. R. Evid. 701) |
| 9. | Kates Decl. ¶ 7, p. 3: "Surely, any relevant information that is important to this case can be obtained by other less cumbersome means." | Lacks foundation; argumentative; improper opinion testimony; improper legal conclusion (Fed. R. Evid. 701); contradicted by Teen Model's and Next Management's failure and refusal to produce their documents regarding Teen Model's modeling career |
| 10. | Kates Decl. ¶ 8, p. 3: "Next competes with other top tier model agencies like Ford Models for modeling work in a very, very tight economy. Each agency has a roster of models eager for work. We have an obligation to represent our models to the best of our ability and among other things, attempt to get them work." | Argumentative; irrelevant (Fed. R. Evid. 403) |
| 11. | Kates Decl. ¶ 8, p. 3: "If (as it may already be) word is out in the fashion (and related industries) that hiring TEEN brings with it a subpoena, it will be difficult to impossible to procure work for her." | Speculative; lacks foundation; Best Evidence Rule; argumentative; misleading |
| 12. | Kates Decl. ¶ 8, p. 3: "Subpoenas have already been served on a 'Who's Who' of the fashion industry. That damage has been done is beyond question. The full nature and extent of the ongoing damage has yet to be determined." | Same objections as No. 11 above. |
| 13. | Kates Decl. ¶ 9, p. 3: "The services of the subpoenas on 'innocent' clients seeking information within our possession or that of TEEN's parents is bewildering to us." | Argumentative; irrelevant (Fed. R. Evid. 403) |
| 14. | Kates Decl. ¶ 9, p. 3: "That TEEN has suffered economic harm as a result is without question." | Lacks foundation; Best Evidence Rule; argumentative; speculative; improper opinion testimony; improper legal conclusion (Fed. R. Evid. 701) |
| 15. | Kates Decl. ¶ 9, p. 4: "I am hard pressed to name a major player in the fashion industry who Mr. Harder did not serve with a subpoena." | Argumentative; misleading (all persons and entities that were subpoenaed hired Teen Model to perform work for them, or were believed to have done so, based on publicly available information, including photographs and videos of Teen Model) |
| 16. | Kates Decl. ¶ 10, p. 4: "All of the foregoing requests seem inappropriate, burdensome and most | Argumentative; lacks foundation; Best Evidence Rule; improper opinion |

878181.1    4

| | | |
|---|---|---|
| | respectfully irrelevant to this action, which concerns the unauthorized use of TEEN's image, with beer on apparel where not a single one of the four defendants bothered to seek or obtain a model release from anyone authorized to sign same." | testimony; improper legal conclusion (Fed. R. Evid. 701) |
| 17. | Kates Decl. ¶ 11, p. 4: "The defendants sold shirts, made money and damaged the career of one of the top young models in the business. Models have careers which may last weeks or decades. Their looks — particularly those of a minor which may change rapidly — change. Tastes change and the market reflects that. Models such as Lauren Hutton, Cheryl Tiegs, Cindy Crawford, Brooke Shields or Beverly Johnson have had very long, prosperous careers. For every model with a career reaching back to the 20th Century, there are hundreds or even thousands of professional models who career flamed out for any number of reasons. TEEN has modeled for the top fashion houses and her career was going full steam at about the time of the appearance of the t shirts." | Same objections as No. 16 above. |
| 18. | Kates Decl. ¶ 12, p. 4: "I do know the modeling business, and if Brandy and Melville is intent on damaging or even destroying TEEN's career serving legal papers on 'everyone' in the business is a good way to do it." | Same objections as No. 16 above. |

**DECLARATION OF TEEN MODEL, BY HER PARENTS ("Parents Decl.")**

**General Objection:** Brandy objects generally to the entirety of the Parents Declaration, and each statement contained therein, on the grounds that it lacks foundation, is not relevant to the applicable legal standard, is conclusory, and the declarant lacks personal knowledge of the matters stated. Additionally, statements made on "information and belief" lack foundation, are not statements of personal knowledge, and are hearsay.

Furthermore, the entirety of Parents Declaration is defective, lacks foundation, and lacks authenticity because the name and signature of the party executing it cannot be seen, and an un-redacted copy was not filed under seal or served on Brandy. Brandy therefore has been denied an opportunity to review this evidence as of the time of the Opposition deadline.

