UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TEEN MODEL (a minor), by her parents, PARENTS,<br><br>　　　　　　　　　Plaintiffs,<br><br>　　　v.<br><br>JASON LEE PARRY,<br>BLOOD IS THE NEW BLACK,<br>URBAN OUTFITTERS, INC., and<br>BRANDY & MELVILLE N.Y. INC.,<br><br>　　　　　　　　　Defendants. | 11 CIV. 5766 (GBD)<br><br>**DECLARATION OF CHARLES J. HARDER IN SUPPORT OF BRANDY & MELVILLE NY INC.'S OPPOSITION TO MOTION TO QUASH CERTAIN SUBPOENAS** |

　　　　**CHARLES J. HARDER**, hereby declares, under penalty of perjury pursuant to the laws of the United States, as follows:

　　　　1.　　I am an attorney at law duly licensed to practice in all courts of the State of California. I make this declaration based on my own personal knowledge, and if called and sworn as a witness, I could and would consistently testify hereto.

　　　　2.　　I am a partner of the law firm of Wolf, Rifkin, Shapiro, Schulman & Rabkin, LLP, counsel of record, admitted *pro hac vice*, for defendant Brandy & Melville NY Inc. ("Brandy").

　　　　3.　　Attached hereto as **Exhibit A** is a true copy of an email addressed to me from Edward C. Greenberg, counsel for plaintiff Teen Model ("Plaintiff") on November 30, 2011, requesting that Brandy withdraw its subpoenas.

　　　　4.　　Attached hereto as **Exhibit B** is a true copy of my initial response to Mr. Greenberg's November 30, 2011 email.

880581.1　　　　　　　　　　　　　　　　　　1

5. Attached hereto as **Exhibit C** is a true copy of Mr. Greenberg's second email addressed to me dated November 30, 2011 regarding the subpoenas.

6. Attached hereto as **Exhibit D** is a true copy of my December 1, 2011 letter addressed to Mr. Greenberg responding to his arguments regarding the subpoenas.

7. On November 8, 2011, during a hearing in this case, I asked the Court "Are we free to propound written discovery at this point?" The Court responded: "You're free to engage in full-blown discovery at this point. Both sides. . . . yes, at this point, you should go ahead and propound all your discovery requests and be prepared to answer all discovery requests, okay?"

8. On November 9, 2011, one day after the hearing, Mr. Greenberg sent an email to defense counsel stating: "The judge again was crystal clear that ... discovery was to proceed unless he executed an order staying same."

9. On November 11, 2011 (three days after the hearing and two days after Mr. Greenberg's email referenced immediately above), my messenger hand-served Plaintiff's counsel with one set each of Rule 34 Request for Production of Documents, interrogatories, and requests for admission (collectively, the "Discovery"). On November 15, 2011, Plaintiff's counsel purported to "return" the Discovery to Brandy's local counsel in New York, claiming that had been served prematurely (acting as though the Court had not authorized the parties three days earlier to commence discovery). I sent several emails to Plaintiff's counsel requesting that Plaintiff withdraw her refusal to respond to the Discovery, and to confirm that Plaintiff would comply with her discovery obligations to provide written responses and responsive documents by the 30-day statutory deadline of December 12, 2011. Plaintiff's counsel repeatedly rejected my requests. Therefore, I then sent a letter to the Court on November 16, 2011, advising the Court of Plaintiff's improper discovery practices, and requesting appropriate action. A true copy of my

November 16, 2011 letter, with all enclosure (relevant excerpt from the 11/8/11 hearing transcript and related communications between counsel) is attached hereto as **Exhibit E**.

10. Plaintiff's 30-day deadline to respond to the Discovery, and produce documents pursuant to Rule 34, was December 12, 2011. Plaintiff did not provide any written responses by that date, including any objections. Accordingly, Plaintiff has waived all objections to the written discovery (other than the one objection that it was supposedly "premature.") Separately, Plaintiff's deadline pursuant to Rule 26(a)(1)(A)(ii) to identify and produce all documents in her possession, custody and control, supporting her claims, was December 2, 2011 – two weeks ago. **To date, not a single document has been produced or identified by Plaintiff**, pursuant to Rule 26(a), or Rule 34, or otherwise. I sent a meet and confer letter to Plaintiff's counsel on December 14, 2011, a true copy of which is attached hereto as **Exhibit F**. Brandy will be asking the Court, in a separate letter, for a pre-motion conference to request an order that Plaintiff serve full and complete written responses, without objection, to all of the Discovery, and to produce all documents in her possession, custody and control responsive to the Rule 34 request, without objection, and pursuant to Rule 26(a)(1)(A)(ii).

EXECUTED: Los Angeles, California
December 16, 2011

_[signature]_

CHARLES J. HARDER