UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X   11-CV-5766 (GBD)
TEEN MODEL (a minor), by her parents, PARENTS,

                  Plaintiffs,

                                                                        **DECLARATION IN**
                                                                            **PARTIAL OPPOSITION**
                                                                            **TO PLAINTIFF'S MOTION**
                -against-                                          **TO QUASH SUBPOENAS**

JASON LEE PARRY, BLOOD IS THE NEW BLACK,
URBAN OUTFITTERS, INC., and BRANDY &
MELVILLE N.Y. INC.,

                  Defendants.
------------------------------------------------------------------------X

      WARREN S. KOSTER, pursuant to 28 USC § 1746, declares under penalty of perjury, that the following is true based upon his personal knowledge and review of the file in this action:

      1. I am a member of the law firm of Callan, Koster, Brady & Brennan, LLP, attorneys for defendant URBAN OUTFITTERS, INC. ("Urban Outfitters") in the above-entitled action. I am fully familiar with the facts and circumstances of this case based on a review of the file materials maintained in this office.

      2. This declaration is submitted in partial opposition to plaintiff's Motion to Quash Certain Subpoenas. Urban Outfitters takes no position with respect to plaintiff's prayer for relief seeking to quash or modify certain subpoenas served on nonparties by co-defendant Brandy & Melville.

      3. Urban Outfitters does take issue with plaintiff's motion to the extent that plaintiff seeks "a protective order preventing *any counsel in this action* from: a) issuing non-party subpoenas without first seeking to obtain the identities of non-parties who are

likely to have admissible evidence, and the scope of such evidence; b) issuing subpoenas without first seeking to obviate the need for such subpoenas; and c) issuing subpoenas to take depositions without first having consulted with the proposed deponent with respect to location, date(s) and time(s)." See, Plaintiff's Memorandum of Law at 25 (emphasis added). Plaintiff's motion fails to set forth any basis for a protective order as against all defendants that would limit discovery rights which would be otherwise available under the Federal Rules of Civil Procedure.

4. The "party seeking a protective order has the burden of showing that good cause exists for issuance of that order". Conopco, Inc. v. Wein, 05 Civ. 9899 (RCC) (THK), 2007 U.S. Dist. LEXIS 27339, at *4 (S.D.N.Y., April 3, 2007)(quoting Gambale v. Deutsche Bank AG, 377 F.3d 133 (2d Cir. 2004)). The only basis articulated for the broad protective order proposed is plaintiff's belief that codefendant Brandy & Melville's nonparty subpoenas were served without a good faith basis. However, Urban Outfitters has yet to serve any party or nonparty with any discovery demands in this action to date. Despite this fact, plaintiff seeks to transform what is a limited discovery dispute with codefendant into an opportunity to circumscribe the avenues of discovery available to all defendants. Plainly, plaintiff's motion fails to establish good cause for such a broad protective order as against all defendants.

**WHEREFORE**, it is respectfully requested that plaintiff's motion be denied to the extent that it seeks a protective order preventing any counsel in this action from: a) issuing non-party subpoenas without first seeking to obtain the identities of non-parties who are likely to have admissible evidence, and the scope of such evidence; b) issuing subpoenas without first seeking to obviate the need for such subpoenas; and c) issuing

subpoenas to take depositions without first having consulted with the proposed deponent with respect to location, date(s) and time(s).

Dated:  New York, New York
        December 21, 2011

                  _____/s/_____
                  WARREN S. KOSTER (WSK-6753)