IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TEEN MODEL (a minor), by her parents, PARENTS,<br><br>               Plaintiffs,<br><br>   -against-<br><br>JASON LEE PARRY, BLOOD IS THE NEW BLACK, URBAN OUTFITTERS, INC., and BRANDY & MELVILLE N.Y. INC.,<br><br>              Defendants. | Civ. Act. No.: 11CV5766 (GBD) |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT EST. 1844, LLC DBA BLOOD IS THE NEW BLACK'S
MOTION TO STRIKE PORTIONS OF FIRST AMENDED COMPLAINT**

James J.S. Holmes, admitted *pro hac vice*
Kanika D. Corley, admitted *pro hac vice*
SEDGWICK LLP
801 S. Figueroa Street, 19th Floor
Los Angeles, California 90017
Telephone:    (213) 426-6900
Facsimile:    (213) 426-6921
Email:  james.holmes@sedgwicklaw.com
Email:  kanika.corley@sedgwicklaw.com

Jessika J. Moon (JM-3108)
SEDGWICK LLP
125 Broad Street, 39th Floor
New York, New York 10004-2400
(212) 422-0202 Telephone
(212) 422-0925 Facsimile
Email:  Jessika.moon@sedgwicklaw.com

Attorneys for Defendant,
EST. 1844, LLC dba BLOOD IS THE NEW BLACK

## I.    INTRODUCTION

Not only is Rule 12(f) an appropriate remedy for the striking of any redundant, immaterial, impertinent, or scandalous matter, but it also is designed to reinforce the requirement in Rule 8(e) that pleadings be simple, concise, and direct.  (*See, In re Merrill Lynch & Co. Research Reports Sec. Litig.,* 218 FRD 76, 78 (2003, S.D.N.Y.).  With 395 paragraphs spanning 70 pages, plaintiffs' First Amended Complaint ("FAC") is filled with irrelevant matters, inflammatory descriptions, and vulgar, repetitive imagery – all intended to ridicule and disparage the characters of the defendants, including defendant Est. 1844, LLC dba Blood is the New Black ("BITNB").

## II.    ARGUMENT

### A. The "Facts Common to All Counts" Are Both Immaterial and Prejudicial and, Therefore, Should be Stricken

The allegations that BITNB seeks to strike from the FAC are immaterial to the claims for relief alleged by plaintiffs.  Beyond their lack of relevancy, the allegations are highly prejudicial to BITNB.  Courts have found allegations to be prejudicial when they are "amorphous, unspecific and cannot be defended against" and where the allegations, if publicized, "harm [the defendant] in the public eye and could influence prospective jury members."  *G-I Holdings, Inc. v. Baron & Budd,* 238 F.Supp.2d 521, 556 (S.D.N.Y. 2002).  As such, the allegations sought to be stricken by BITNB are the very definition of "prejudicial."

When read as a whole, the allegations – none of which are material to the claims at issue – portray BITNB as a business with indecent, immoral, vile, and even criminal motives.  To be sure, BITNB has already suffered public ridicule, embarrassment, and hatred as a result of the inflammatory allegations, and will suffer even greater prejudice if the allegations are not stricken

from the FAC.  "[A]llegations may be stricken if they have no real bearing on the case, will likely prejudice the movant, or where they have criminal overtones."  *G-I Holdings, Inc., supra,* 238 F.Supp.2d at 555.

- **¶¶ 41, 49, 98, 105, 363, 380:** According to plaintiffs, these allegations provide "accurate descriptions of the image, describe the offensive nature of the images of a minor, and describe the alleged harm to Teen caused by the unauthorized publication of same." [Opposition, p. 3.]  While phrases such as "spread eagle position" (*See,* ¶ 41), "with her legs spread and/or without a shirt or bra . . . provides wallpaper for the likes of pedophiles and other adults with an unnatural attraction to underage children" (*See,* ¶ 98) and "prurient image of a female child . . . with her crotch area as the focal point of the image, and displaying what some observers believe to be pubic hair" (*See,* ¶ 105) may, *in the plaintiffs' view,* provide an "accurate description" of the image, such imagery is unnecessarily graphic, lewd, impertinent, and unduly prejudicial to BITNB.  Further, and perhaps more importantly, these allegations have no substantial relation to the controversy between the parties, i.e., whether the images were used, without consent, on apparel sold publically for commercial gain.  Because these allegations are both irrelevant and prejudicial, they should be stricken.

