IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TEEN MODEL (a minor), by her parents, PARENTS,<br><br>      Plaintiffs,<br><br>  -against-<br><br>JASON LEE PARRY, BLOOD IS THE NEW BLACK, UBAN OUTFITTERS, INC., and BRANDY & MELVILLE N.Y. INC.,<br><br>      Defendants. | Civ. Act. No.: 11CV5766 (GBD) |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT EST. 1844, LLC DBA BLOOD IS THE NEW BLACK'S
MOTION TO DISMISS THIRD CLAIM FOR RELIEF**

        James J.S. Holmes, admitted *pro hac vice*
        Kanika D. Corley, admitted *pro hac vice*
        SEDGWICK LLP
        801 S. Figueroa Street, 19th Floor
        Los Angeles, California 90017
        Telephone: (213) 426-6900
        Facsimile: (213) 426-6921
        Email: james.holmes@sedgwicklaw.com
        Email: kanika.corley@sedgwicklaw.com

        Jessika J. Moon (JM-3108)
        SEDGWICK LLP
        125 Broad Street, 39th Floor
        New York, New York 10004-2400
        (212) 422-0202 Telephone
        (212) 422-0925 Facsimile
        Email: Jessika.moon@sedgwicklaw.com

        Attorneys for Defendant,
        EST. 1844, LLC dba BLOOD IS THE NEW BLACK

## I. INTRODUCTION

Plaintiffs' third claim for relief, asserting a violation of New York Civil Rights Law §§ 50 and 51, is based upon the allegedly unauthorized use by defendant Est. 1844, LLC dba Blood is the New Black ("BITNB") of an unidentified "additional image." Though, subsequent to the filing of her First Amended Complaint ("FAC"), plaintiffs now claim to have ascertained the identity of "at least one of the additional images of plaintiff which were employed by BITNB," this newly-ascertained information was not included in her FAC and, therefore, cannot be used to prevent dismissal.

## II. ARGUMENT

### A. The Alleged Use of a Specific Image is an Essential Element of Plaintiffs' Third Claim for Relief

Plaintiffs' privacy claim against BITNB is based solely upon its alleged use of an "Unknown Additional Image." [See Amended Complaint, paras. 47 – 54 and 327 – 346.] Despite their admission that the "details of such use . . . are as yet unknown" [Opposition, p. 2], plaintiffs argue that they have sufficiently alleged that BITNB employed Teen's image, portrait, or likeness, as required under Civil Rights Law §§ 50 and 51. What is conspicuously missing, however, is the *factual support* for this allegation, i.e., reference to the specific image actually used by BITNB.

Where one seeks to maintain an action under a statute, "his complaint must allege every fact requisite to enable the court to judge whether he has a cause of action arising under the statute." *City of New Rochelle v. Echo Bay Waterfront Corp.,* 268 App.Div. 182, 185, 49 N.Y.S.2d 673, 676. And, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'shown' – that the pleader is entitled to relief." *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1950 (2009)

(*citing* Fed. R. Civ. P. 8(a)(2)).  As such, in order to survive a Rule 12(b)(6) motion to dismiss, the complaint must give the defendant fair notice of the claim, as well as the grounds upon which it rests.  (*See, Conley v. Gibson,* 335 U.S. 41, 47 (1957)).

As noted in BITNB's moving papers, Civil Rights Law §§ 50 and 51 are to be construed narrowly.  *See, Rand v. Hearst Corp.,* 31 A.D.2d 406, 298 N.Y.S.2d 405, 410 (1st Dep't 1969), *aff'd,* 26 N.Y.2d 806, 309 N.Y.S.2d 348, 257 N.E.2d 895 (Ct.App.1970).  Consequently, when alleging violation of these statutes, a plaintiff must plead facts adequate to establish the defendant's improper use of that individual's "name, portrait, picture or voice."  Here, plaintiffs' failure to allege BITNB's actual use of a *specific image* constitutes a failure to allege an essential element of their third claim for relief.

### B. Plaintiffs' Attempted Reliance Upon Newly-Discovered Information Does Not Salvage Their Third Claim for Relief

In a misguided attempt to prove that the vague allegations supporting their privacy claim are based in fact, plaintiffs spend the bulk of their Opposition discussing newly-discovered information revealing "the identity of at least one of the additional images of plaintiff which were employed by BITNB . . .."  [Opposition, p. 2.]  Toward that end, plaintiffs direct the Court to Image "9," noting that this image was referenced in their FAC as a "potential additional image."  [Opposition, p. 2.]  Even so, plaintiffs' ambiguous reference to a "potential additional image" falls short of the required facts needed to plead liability under §§ 50 and 51.

Ultimately, the Court should not confuse the present state of plaintiffs' knowledge with the conclusory allegations set forth in her FAC.  Any new information gleaned by plaintiffs via discovery is irrelevant to the Court's analysis of whether plaintiffs' third claim for relief alleges facts sufficient to survive a Rule 12(b)(6) motion to dismiss.

### III. CONCLUSION

For the foregoing reasons, defendant BITNB respectfully requests that this Court dismiss the third claim for relief in plaintiffs' First Amended Complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).

Dated: January 31, 2012                    Respectfully Submitted,


   /s/ Kanika D. Corley
James J.S. Holmes, admitted *pro hac vice*
Kanika D. Corley, admitted *pro hac vice*
SEDGWICK LLP
801 S. Figueroa Street, 19th Floor
Los Angeles, California 90017
Telephone:    (213) 426-6900
Facsimile:    (213) 426-6921
Email:  james.holmes@sedgwicklaw.com
Email:  kanika.corley@sedgwicklaw.com

Jessika J. Moon (JM-3108)
SEDGWICK LLP
125 Broad Street, 39th Floor
New York, New York 10004-2400
(212) 422-0202 Telephone
(212) 422-0925 Facsimile
Email:  Jessika.moon@sedgwicklaw.com

Attorneys for Defendant,
EST. 1844, LLC dba BLOOD IS THE NEW BLACK