UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TEEN MODEL (a minor), by her parents, PARENTS, <br><br> Plaintiffs, <br><br> -against- <br><br> JASON LEE PARRY, BLOOD IS THE NEW BLACK, URBAN OUTFITTERS, INC., and BRANDY & MELVILLE N.Y. INC. <br><br> Defendants. | Civil Action No.:  11 CIV 5766 |

---

## DEFENDANT JASON LEE PARRY'S REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

---

**FOLEY & LARDNER LLP**
Akiva M. Cohen
acohen@foley.com
90 Park Avenue
New York, NY 10016
(212) 682-7474

*Attorney For Defendant Jason Lee Parry*

# <u>TABLE OF CONTENTS</u>

I.     INTRODUCTION ............................................................................................... 1

II.    NEW YORK LACKS PERSONAL JURISDICTION OVER MR. PARRY.................... 2

     A.    There Is No General Jurisdiction Over Mr. Parry In New York And Plaintiffs' Agency Arguments Fail As A Matter of Law........................................ 2

          1.    Selected Talent Was Engaged After the Complaint Was Filed ................. 3

          2.    Mr. Parry's Agent Was Located In Los Angeles ........................................ 3

          3.    Plaintiffs' Agency Arguments Fail As A Matter of Law............................ 4

          4.    The Internet Sources Relied Upon By Plaintiffs Are Insufficient ............. 4

     B.    There Is No Specific Jurisdiction Over Mr. Parry In New York ........................... 5

          1.    Mr. Parry Did Not Transact Business Within New York ........................... 5

          2.    Mr. Parry Did Not Commit A Tortious Act In New York.......................... 8

          3.    Mr. Parry Does Not Meet The Requirements To Find Jurisdiction For A  Tort Committed Outside New York ................................................ 8

III.    PERSONAL JURISDICTION VIOLATES MR. PARRY'S DUE PROCESS RIGHTS…………………………………………………………………………10

IV.    CONCLUSION ............................................................................................... 10

## TABLE OF AUTHORITIES

CASES

*Asahi Metal Industry Co., Ltd. v. Sup. Ct. of California*,
   480 U.S. 102 (1987)................................................................................................10

*Beatie & Osborn LLP v. Patriot Sci. Corp.*,
   431 F.Supp.2d 367 (S.D.N.Y. 2006)..................................................................4, 6

*Burger King Corp. v Rudzewicz*,
   471 U.S. 462 (1985)................................................................................................10

*Cacchillo v. Insmed Inc.*,
   1:10-CV-01199 TJM, --- F.Supp.2d ----, 2011 WL 2600611 (N.D.N.Y. June 29,
   2011) ..........................................................................................................................4

*Energy Brands Inc. v. Spiritual Brands, Inc.*,
   571 F.Supp.2d 458 (S.D.N.Y. 2008)..................................................................4-5

*Greco v. Ulmer & Berne LLP*,
   879 N.Y.S.2d 885 (2009)..........................................................................................7

*J. McIntyre Machinery, Ltd. v. Nicastro*,
   --- U.S. ----, 131 S.Ct. 2780 (2011) ......................................................................6

*Jacobs v. Felix Bloch Erben Verlag Fur Buhne Film Und Funk KG*,
   160 F.Supp.2d 722 (S.D.N.Y. 2001)..................................................................2, 5

*Kernan v. Kurz-Hastings, Inc.*,
   175 F.3d 236 (2d. Cir. 1999)....................................................................................2

*Klinghoffer v. S.N.C. Achille Lauro Ed Altri-Gestione Motonave Achille Lauro in
   Amministrazione Straordinaria*,
   937 F.2d 44 (2d Cir. 1991)......................................................................................3

*Molozanov v. Quantum Telecomms. Ltd.*,
   No. 05 Civ. 5270(NRB), 2006 WL 897206 (S.D.N.Y. Apr. 6, 2006) ......................5

*Olympus Am. V. Fujinon, Inc.*,
   779 N.Y.S.2d 184 (2004)..........................................................................................7

*Simon v. Time Warner Cable, Inc.*,
   2010 N.Y. Slip Op. 51824U (N.Y. Sup. Ct. 2010) ............................................9-10