**Specific Objections:**  Brandy provides the following specific objections to Parents Declaration:

| NO. | EVIDENCE | OBJECTIONS |
|---|---|---|
| 1. | Parents Decl. ¶ 2, p. 1: "We have read the accompanying Memorandum of Law and Declarations of our attorneys, Edward C. Greenberg and Tamara L. Lannin, and adopt their contents." | Hearsay; lacks foundation; Best Evidence Rule (Fed. R. Evid. 802); declarant lacks personal knowledge |
| 2. | Parents Decl. ¶ 2, p. 1-2: "By serving at least thirty-nine of the prior and/or current clients and customers for whom she has worked, counsel for Brandy & Melville N.Y. Inc. (hereinafter 'Counsel') clearly intends to and has caused great financial harm to our daughter's career and dissuade her from pursuing her legal rights in this Court." | Argumentative; lacks foundation; Best Evidence Rule; speculative; improper opinion testimony (Fed. R. Evid. 701) |
| 3. | Parents Decl. ¶ 3, p. 2: "Counsel's questions are prejudicial and posed in a way to make false implications and to place our daughter in a negative light." | Argumentative; lacks foundation; Best Evidence Rule; improper opinion testimony; improper legal conclusion (Fed. R. Evid. 701) |
| 4. | Parents Decl. ¶ 3, p. 2: "Counsel's service of subpoenas on just about every company with whom our daughter works/has worked has served to harass her and to harass us as her parents." | Argumentative; lacks foundation; Best Evidence Rule; improper opinion testimony (Fed. R. Evid. 701); false |
| 5. | Parents Decl. ¶ 3, p. 2: "Counsel's tactics appear to be to intimidate and threaten us while encouraging such customers/clients to employ other models who do not carry the baggage of an ongoing lawsuit." | Argumentative; lacks foundation; Best Evidence Rule; speculative; improper opinion testimony (Fed. R. Evid. 701); false |
| 6. | Parents Decl. ¶ 3, p. 2: "We are not lawyers, but such questionable and harmful tactics are transparent as glass should not be tolerated nor allowed by this Court. The message is clear, indeed a cliché' but very serious nonetheless: 'continue your lawsuit and you'll never work in this town again'." | Same objections as No. 3 above. |
| 7. | Parents Decl. ¶ 4, p. 2: "Counsel should be prevented from serving subpoenas on non-parties before exploring in due diligence whether the information can be obtained from other means, and/or from a party to the action." | Argumentative; lacks foundation; Best Evidence Rule; improper opinion testimony; improper legal conclusion (Fed. R. Evid. 701) |
| 8. | Parents Decl. ¶ 4, p. 2: "That plaintiff is a professional model, with proven earnings, who has appeared in public in all media for disclosed advertisers is no secret." | Argumentative; lacks foundation; Best Evidence Rule; irrelevant (Fed. R. Evid. 403) |
| 9. | Parents Decl. ¶ 4, p. 2-3: "It is in plaintiff's interest to establish such work record and earnings and thus | Argumentative; Best Evidence Rule; improper opinion testimony; irrelevant |

|     |     |     |
| --- | --- | --- |
|     | there is no reason why such relevant information could not and would not have been supplied by plaintiff on the proverbial 'silver platter'. We have nothing to hide and it is inconceivable to any rational attorney that we would want to 'hide' the very public work our daughter has performed as a professional model." | (Fed. R. Evid. 403, 701); hearsay (Fed. R. Evid. 802); lacks foundation; contradicted by Teen Model's refusal to respond to Brandy's written discovery propounded on 11/11/11 and failure to produce documents regarding Teen Model's modeling career |
| 10. | Parents Decl. ¶ 5, p. 3: "Counsel for Brandy & Melville should be required to contact the non-party and/or our attorneys prior to issuing a subpoena, and to attempt to determine if the issuance of a subpoena can be avoided. Counsel should be restricted from making prejudicial statements about our daughter in the requests for documents to be provided to non-parties." | Argumentative; lacks foundation; Best Evidence Rule; improper opinion testimony; improper legal conclusion (Fed. R. Evid. 701) |
| 11. | Parents Decl. ¶ 6, p. 3: "By serving Teen's clients which include but are not limited to the most prestigious names in the fashion industry such as Oscar de la Renta, Prada, Versace, Lanvin, Jason Wu, Louis Vittan, Dolce & Gabbanna, Ferragamo, Hermes and Gucci, counsel seeks to dissuade such clients from using Teen as a model in the future." | Argumentative; lacks foundation; Best Evidence Rule; improper opinion testimony (Fed. R. Evid. 701); false |
| 12. | Parents Decl. ¶ 6, p. 3: "Any information relevant to the within action can be obtained from use [sic], our agent, our attorneys or other innocuous means." | Argumentative; lacks foundation; Best Evidence Rule; improper opinion testimony; irrelevant (Fed. R. Evid. 403, 701); contradicted by Teen Model's and Next Management's refusal to respond to Brandy's written discovery and failure to produce their documents regarding Teen Model's modeling career |
| 13. | Parents Decl. ¶ 6, p. 3: "The tactics of counsel are aimed and calculated to cause financial damage and ruin plaintiff's career. Inexplicably, it appears that counsel for Brandy & Melville want to make matters worse — financially and otherwise. Counsel has not demonstrated any need for such an attack to obtain information and/or documents relevant to this lawsuit." | Same objections as No. 11 above. |
| 14. | Parents Decl. ¶ 7, p. 3: "Counsel represents a defendant who employed our daughter's photo without consent for its commercial benefit. It did not ask for consent." | Same objections as No. 10 above. |
| 15. | Parents Decl. ¶ 7, p. 3: "Counsel and his client continue to attack our daughter and our family via unnecessary and despicable means." | Same objections as No. 11 above. |