- **¶¶ 36, 38, 48, 91, 97, 105, 171, 363, 380, 390:** Plaintiffs contend that these allegations – all of which make reference to the purportedly visible "pubic hair" in the subject image – are "accurate descriptions of the image and video and go to the offensive nature of the images, which are of a minor." [Opposition, p. 3.]  Even if true, plaintiffs' repeated use of the phrase "pubic hair" is entirely redundant and unnecessary.  The visibility, or not, of Teen's "pubic hair" has no substantial relation to the claims at issue.  And, the repetitive

nature in which the phrase is used can only be for the purpose of provoking shame and ridicule upon BITNB.

- **¶¶ 178, 179:** These allegations relate to Mitra Khayyam's alleged nomination for "Entrepreneur of the Year" and BITNB's alleged participation in a promotional video used for campaign purposes in connection with the Contest.  They contain no substantive value, and should be stricken.

- **¶¶ 221, 222, 223:** These allegations, which purportedly describe BITNB's "practice of publishing controversial and offensive apparel," are inflammatory, immaterial, and prejudicial.  Plaintiffs provide a dark characterization of BITNB, alleging that its apparel concerns the topics of "sex, money, alcohol, drugs, underage rebellion, physical abuse, and the binding and gagging of women via chains or other objects." (*See,* ¶ 221)  In an effort to generate resentment, plaintiffs allege that "BITNB has faced public scrutiny for selling a t-shirt which depicted abound and restrained female . . . referred to in the press as '**rape chic'** (emphasized in original) (*See,* ¶ 222).  Plaintiffs then express their opinion that "causing controversy and/or offending certain groups both in the United States and abroad has virtually become a marketing tool of BITNB."  (*See,* ¶ 223). These allegations are false, misleading, and contemptible.  They are included in the FAC for the spiteful purpose of prejudicing and influencing the public, including potential jurors.  BITNB should not be forced to defend against plaintiffs' amorphous opinions that bear no relevance to the issues in this case.

- **¶¶ 243, 244, 245:** Plaintiffs claim that these allegations describe the "heightened level of scrutiny with which defendants should have possessed and exercised."  [Opposition, p. 4.]   While plaintiffs may have an opinion regarding the "custom and practice of

companies licensing intellectual property" (*See,* ¶ 245), their opinion has no place in an initial pleading.  The allegations do not represent an essential element of any of the claims for relief asserted by plaintiffs; rather, these statements are more appropriately left for closing argument at trial.  Beyond that, plaintiffs deliberately include a litany of graphic phrases in these allegations that are wholly unnecessary and irrelevant, e.g., "nudity, abuse, sexually transmitted diseases, herpes, sexually explicit materials, illegal activities, unethical behavior, communicable diseases."  (*See,* ¶ 244)  These allegations are prejudicial to BITNB and should, therefore, be stricken.

- **¶¶ 246, 247, 248, 249, 253:** Plaintiffs argue that these allegations are necessary because they establish "reckless disregard" on the part of BITNB.  In fact, they are redundant and scurrilous.  Again, allegations that BITNB exploited "a child in a salacious and sexually provocative pose" and/or "promot[ed] or glorif[ied] the consumption of beer by minors" are quite obviously included in the FAC to harm BITNB's image in the public eye, and not for any legitimate purpose.  A "short and plain statement of the claim showing that the pleader is entitled to relief," is all that is required. (Fed. R. Civ. Proc. 8(a)(2).)

## B. BITNB Has Both Standing and Sufficient Grounds to Move to Strike all Allegations Contained in the "Facts Common to All Counts" Section

Without citation to any authority, plaintiffs argue that BITNB lacks standing to move to strike an allegation that does not pertain to it.  As a threshold matter, each of plaintiffs' five claims for relief is asserted against BITNB.  The allegations contained in the "Facts Common To All Counts" form the basis of plaintiffs' claims for relief against BITNB and, as such, are relevant to BITNB.  Further, Rule 12(f) provides that, acting on its own or "on motion made by a party," the Court may strike from a pleading any "rredundant, immaterial, impertinent, or scandalous matter." (Fed. R. Civ. Proc. 12(f).)  The plain language of Rule 12(f) reveals that

there is no "standing" barrier to the filing of such a motion.