*Whitaker v. American Telecasting, Inc.*,
   261 F.3d 196 (2d Cir. 2001)....................................................................................2

*Wiwa v. Royal Dutch Petroleum Co.*, 226 F.3d 88, 94 (2d Cir. 2000)) ..........................4

## I. **INTRODUCTION**

In his motion, defendant Jason Lee Parry ("Mr. Parry") showed that New York does not have personal jurisdiction over him.  In their Opposition, Plaintiffs rely heavily upon Mr. Parry's arrangement with a talent agency in New York called Selected Talent (Opp. at pp. 8-10).  But under New York law, only the defendant's contacts with the forum state *at the time the lawsuit was filed* are relevant.  Ignoring this black letter rule, Plaintiffs spend considerable time discussing this New York based talent agency, in an attempt to establish personal jurisdiction over Mr. Parry while failing to point out to the Court that Mr. Parry started working with Selected Talent *after* Plaintiffs filed their Complaint.  Many of the activities Plaintiffs rely on in an attempt to establish jurisdiction occurred *after* Plaintiffs filed their Complaint and therefore are legally irrelevant for purposes of this Court finding personal jurisdiction over Mr. Parry.

The talent agency representing Mr. Parry both at the time of the incidents and when Plaintiffs filed the Complaint in August 2011, Current Studio LA, was located in Los Angeles.  Moreover, Mr. Parry was not the primary source of employment for either talent agent and Mr. Parry did not exercise control over the other defendants in this matter, which are important factors for the agency analysis required under New York law.  The core facts underlying Mr. Parry's motion are uncontested and require dismissal for lack of personal jurisdiction: (1) all of his activities in connection with the other defendants and the shirts at issue in this matter occurred in California; (2) he neither distributed shirts, nor offered shirts for sale, nor made sales of shirts; and (3) his photographs of TEEN MODEL were taken in California.  Mr. Parry did not engage in any continuous and permanent business activity in New York and did not engage in business transactions in New York that could give rise to personal jurisdiction over Mr. Parry.  Accordingly, the Complaint against him should be dismissed for lack of personal jurisdiction.

## II.     <u>NEW YORK LACKS PERSONAL JURISDICTION OVER MR. PARRY</u>

In a motion to dismiss for lack of personal jurisdiction, it is not the defendant who burden the burden of persuasion but instead it is "the plaintiff [who] bears the burden of showing that the court has jurisdiction over the defendant." *Kernan v. Kurz-Hastings, Inc.*, 175 F.3d 236, 240 (2d. Cir. 1999) (internal citations omitted).  Although facts are to be construed in the light most favorable to the plaintiff, the plaintiff still must carry its burden "by pleading in good faith… legally sufficient allegations of jurisdiction, i.e., by making a 'prima facie showing' of jurisdiction." *Whitaker v. American Telecasting, Inc.*, 261 F.3d 196, 208 (2d Cir. 2001).

Here, Plaintiffs have pled no facts that can give rise to a prima facie showing.  Plaintiffs rely heavily on legally irrelevant allegations of agency relationships and rely on the activities and sales by other defendants in an attempt to force personal jurisdiction in New York on Mr. Parry. There are no facts averred by Plaintiffs, even if taken as true and construed in a light most favorable to Plaintiffs, that could set forth a prima facie showing of jurisdiction over Mr. Parry.

### A.     **There Is No General Jurisdiction Over Mr. Parry In New York And Plaintiffs' Agency Arguments Fail As A Matter of Law**

New York courts emphasize that the § 301 "doing business" test is a **<u>stringent</u>** one that requires a plaintiff to establish that the defendant's business in New York was permanent, continuous and substantial.  *See Jacobs v. Felix Bloch Erben Verlag Fur Buhne Film Und Funk KG*, 160 F.Supp.2d 722, 731 (S.D.N.Y. 2001).  Plaintiffs set forth no averments of fact that would meet the high threshold for this test and demonstrate that Mr. Parry was doing business in a continuous manner that was permanent and substantial in New York at the time of the filing of Plaintiffs' Complaint (August 2011).