878181.1                                                         7

## DECLARATION OF EDWARD C. GREENBERG ("Greenberg Decl.")

**General Objection:**  Brandy objects generally to the entirety of the Greenberg Declaration, and each statement contained therein, on the grounds that it lacks foundation, is not relevant to the applicable legal standard, is conclusory, is argumentative, is misleading, and the declarant lacks personal knowledge of the matters stated.

**Specific Objections**:  Brandy provides the following specific objections to the Greenberg Declaration:

| NO. | EVIDENCE | OBJECTIONS |
|---|---|---|
| 16. | Greenberg Decl. ¶ 2, p. 1: "The New York Civil Rights Law Section 50 classifies such use as a misdemeanor. Section 51 sets forth the civil remedies inclusive of exemplary damages." | Irrelevant; argumentative (Fed. R. Evid. 403) |
| 17. | Greenberg Decl. ¶ 4, p. 2: "Your declarant confesses bewilderment. It is an essential element of the complaint that the acts of the defendants or one or more of them have and will in the future adversely affect the professional modeling career of TEEN. It is the duty of all parties to mitigate any damages that may flow as a result of commencing or not timely commencing a litigation." | Argumentative; improper legal conclusion; improper opinion testimony (Fed. R. Evid. 403, 701) |
| 18. | Greenberg Decl. ¶ 5, p. 2: "Candidly, it is in plaintiff's interest to demonstrate to defendants and to this Court that TEEN has substantial earning capacity and a public persona which has been/will be adversely affected by the acts complained of." | Argumentative |
| 19. | Greenberg Decl. ¶ 6, p. 2: "We sought to mitigate plaintiff's damages by inter alia, employing a pseudonym and requesting a protective order and the sealing of certain documents." | Argumentative; irrelevant (Fed. R. Evid. 403) |
| 20. | Greenberg Decl. ¶ 7, p. 2-3: "Counsel for defendant Brandy and Melville inexplicably served a staggering 47 subpoenas prior to any responsive discovery being served. As set forth in the accompanying Memorandum of Law, we received three gigantic envelopes containing the most expansive third party subpoenas your declarant has ever viewed and which freely employ TEEN's name. The entities served are/were TEEN's customers and clients as TEEN is a real, live, | False statement; Best Evidence Rule; argumentative |