- **¶¶ 25, 32, 183, 185, 186, 193, 196:** These allegations relate to Jason Lee Parry's website and, according to plaintiffs, are relevant because they pertain to the manner in which Parry published Teen's image. [Opposition, p. 5.] Plaintiffs' characterization of Parry's work as being "out of mainstream," "unsuitable for publication in most general circulation magazines," involving a "dystopian world of sexually suggestive situations . . . bleeding from the nose as if suffering from cocaine or methamphetamine adduction or having been physically abused, and in otherwise salacious vignettes" is vulgar, impertinent, and highly prejudicial. Plaintiffs allege that BITNB engaged in a business relationship with Parry, and that the "BITNB/PARRY Apparel was created, at least in part, to build PARRY's name as a recognizable consumer brand." (*See,* ¶¶ 74 and 79) Consequently, the vulgar allegations directed at Parry's work are most certainly prejudicial to BITNB.

- **¶¶ 187, 188, 189, 190, 191, 192, 196:** These allegations offer a dark depiction of Parry's website, ending with plaintiffs' ultimate impression that "the total concept, feel and impression left upon an observer viewing PARRY's website is that of revulsion due to its offensive nature." (*See,* ¶ 196.) As with the previous grouping, these vulgar and impertinent allegations should be stricken, as they result in prejudice to BITNB.

- **¶¶ 43, 50, 173:** These allegations accuse Parry of being in "possible violation" of various criminal statutes. Even if true, these allegations do not constitute any element of the claims at issue and, therefore, should be stricken. (*See, Morse v. Weingarten,* 777 F. Supp. 312, 319 (S.D.N.Y. 1991) (striking references to defendant's prior criminal conviction because it did not remotely bear on the merits of the case and "serve[d] no

purpose except to inflame the reader").

- **¶ 174:** This allegation refers to the "BITNB/PARRY promotional video" and apparently "describes the scene which immediately precedes a close-up of Offending Image C." [Opposition, p. 5.]  For all of the reasons discussed herein, this allegation too should be stricken.

- **¶ 217:** Under the guise of Urban Outfitter's "history with legal controversies," this allegation is nothing more than an inflammatory compilation of unsubstantiated and irrelevant claims.  Because of the alleged business relationship between BITNB and Urban Outfitters (*See,* ¶ 100), this allegation serves to prejudice BITNB.

### C. The Redundant, Disturbing, and Immaterial Allegations Contained in Plaintiffs' Claim for Relief for Violation of § 43(a) of the Lanham Act, Libel, and Libel Per Se Should be Stricken

In an effort to justify their repeated use of dark and pedophiliac descriptions of irrelevant matters, plaintiffs again characterize these allegations as "accurate descriptions of the images." [Opposition, p. 6.]  Regardless of whether plaintiffs, in fact, believe these allegations constitute "accurate descriptions," there can be no denying that their choice of words – "intentionally posing in a way to make her crotch the focal point of imagery," (*See,* ¶ 380) "young females binge drinking, acting in a highly sexualized manner, and exposing their breasts to cameras," (*See,* ¶ 390) and "apparently naked females with blood dripping down their noses," (*See,* ¶ 372) among many others – is inflammatory, wholly unnecessary, and highly prejudicial to BITNB. The Court is well within its discretion to strike these impertinent, scurrilous allegations.

/ / /

/ / /

## III.    CONCLUSION

For the foregoing reasons, defendant BITNB respectfully requests that, pursuant to Federal Rule of Civil Procedure 12(f), this Court strike the allegations of plaintiffs' First Amended Complaint set forth in BITNB's moving papers.

Dated: January 31, 2012                    Respectfully Submitted,


__/s/ Kanika D. Corley_____
James J.S. Holmes, admitted *pro hac vice*
Kanika D. Corley, admitted *pro hac vice*
SEDGWICK LLP
801 S. Figueroa Street, 19th Floor
Los Angeles, California 90017
Telephone:    (213) 426-6900
Facsimile:    (213) 426-6921
Email:  james.holmes@sedgwicklaw.com
Email:  kanika.corley@sedgwicklaw.com

Jessika J. Moon (JM-3108)
SEDGWICK LLP
125 Broad Street, 39th Floor
New York, New York 10004-2400
(212) 422-0202 Telephone
(212) 422-0925 Facsimile
Email:  Jessika.moon@sedgwicklaw.com

Attorneys for Defendant,
EST. 1844, LLC dba BLOOD IS THE NEW BLACK