1.     Selected Talent Was Engaged After the Complaint Was Filed

In federal court, the existence of personal jurisdiction over a defendant is measured either from the date that the underlying activity occurred or from the date the Complaint was filed depending on the jurisdiction. New York measures personal jurisdiction based on the defendant's contacts with the forum state *at the time the lawsuit was filed* (in this case, August 2011). *See, e.g., Klinghoffer v. S.N.C. Achille Lauro Ed Altri-Gestione Motonave Achille Lauro in Amministrazione Straordinaria*, 937 F.2d 44, 52 (2d Cir. 1991). Selected Talent announced Mr. Parry as a client in November 2011, hence Plaintiffs' discussion of Selected Talent and its relationship with Mr. Parry is legally irrelevant. (*See* Plaintiffs' Opposition, Dkt. No. 101, at 10, and Ex. B). All evidence regarding Selected Talent should be disregarded. Plaintiffs' citation to an online journal entry to Dossier also fails to provide jurisdictional merit because it post-dated the filing of Plaintiffs' Complaint. (*See* Ex. E to Plaintiffs' Opp., dated December 12, 2011).

2.     Mr. Parry's Agent Was Located In Los Angeles

The talent agency representing Mr. Parry at the time of the incidents and when Plaintiffs filed the Complaint, Current Studio LA, was located in Los Angeles, as is clear by the footer in Mr. Parry's emails Plaintiffs rely on, which state "Represented by currentstudiola.com 310.487.4628." (*See* Plaintiff's Opp. Exs. F and G). Mr. Parry's agent was clearly located in California, based on this west Los Angeles area code for contact. (*Id*.) Plaintiffs attempt to rely upon a New York office maintained by Current Studio as further evidence of Mr. Parry's connection to New York, however Plaintiffs provide no evidence nor allege any facts that demonstrate Mr. Parry's agent operated from New York, rather Plaintiffs rely upon a print out of a website showing the existence of an office in New York. (*See* Plaintiff's Opp. Ex. D). This is insufficient to provide any link to Mr. Parry and is certainly insufficient to provide a legitimate basis to exercise personal jurisdiction over Mr. Parry.

3.      Plaintiffs' Agency Arguments Fail As A Matter of Law

Even if Mr. Parry had engaged Selected Talent to represent him prior to the filing of

Plaintiffs' Complaint or his current agent had operated in New York, that relationship was not

exclusive nor the type of representation that meets the legal standards of agency.  *See Cacchillo*

*v. Insmed Inc.*, 1:10-CV-01199 TJM, --- F.Supp.2d ----, 2011 WL 2600611 at *5 (N.D.N.Y. June

29, 2011) (quoting *Beatie & Osborn LLP v. Patriot Sci. Corp.*, 431 F.Supp.2d 367, 389

(S.D.N.Y. 2006) to identify the factors for agency, including that the individual defendant

exercised some control over the corporation).  Moreover, "[t]he agent must be <u>primarily</u>

<u>employed</u> by the defendant and <u>not engaged in similar services</u> for other clients." *Cacchillo*,

2011 WL 2600611 at *5 (quoting *Wiwa v. Royal Dutch Petroleum Co.*, 226 F.3d 88, 94 (2d Cir.

2000)) (emphasis added).  Both Selected Talent and Current Studio engage many photographers

other than Mr. Parry, as is clear from Plaintiffs' Exhibit B in support of its opposition.  There

was no exclusivity.  It cannot provide a basis for personal jurisdiction in New York.

4.      The Internet Sources Relied Upon By Plaintiffs Are Insufficient

The test for internet sources to provide for personal jurisdiction requires an interactive

component that is not present through social media sites such as Facebook and Myspace.

Additionally, there is no merchandise that can be purchased through Mr. Parry's passive

photography site that would allow Mr. Parry to "do business" with someone in New York

through his website.  "[P]assive websites that are not commercial in nature – for example, those

that do not permit the purchase of products online – are insufficient to confer jurisdiction under

§ 302(a)(1)." *Energy Brands Inc. v. Spiritual Brands, Inc.*, 571 F.Supp.2d 458, 466 (S.D.N.Y.