| | | |
|---|---|---|
| | working teenager who actually has an income. That income results from her face and image being employed in association with products, services, publications and so on. Simply and bluntly, her image is her meal ticket." | |
| 21. | Greenberg Decl. ¶ 8, p. 3: "Inexplicably, counsel for defendant Brandy and Melville elects to give every entity served with one of its subpoenas an excellent reason not to ever hire TEEN again - employment now comes with a subpoena and attorneys fees. Additionally, TEEN's identity and the nature of the requested information about her personal behavior has now been effectively spread by countless individuals sans a protective order throughout the fashion, modeling and photography industries. Just how many people within the professional communities that work with, hire or could hire plaintiff who now are discussing TEEN's 'behavior' and her lawsuit is unknown. The professional fallout from the service of 47 subpoenas on 'everyone in the business' will not be able to be ascertained for some time." | Best Evidence Rule; lacks foundation; speculative; argumentative; misleading |
| 22. | Greenberg Decl. ¶ 9, p. 3-4: "Suffice for now that your declarant has spoken to about a dozen attorneys or principals of served parties who have either decided to support this motion (See Annexed Declarations of Faith Kates on behalf of Next Management, Gustavo Rangel on behalf of JWU, LLC, the email from Mr. Harley Lewin of McCarter & English, LLP on behalf of Diane Von Furstenberg Studio L.P. (see Exhibit "G"), and the objections on behalf of Oscar de la Renta (see Exhibit "E")), or are otherwise deciding on what legal course they will take with respect to subpoenas which they view in a similar light to that of plaintiff. Still others have contacted TEEN's agent, Next Models voicing "concerns" about being subpoenaed to produce information much of which they correctly assumed was readily in the possession of TEEN and/or Next." | Lacks foundation; Best Evidence Rule; hearsay (Fed. R. Evid. 802); argumentative |
| 23. | Greenberg Decl. ¶ 10, p. 4: "It is beyond our ken to believe that counsel for Brandy and Melville sought to make bad matters even worse, but service at this point in the litigation, pre-discovery of the referenced subpoenas without any warning, requesting documents unfathomable in scope upon TEEN's clients has done just that. A cacophony of | Lacks foundation; argumentative; Best Evidence Rule; improper legal conclusion; improper opinion testimony (Fed. R. Evid. 701) |

| | | |
|---|---|---|
| | telephone calls, attorney conferences, letters and this motion to help staunch the resulting damage have resulted" | |
| 24. | Greenberg Decl. ¶ 11, p. 4: "Assume that an attorney is sued in malpractice and his/her professional and personal reputation besmirched in the pleadings but sealed from public view by the Court. Without service of any responsive discovery (nor even an answer) the plaintiff without any warning or notice to opposing counsel, serves 47 subpoenas on defendant/ attorney's 47 best clients. The subpoenas identify the lawyer by name and then proceed to seek a veritable buffet of documents alluding or referencing alcohol, billing practices and so on. One need not wonder long as to whether the subject defendant/attorney will lose some or all of those clients. Defendant will have lots of explaining to do to those few who do not immediately seek legal counsel elsewhere. It is likely that word will spread quickly and the defendant/attorney's career severely damaged or ended. Should defendant find vindication at the end of a trial years later will be of little solace but perhaps he/she can get the damaged career up and running." | Argumentative; lacks foundation; Best Evidence Rule; improper opinion testimony (Fed. R. Evid. 701); speculative; contains false statements; misleading |
| 25. | Greenberg Decl. ¶ 12, p. 4-5: "TEEN model may not have any such options as her looks may change as do the tastes of the market. If her clients and others similarly situated choose not to hire her now because she comes with added expense due to subpoena compliance and lawyers, a very, promising career into which many have invested substantial sums may be over, permanently." | Argumentative; lacks foundation; Best Evidence Rule; improper opinion testimony (Fed. R. Evid. 701); speculative |
| 26. | Greenberg Decl. ¶ 13, p. 5: "Such information and documents could have (and will be) provided in the utterly normal course of discovery." | Argumentative; lacks foundation; Best Evidence Rule; improper legal conclusion; improper opinion testimony; irrelevant (Fed. R. Evid. 403, 701); speculative |
| 27. | Greenberg Decl. ¶ 13, p. 5: "What valid reason counsel for a single defendant could have in electing to instead proceed in a manner which effectively serves to damage TEEN's professional career in real dollars and her reputation to boot is unknown to your declarant." | Argumentative; lacks foundation; Best Evidence Rule; improper opinion testimony; irrelevant (Fed. R. Evid. 403, 701) |
| 28. | Greenberg Decl. ¶ 14, p. 5: "TEEN's Parents and TEEN's agent are all of the belief that Counsel's actions were calculated and are in retaliation for | Hearsay; lacks foundation; Best Evidence Rule; argumentative; improper opinion testimony (Fed. R. |

| | | |
|---|---|---|
| | TEEN's temerity to commence suit." | Evid. 701, 802) |
| 29. | Greenberg Decl. ¶ 14, p. 5: "Your declarant can offer no reasons to any of them which would point them to a different conclusion." | Lacks foundation; Best Evidence Rule; argumentative; improper opinion testimony (Fed. R. Evid. 701, 802) |
| 30. | Greenberg Decl. ¶ 14, p. 5: "That their child has become a victim yet again, is a belief strongly and understandably held by parents." | Hearsay; lacks foundation; Best Evidence Rule; argumentative; improper opinion testimony (Fed. R. Evid. 701, 802) |