2008).[1] Plaintiffs provide no factual bases that could establish the type of continuous, permanent and substantial New York business activity required to meet the stringent test for general personal jurisdiction under CPLR § 301.  *Jacobs*, 160 F.Supp.2d at 731.

**B.      There Is No Specific Jurisdiction Over Mr. Parry In New York**

Plaintiffs assert that Mr. Parry "entered into an agreement with Blood Is The New Black… to put his images on t-shirts to be shipped to and sold in the State of New York."  (Dkt. No. 101, p. 14).  Plaintiffs fail, however, to cite any ***evidence*** to support their bold assertion. Instead, the evidence submitted to the Court shows that Blood Is The New Black ("BITNB"), a company that designs and distributes apparel, not Mr. Parry, an individual photographer, entered into any agreements regarding where or when the shirts would be sold.  (Dkt. No. 75, p. 5).  All of ***his*** involvement with other defendants concerning his images at issue in this matter occurred in California, at least some of the communications regarding permission to use Mr. Parry's images occurred after shirts were already being sold, and Mr. Parry did not continue to receive payment from any defendants based upon the sales of the shirts.  (*See* Dkt. No. 75, pp. 5-6).

1.      <u>Mr. Parry Did Not Transact Business Within New York</u>

Plaintiffs rely on the actions of BITNB entering into a contract to sell t-shirts with Mr. Parry's image on it to Urban Outfitter's as Mr. Parry transacting business in New York.  Mr. Parry did not negotiate that contract nor did he have any input into the terms of that contract. Plaintiffs make blanket assertions (Dkt. No. 101, p. 14) and unsubstantiated legal conclusions to reach their desired result that this constitutes a business transaction by Mr. Parry in New York.

---

[1] *See also Molozanov v. Quantum Telecomms. Ltd.*, No. 05 Civ. 5270(NRB), 2006 WL 897206 at *5 n. 11 (S.D.N.Y. Apr. 6, 2006) ("Although in some instances a defendant's contacts with New York via the internet can provide a basis for jurisdiction under CPLR § 302(a)(1)… this would not hold true here, as this case involves at most the publishing of a statement on a passive website.")

However, Plaintiffs did not present any evidence that demonstrates the existence of any of the factors courts look to in order to determine whether an out-of-state defendant has transacted business in New York, including:

> (1) whether the non-domiciliary has an ongoing contractual relationship with a New York corporation; (2) whether the defendant negotiated or executed a contract in New York, and whether the defendant visited New York after executing the contract with the parties; (3) whether there is a choice-of-law clause in any such contract; and (4) whether the contract requires franchisees to send notices and payments into the forum state or subjects them to supervision by the corporation in the forum state.

*Beatie and Osborne LLP.*, 431 F.Supp.2d at 387. None of these factors is met by Plaintiffs' arguments. Mr. Parry provided images to BITNB in California and received payment in California. (Dkt. No. 75, pp. 5-6). That is the extent of Mr. Parry's involvement with the shirts.

The extent of any understanding between Mr. Parry and BITNB are some emails that do not document with any specificity where the shirts were expected to be sold, which images were to be used, how the images were being used, or to whom the images were being sold. (*See* Plaintiffs Opp., Ex. F). There is no evidence that Mr. Parry (1) had an ongoing relationship with a New York corporation; (2) negotiated or executed a contract in New York; (3) was subject to a choice of law provision under such a contract; or (4) was required to send payments to New York or subjected to supervision in New York. The actual distribution and sales of the shirts were wholly within the province and control of BITNB and Urban Outfitters.

Any attempt to impute the activities of these other defendants in placing the shirts in commerce in New York upon Mr. Parry would be tantamount to a "stream of commerce" argument, which the United States Supreme Court has repeatedly struck down as a violation of due process. *See J. McIntyre Machinery, Ltd. v. Nicastro*, --- U.S. ----, 131 S.Ct. 2780 (2011) (finding that "[t]he placement of a product into the stream of commerce, without more, is not an

act of the defendant purposefully directed toward the forum State."); (Dkt. No. 74, pp. 18-20).