### DECLARATION OF TAMARA L. LANNIN ("Lannin Decl.")

**General Objection:** Brandy objects generally to the entirety of the Lannin Declaration, and each statement contained therein, on the grounds that it lacks foundation, is not relevant to the applicable legal standard, is conclusory, is argumentative, is misleading, and the declarant lacks personal knowledge of the matters stated. Additionally, statements made on "information and belief" lack foundation, are not statements of personal knowledge, and are hearsay.

**Specific Objections**: Brandy provides the following specific objections to the Lannin Declaration:

| NO. | EVIDENCE | OBJECTIONS |
|---|---|---|
| 1. | Lannin Decl. ¶ 4, p. 1: "Annexed hereto as Exhibit 'A' is a true and correct copy of Federal Rule of Civil Procedure 45(c), as well as the Notes of the Advisory Committee on Rules, which directly pertain to F.R.C.P. 45(c)." | Argumentative; irrelevant (Fed. R. Evid. 403) |
| 2. | Lannin Decl. ¶ 5, p. 1-3: "Annexed hereto as Exhibit 'B' are true and correct copies of thirty-nine subpoenas for the production of documents, which were received by our law office via mail, from Mr. Charles Harder of Wolf Rifkin Schulman Shapiro & Rabkin, LLP, counsel for defendant Brandy & Melville N.Y. Inc., along with notices of the issuance and service of same on thirty-nine non-parties." | Misleading and misstates the facts (The documents attached as Exhibit "B" to the Lannin Decl. do not include notices of service of the subpoenas on the non-parties to which each of the subpoenas were issued. Subpoenas were separately served on the third-party recipients by **certified** mail or personal service *after* notice of issuance was served on the parties to the action); argumentative |
| 3. | Lannin Decl. ¶ 6, p. 3-4: "Annexed hereto as Exhibit 'C' are true and correct copies of three subpoenas for the production of documents, which were received by our law office via mail, from Mr. | Same objections as No. 2 above. |

878181.1                                              11

| | | |
|---|---|---|
| | Charles Harder of Wolf Rifkin Schulman Shapiro & Rabkin, LLP, counsel for defendant Brandy & Melville N.Y. Inc., along with notices of the issuance and service of same on three non-parties." | |
| 4. | Lannin Decl. ¶ 7, p. 4: "Annexed hereto as Exhibit 'D' are true and correct copies of five Subpoenas to Take Deposition(s), which were received by our law office via mail, from Mr. Charles Harder of Wolf Rifkin Schulman Shapiro & Rabkin, LLP, counsel for defendant Brandy & Melville N.Y. Inc., along with notices of the issuance and service of same on the following, for the former two of which are non-parties." | Same objections as No. 2 above.  Also: argumentative; misstates the facts (Plaintiff and her parents were not subpoenaed, because they are parties to the action, and the notices of their depositions are not relevant to Plaintiff's motion to quash); irrelevant (Fed. R. Evid. 403) |
| 5. | Lannin Decl., Exhibit "G" | Best Evidence Rule; hearsay (Fed. R. Evid. 802) |

For all of the foregoing reasons, Brandy respectfully requests that the Court sustain Brandy's objections and strike the above-referenced evidence.

Dated:  Los Angeles, California
       December 16, 2011

Respectfully submitted,

/s/
By: _____
   Charles J. Harder *(pro hac vice)*
WOLF, RIFKIN, SHAPIRO, SCHULMAN & RABKIN, LLP
11400 W. Olympic Blvd., Ninth Floor
Los Angeles, California  90064
Tel: (310) 478-4100 x255
Fax: (310) 479-1422
Email: CHarder@WRSlawyers.com
*Attorneys for Brandy & Melville N.Y., Inc.*

*Of Counsel*
Tom J. Ferber
M. Mona Simonian
PRYOR CASHMAN LLP
7 Times Square
New York, NY  10036
Tel: (212) 421-4100
Fax: (212) 326-0806
tferber@pryorcashman.com
msimonian@pryorcashman.com
*Attorneys for Brandy & Melville N.Y., Inc.*