Here, it is an even more attenuated connection because Mr. Parry did not actually place a product

into the stream of commerce, he provided an image to BITNB, and BITNB then created and

distributed a t-shirt bearing that image.  Plaintiffs also attempt to use a Facebook posting of a

link to the shirt as evidence of Mr. Parry transacting business in New York; however, as

previously stated (*see* § II.A(3)), Mr. Parry's posting was merely passive, and is insufficient for

jurisdiction.

Purposeful availment is found where an individual "manifestly has availed himself of the

privilege of conducting business here, and because his activities are shielded by the benefits and

protections of the forum's laws it is presumptively not unreasonable to require him to submit the

burdens of litigation in that forum as well." *Greco v. Ulmer & Berne LLP*, 879 N.Y.S.2d 885,

891 (2009).  None of Plaintiffs' alleged facts demonstrates any volition or manifest intent by Mr.

Parry to avail himself of the laws of New York.  *Cf. Olympus Am. V. Fujinon, Inc.*, 779 N.Y.S.2d

184, 185 (2004) (jurisdiction was found over nonresident employee where he "projected himself

into local commerce" by generating sales between New York and the customers in his territories,

so that he was more than a passive participant.)  To the extent Mr. Parry could be found to have

some remote connection to the sale of shirts, here there are no facts demonstrating local activity

of this nature that would establish Mr. Parry was anything but a passive participant in the sales of

shirts.  Mr. Parry's conduct occurred within California, consisted only of providing a series of

images to BITNB, and was intentionally directed toward the local art scene present in Los

Angeles, California.  (Dkt. No. 75, p. 5).  With respect to the particular allegations for the Brady

& Melville shirt in question, as Mr. Parry's previous declaration makes abundantly clear and

Plaintiffs' Ex. G confirms, the shirts with Mr. Parry's image appearing on them were in

commerce prior to any consent by Mr. Parry.  (Dkt. No. 75, p. 5).  Where Brandy & Melville placed t-shirts in commerce and Mr. Parry came across those shirts in a store, Plaintiffs can hardly argue that any after-the-fact consent by Mr. Parry could constitute purposeful activity toward New York.  Moreover, the shirts Mr. Parry saw were located in California.  (*Id.*)

Because Plaintiffs cannot establish that Mr. Parry transacted business within the State of New York, Plaintiffs cannot meet the test to establish personal jurisdiction over Mr. Parry pursuant to CPLR § 302(a)(1).

### 2.     Mr. Parry Did Not Commit A Tortious Act In New York

Contrary to Plaintiffs' arguments, Mr. Parry did not commit a tortious act in the State of New York.  Plaintiffs rely on the distribution of "offending material" under the Lanham Act and N.Y. Civ. Rights Law §§ 50, 51; however, Plaintiffs overlook that Mr. Parry did not distribute, offer for sale, or actually sell any materials in dispute in this matter.  Alleged "use" of the images in dispute, as they pertain to Mr. Parry, if any, would have occurred in California.  Additionally, as previously stated, Plaintiffs agency arguments fail as a matter of law.  (*See* § II.A(2), *supra*).  Thus, Plaintiffs' arguments for personal jurisdiction pursuant to CPLR § 302(a)(2) are meritless.

### 3.     Mr. Parry Does Not Meet The Requirements To Find Jurisdiction For A Tort Committed Outside New York

Plaintiffs do not demonstrate how their allegations can meet the test for establishing jurisdiction pursuant to CPLR § 302(a)(3).  Mr. Parry does not regularly conduct or solicit business in New York or derive substantial income from goods used or consumed or services rendered in New York.  (*See* § II.A, *supra*).  Mr. Parry's photography occurs almost exclusively within the State of California.  (Dkt. No. 75, pp. 2-3).  Mr. Parry also did not expect his actions wholly within the State of California to have consequences in New York and his primary source of income results from the photography work he performs in California.  (*Id.*, pp. 2 and 6).  The

facts that were provided by Plaintiffs, even if taken as true and construed in a light most favorable to Plaintiffs, are legally insufficient to set forth a prima facie showing of jurisdiction over Mr. Parry.

In *Simon v. Time Warner Cable, Inc.*, a New York court was confronted with a similar factual situation centered around causes of action under N.Y. Civ. Rights Law §§ 50, 51 and motions to dismiss pursuant to CPLR § 302(a)(3). *Simon v. Time Warner Cable, Inc.*, 2010 N.Y. Slip Op. 51824U, 1 (N.Y. Sup. Ct. 2010). The court denied the motion to dismiss by Spark, the maker of the product, because Plaintiff produced a "receipt for a Microforce Shaver, which he shows contained his likeness, which he purchased at a CVS Pharmacy in New York City." *Id.* at 3. Blue Moon submitted affidavit testimony that it was not subject to personal jurisdiction in New York because its filming, production and editing was conducted in New Jersey and that the contract was entered in New Jersey. *Id.* at 4. Plaintiff argued that Blue Moon solicited business within New York, including direct solicitations to plaintiff. *Id.* The court found that "it is well-settled that mere solicitation of business within the state does not constitute the transaction of business within the state, unless the solicitation in New York is supplemented by business transactions occurring in the state… or the solicitation is accompanied by a fair measure of the defendant's permanence and continuity in New York which established a New York presence." *Id.* The court severed and dismissed the claims against Blue Moon. *Id.* at 6. The fact that Blue Moon was involved in causing the images to appear on the packaging of Sparks' product in New York was insufficient to confer personal jurisdiction in New York over Blue Moon.

Similar to the above facts, jurisdiction based on the sale of the product at issue can only be imputed against the seller of the product. Mr. Parry is in the same situation as Blue Moon where his actions as they pertain to the issues in the case and the business he conducts occurred

wholly within a state other than New York.  As found under the remarkably similar facts in *Simon, supra*, Mr. Parry should be dismissed for lack of personal jurisdiction.

### III.  <u>PERSONAL JURISDICTION VIOLATES MR. PARRY'S DUE PROCESS RIGHTS</u>

Due process requires that a "substantial connection" between the defendant and the forum state set forth in *Burger King Corp.*, "must come about by *an action of the defendant purposefully directed toward the forum State*." *Asahi Metal Industry Co., Ltd. v. Sup. Ct. of California*, 480 U.S. 102, 112 (1987) (emphasis in original) (citing *Burger King Corp. v Rudzewicz*, 471 U.S. 462, 475 (1985)).  Here, Plaintiffs have established "no meaningful contacts, ties, or relations" to New York that would justify an exercise of personal jurisdiction over Mr. Parry.  *Burger King Corp.*, 471 U.S. at 472.  Instead, Plaintiffs rely entirely upon supposed agency relationships between Mr. Parry and a talent agent located in California or one he engaged only after the Complaint was filed, and on the actions of other defendants.  None of the facts averred by Plaintiffs, even if taken as true and construed in the light most favorable to Plaintiffs, can provide the type of "substantial connection" between Mr. Parry and New York that is required by due process.

### IV.  <u>CONCLUSION</u>

For all of the foregoing reasons, Mr. Parry respectfully requests that the Court enter an Order dismissing Mr. Parry for lack of personal jurisdiction.

Dated:  January 31, 2012                              Respectfully submitted,

                                                      **FOLEY & LARDNER LLP**
                                                      By: <u>/s/ Akiva M. Cohen</u>
                                                      Akiva M. Cohen
                                                      acohen@foley.com
                                                      90 Park Avenue
                                                      New York, NY 10016
                                                      (212) 682-7474

                                                      *Attorneys For Defendant Jason Lee Parry*

<u>**CERTIFICATE OF SERVICE**</u>

I, Akiva M. Cohen, hereby certify that, on this 31st day of January, 2012, I caused true and correct copies of **DEFENDANT JASON LEE PARRY'S REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION** to be served via the Court's CM/ECF system on all counsel of record.


By: /s/ Akiva M. Cohen

Akiva M. Cohen
acohen@foley.com
90 Park Avenue
New York, NY 10016
(212) 682-7474

*Attorney For Defendant Jason Lee Parry*