UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

TEEN MODEL (a minor), by her parents,
PARENTS,

       Plaintiffs,

v.

JASON LEE PARRY, BLOOD IS THE NEW BLACK,
URBAN OUTFITTERS, INC.,
and BRANDY & MELVILLE N.Y., INC.,

       Defendants.

Index No. 1:11-cv-05766-GBD

---

**DEFENDANT BRANDY & MELVILLE N.Y. INC'S MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS**
**(Fed.R. Civ. P. 12 (c))**

Dated: Buffalo, New York
   January 31, 2012

               Respectfully submitted,

             By: /s/Andrea Schillaci
               Andrea Schillaci, Esq.
               HURWITZ & FINE, P.C.
               1300 Liberty Building
               Buffalo, New York 14202
               Tel: (716) 849-8900
               Fax: (716) 855-0874
               Email: as@hurwitzfine.com
               Attorneys for Defendant
               *Brandy & Melville NY, Inc.*

## TABLE OF CONTENTS

|   |   | Page No. |
|---|---|---|
| I. | INTRODUCTION | 1 |
| II. | PLAINTIFF INCORRECTLY REPRESENTS THE STANDARD FOR DETERMINATION OF THIS MOTION | 1 |
| III. | PLAINTIFF FAILS TO SET FORTH A SUFFICIENT LEGAL OR FACTUAL BASIS TOW ARRANT DENIAL OF BRANDY & MELVILLE'S MOTION | 4 |
|  | A. Brandy's Actions Constitute Free Expression Protected by the First Amendment | 5 |
|  | B. Brandy Has No Liability to Plaintiff, as it Did Not Design or Manufacture the Shirts, and Reasonably Relied On Its Supplier to Obtain All Necessary Rights | 6 |
|  | C. The Use at Issue Was Incidental, and Thus Non-Actionable | 9 |
|  | D. Plaintiff Does Not State a Valid Third Claim For Relief | 10 |
|  | E. Brandy's Request for Attorneys' Fees Should be Granted | 10 |
|  | F. Plaintiff Does Not Have a Valid Libel Claim | 11 |
|  | G. The Facts as Alleged Do Not Support the Prayer for Punitive Damages | 11 |
| CONCLUSION |  | 12 |

## I. INTRODUCTION

This Memorandum of Law is submitted in support of a motion by Defendant, BRANDY & MELVILLE N.Y., INC. (Brandy or Defendant) in further support of its application for an Order pursuant to Fed. R. Civ. P. 12(c) for an Order granting Brandy judgment on the pleadings.

## II. PLAINTIFF INCORRECTLY REPRESENTS THE STANDARD FOR DETERMINATION OF THIS MOTION

Plaintiffs' Memorandum of Law in Opposition to Defendant Brandy& Melville NY, Inc.'s Motion for Judgment on the Pleadings [Opposition] is based on the incorrect premise that the Court cannot consider any matters outside of the "four corners" of the Amended Complaint, and must assume that every allegation is true, notwithstanding legal authorities to the contrary, basic common sense, or other information set forth in the Amended Complaint, or the documents attached to the Amended Complaint, the Answer to the Amended Complaint (Answer), the Motion, and the Opposition. Plaintiffs' fundamental premise is contrary to the legal standard of a Motion for Judgment on the Pleadings.

"On a 12(c) motion, the court considers 'the complaint, the answer, any written documents attached to them, and any matter of which the court can take judicial notice for the factual background of the case.'" *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 422 (2d Cir. 2011) (citing *Roberts v. Babkiewicz*, 582 F.3d 418, 419 (2d Cir.2009)). "[B]ald contentions, unsupported characterizations, and legal conclusions are not well-pleaded allegations' " and will not defeat the motion. *Life Prod. Clearing, LLC v. Angel*, 530 F. Supp. 2d 646, 652 (S.D.N.Y. 2008); *Gavish v. Revlon, Inc.*, No. 00 Civ. 7291(SHS), 2004 WL 2210269, at *10 (S.D.N.Y. 2004); *Citibank, N.A. v. Itochu Int'l, Inc.*, No. 01 Civ. 6007(GBD), 2003 WL 1797847, at *1 (S.D.N.Y. 2003)).

"If the documents referenced in the complaint contradict the facts alleged by the plaintiff, the documents control and the court need not accept as true the plaintiff's allegations." *OneBeacon Ins. Co. v. Freundschuh*, 08-CV-0823A(SR), 2010 WL 3091446 (W.D.N.Y. May 21, 2010) report and recommendation adopted sub nom. *One Beacon Ins. Co. v. Freundschuh*, 08-CV-823, 2010 WL 3091222 (W.D.N.Y. Aug. 5, 2010) (quoting *Olin Corp. v. E.I. Dupont De Nemours and Corp.*, No. 05-CV-100S(Sc), 2006 WL 839415 (W.D.N.Y. March 27, 2006)).

Where a plaintiff's conclusory allegations are clearly contradicted by documentary evidence incorporated into the pleadings by reference, however, the court is not required to accept them. *Labajo v. Best Buy Stores, L.P.*, 478 F. Supp. 2d 523, 528 (S.D.N.Y. 2007) (citing *Matusovsky v. Merrill Lynch*, 186 F.Supp.2d 397, 400 (S.D.N.Y.2002). Here, plaintiffs must of necessity invite the Court to make assumptions that are not supported by the facts or the law in order to salvage what are otherwise factually and legally insufficient claims.

Specifically, without factual or legal support, plaintiffs urge the Court to make the following assumptions:

1. <u>Assumption urged</u>: Plaintiff is personally recognizable. Plaintiffs urge the Court to assume that she is recognizable and further, that "it was *plaintiff's image* that brought value to the apparel." [Opposition, p. 2]

    <u>Fact</u>: This assumption is not supported as the face of the woman on the Skateboard Shirt is not visible and no other identifiable features exist. The woman depicted could be anyone. Exhibit L to the Amended Complaint speaks for itself and provides the most powerful evidence in support of Brandy's motion.

2. <u>Assumption urged</u>: A viewer of the Skateboard Shirt would recognize the woman depicted as a professional model. [Opposition, p. 10]

2

Fact: The image is at least equally consistent with a photograph of any person on a street. No brand or item of apparel is so recognizable, nor is the setting so styled, as to suggest that the image is of a professional model or that the setting was a professional photo shoot. See: exhibit L to the Amended Complaint.

3. Assumption urged: A viewer of the Skateboard Shirt would recognize the woman depicted as a minor. [Opposition, p. 10];

Fact: There is nothing in or about the image to suggest that this is true. See: exhibit L to the Amended Complaint.

4. Assumption urged: A viewer of the Skateboard Shirt would recognize the woman depicted as "holding a partial six pack of beers." [Opposition, p. 10]

Fact: The Skateboard Image does not clearly show what the woman is holding in her hand. It is at least as likely that she is holding juice, soda or high heels, as anything else. In fact, the likelihood that a viewer would see high heels in her hand is supported and demonstrated by the designer's addition of the words "NO HEELS...BUT WHEELS." Clearly, the designer would not have chosen these particular words for the Skateboard Shirt if what he saw in the woman's hand was anything *other than* high heels. See: exhibit L to the Amended Complaint.

5. Assumption urged: A viewer of the Skateboard Shirt would assume that the woman depicted "had been consuming beer." [Opposition, pp. 10, 20]

Fact: There is nothing to suggest that this assumption is true. There is nothing about the woman's posture or appearance to suggest that this assumption is reasonable. As the woman's face is not visible, there is nothing about her face or expression to suggest that it is a likely or reasonable conclusion. See: exhibit L to the Amended Complaint.

3

6. <u>Assumption urged</u>: A viewer of the Skateboard Shirt would assume that (1) the woman was a minor; (2) in a jurisdiction where she was not of legal drinking age; (3) that she was holding cans of beer; (4) that she had been drinking the beer and (5) she had violated the law as a result of items (1) through (5). [Opposition, p. 21]

<u>Fact</u>: There is nothing to suggest that this daisy chain of assumptions is even remotely reasonable or likely. See: exhibit L to the Amended Complaint.

In determining a motion for judgment on the pleadings, "all of the non-conclusory factual allegations of Plaintiff's Complaint are assumed to be true." *Soroof Trading Dev. Co. v. GE Fuel Cell Sys. LLC*, 2012 U.S. Dist. LEXIS 9946, *3 (S.D.N.Y. Jan. 24, 2012) However, just as the Court need not assume the veracity of conclusory factual allegations, it should also reject invitations to make assumptions that are not reasonably drawn or that strain credulity.

### III. PLAINTIFF FAILS TO SET FORTH A SUFFICIENT LEGAL OR FACTUAL BASIS TO WARRANT DENIAL OF BRANDY & MELVILLE'S MOTION

The pleadings contain the following allegations, which have not been disputed:

1. Brandy displayed and sold a limited number of the Skateboard Shirts [Amended Complaint, ¶¶302; Answer to Amended Complaint, ¶¶4, 10, Factual Allegations, ¶2].

2. The Skateboard Shirt image was designed by a freelance designer, Matteo Centaro and manufactured by Marie M, who sold them at wholesale to Euro Outlet, Inc. ('Euro") [Answer to Amended Complaint, Factual Allegations, ¶10].

3. Brandy purchased the Skateboard Shirts at wholesale from Euro. [Answer to Amended Complaint, Factual Allegations, ¶¶ 2, 10].

4. The décor of the Brandy retail store is characterized by flags, symbols and books concerning philosophy, economics and social thought [Answer to Amended Complaint, Factual Allegations, ¶6].

5. Merchandise offered for sale at the Brandy retail store is similarly characterized by flags, symbols and messages consistent with free expression and theories and ideals espoused in the books of Ayn Rand and other authors whose works are prominently displayed in the Brandy retail store. [Answer to Amended Complaint, Factual Allegations, ¶¶7, 8]

6. The Skateboard Shirt contains an image of a woman whose face is not visible and who is not otherwise identifiable [Amended Complaint, Exhibit "L"].

7. The image of the woman depicted in the Skateboard Shirt was embellished and reinterpreted by the addition of the words "NO HEELS...BUT WHEELS" [Amended Complaint, Exhibit "L"].

8. The addition of the words "NO HEELS...BUT WHEELS" transformed what had been merely an image of an unidentified woman into a political and philosophical statement.

9. The Skateboard Shirt was printed on at least two different color fabrics [Amended Complaint, ¶119; Answer to Amended Complaint, ¶10], thereby further embellishing and reinterpreting the image.

Based on these undisputed facts, and the Skateboard Shirt at issue, Brandy is entitled to judgment on the pleadings.

A. **Brandy's Actions Constitute Free Expression Protected by the First Amendment**

Plaintiff insists that the image and the words. 'NO HEELS...BUT WHEELS' are separate and distinct, bearing no relationship to the image. This insistence is based on nothing more than a fervent desire that it be so. The issues that are before the Court only concern the Skateboard Shirt and not any other ideations that *may have been* reviewed but were never produced or sold. Plaintiffs invite the Court to deny this motion, not based on the actual

5

Skateboard Shirt at issue, but rather, on the basis of rank speculation. These arguments are legally insufficient and unavailing.

Plaintiff's counsel correctly notes that the decision in *Nussenzweig v DiCorcia*, 814 NYS2d 891 (2006) was subsequently overturned, in part, by the Appellate Division, First Department[1], but the concurrence of Judge Tom is particularly relevant here as it specifically addressed the parties' First Amendment issues. The concurring opinion states:

> Noting that defendant photographer was at all times motivated by the desire to make a profit and grossed some $ 240,000 from the sale of a limited edition of photographic prints, plaintiff contends that a commercial use was made of his portrait. **Irrespective of the profit motive, we conclude that the subject artwork constitutes a matter of general public interest entitled to First Amendment protection.** (Emphasis added)

*Nussenzweig v. DiCorcia*, 38 A.D.3d 339, 342-343 (N.Y. App. Div. 1st Dep't 2007).

Similarly, here, the Skateboard Shirt constitutes free expression of art, and is entitled to similar protection. The fact the shirts were sold for $19-$26 each does not render them "advertising" or "trade" under the NYCRL, just as the price of $20,000-$30,000 per print did not render the prints of Mr. Nussenzweig's image "advertising" or "trade." Therefore, Plaintiff's assertion that Brandy employed the Skateboard Shirt image for trade or advertising purposes is untenable.

**B.     Brandy Has No Liability To Plaintiff, as it Did Not Design or Manufacture The Shirts, and Reasonably Relied On Its Supplier to Obtain All Necessary Rights**

Brandy did not design or manufacture the Skateboard Shirts. Answer, ¶ 10. The shirts were designed by freelance designer Matteo Centaro, manufactured by Marie M., and sold to Euro Outlet, Brandy's supplier. *Id.* Brandy purchased the Skateboard shirts at wholesale from Euro Outlet. Answer, ¶ 10.

In *Brinkley v. Casablancas*, 80 A.D.2d 428, 438 N.Y.S.2d 1004 (1981), fashion model Christie Brinkley sued two retail stores: Spencer and Oomi – among other defendants – for the

---

[1] 832 NYS2d 510 (1st Dept. 2007) aff'd 848 NYS2d 7 (2007).

6

sale of posters bearing Brinkley's photograph, without her written consent. The *Brinkley* court entered summary judgment in favor of the two retail stores on the issue of liability as to Brinkley's cause of action under New York Civil Rights Law §§50, 51 for compensatory and exemplary damages. *Id.* As to Spencer and Oomi's wholesale purchase and retail sale of the posters from the poster producer/distributor, Galaxy, the Court held:

> The purchase was in all respects a standard commercial transaction … Spencer …had no knowledge of the lack of consent [by Brinkley]. Hence, no action for exemplary damages lies. Nor does plaintiff have a claim against Spencer for compensatory damages since Spencer had desisted from selling any of the posters. Moreover, we do not believe that the merchandiser, which is not a publisher, and which sells a product exploiting the name, portrait or picture of a person, without either knowledge that such exploitation is unauthorized or even notice that would promote reasonable inquiry, has 'used' that person's name, portrait or picture within the meaning of [NYCRL §§ 50, 51] so as to subject itself to liability for compensatory damages.

*Id.* at 443-44.

In this case, it remains undisputed that Brandy purchased the Skateboard shirts at wholesale from Euro Outlet. Answer, ¶ 3. Brandy's purchase of the Skateboard shirts from Euro Outlet was a standard commercial transaction. Euro Outlet entered into a license agreement with defendant Parry, the photographer, who represented to Euro Outlet that he owned all necessary rights, and by paying Parry a $4,000 license fee for those rights. Answer, ¶10, 13, Ex. F. Brandy had no knowledge that Euro Outlet, Marie M. and/or Matteo Centaro allegedly had not obtained all necessary rights regarding the Skateboard Shirt. Answer, ¶ 10.

Just as defendant Spencer had no knowledge of the lack of consent by Brinkley, here Brandy similarly had no knowledge of the lack of consent by plaintiff. Although Brandy did not possess a written release by plaintiff, Brandy believed in good faith that the supplier had acquired all necessary rights associated with the Skateboard shirt before the units were sold to

Brandy for retail sale. Brandy thus reasonably relied on Euro Outlet's licensing agreement with Parry; wherein Parry represented that all necessary rights to the Skateboard shirt had in fact been obtained. Therefore, Brandy did not act with reckless disregard in employing plaintiff's image without plaintiff's consent.

In *Sherman v. Bell Atl.*, 1996 U.S. Dist. LEXIS 12563, *3 (S.D.N.Y. Aug. 28, 1996) a photographer made pictures for a musician's portfolio. Subsequently, an ad agency purchased a picture from the photographer. The ad agency claimed it believed the photographer had a release from the musician, and did not publish any ads after the cease and desist letter was issued. The court found that no release had been given, so the picture was used without consent.

The court concluded, however, that it was not unreasonable for the ad agency to have believed that there was a model's release. *Id.* at *15. "Defendants' failure to demand a copy of the model's release does not mean that they knew there was no such release, and is not enough to warrant an award of exemplary damages under [NYCLR] § 51." *Id.* at *15-16.

Similarly, here, Brandy is a merchandiser who merely sold the Skateboard Shirt without actual knowledge or even notice that would promote reasonably inquiry that Parry, the publisher, or Euro Outlet, Marie M. and/or Matteo Centaro, the supplier, failed to obtain all necessary rights regarding the Skateboard shirt. It is also irrelevant whether Brandy knew the identity of the model in the image since it remains undisputed that the Skateboard Shirt bears an image of a woman whose face is not visible and whose image does not bear other recognizable or iconic features to establish her identity.

Additionally, when Brandy first learned that plaintiff was asserting a claim that her image was depicted on the shirt and that she did not give her permission for it, Brandy immediately and permanently discontinued its sales of the Skateboard shirts. Brandy did not receive the letter

8

from Plaintiff's counsel dated July 1, 2011 until on or about August 19, 2011 because the letter was not served on Brandy's registered agent for service of process, nor was it served at the address of Brandy's registered agent for service of process. Answer ¶ 7.

Therefore, for the same reasons that defendant Spencer prevailed on summary judgment in *Brinkley*, and damages against defendant Oomi were not imposed, summary judgment should be granted in favor of Brandy because Brandy is not liable since it did not design nor manufacture the Skateboard Shirts. Additionally, Brandy reasonably relied on its supplier to obtain all the necessary rights and it was not unreasonable for Brandy to have believed that there was a model's release.

C. **The Use at Issue Was Incidental, and Thus Non-Actionable**

It remains undisputed that the Skateboard Shirt depicts a woman faced away from the camera. The face and frontal body of the woman cannot be seen at all. Moreover, there is nothing on the shirt to indicate or even imply the identity of the woman depicted on the shirt.

Opposing counsel's characterization of *Nussenzweig* is misguided. The court stated:

> In recent years, some New York courts have addressed the issue whether an artistic use of an image is a use exempted from action under New York States Privacy Laws. *Altbach v. Kulon*, 302 A.D.2d 655, 754 N.Y.S.2d 709 (3rd dept. 2003); *Simeonov v. Tiegs*, 159 Misc 2d 54, 602 N.Y.S.2d 1014 (NY Civ. Ct 1993); *Hoepker v. Kruger*, 200 F. Supp. 2d 340 (SDNY 2002). They have consistently found "art" to be constitutionally protected free speech, that is so exempt. This court agrees.

Nussenzweig v. DiCorcia, 11 Misc. 3d 1051A, ***18 (N.Y. Sup. Ct. 2006). Moreover, New York has been fairly liberal in its protection of what constitutes art. *Id*.

Similarly, here, the purpose of the Skateboard Shirt, as previously discussed, is to engage in free artistic expression about freedom, youth, rebellion, following one's own path in life, and seizing the day. The identity of the woman depicted on the shirt is, at most, merely incidental

9

and in fact irrelevant to that constitutionally protected purpose. Moreover, the fact that she cannot be identified on the shirt is all the more reason for the Court to determine, as a matter of law, that the alleged use of plaintiff's image is "incidental," and therefore non-actionable.

### D.     Plaintiff Does Not State a Valid Third Claim For Relief

Brandy adopts and incorporates by reference as if set out in full the arguments propounded by co-defendant, Blood is the New Black, in its Reply Memorandum of Law in Support of Defendant Est. 1844, LLC DBA Blood is the New Black's Motion to Dismiss the Third Claim for Relief filed on January 31, 2012 as Document 113.

### E.     Brandy's Request for Attorneys' Fees Should be Granted

To satisfy the "exceptional" threshold under the Lanham Act, the Second Circuit requires the prevailing party to show fraud or bad faith on behalf of its opponent in bringing or prosecuting the suit. *Conopco, Inc. v. Campbell Soup Co.*, 95 F.3d 187, 194 (2d Cir. 1996) (*citing Twin Peaks Prods., Inc. v. Publ'ns Int'l, Ltd.*, 996 F.2d 1366, 1383 (2d Cir. 1993)). Plaintiff's bad faith was evidenced in a variety of ways, including the fact that plaintiff's counsel was sufficiently aware that plaintiff had no legal basis for a Lanham Act claim against Brandy as a result of plaintiff's counsel work on the *Pelton* case.

In addition, courts have also awarded attorneys' fees where a plaintiff's claims were found to be especially lacking in merit. *Altvater Gessler - J.A. Baczewski Int'l (USA) Inc. v. Sobieski Destylarnia S.A.*, 2011 U.S. Dist. LEXIS 76092, *22 (S.D.N.Y. July 14, 2011). Teen Model cannot be identified in the image on the Skateboard Shirt. Therefore, pursuant to *Pelton*, the image does not imply any endorsement by plaintiff of Brandy or its products. Despite these facts, plaintiffs and their counsel filed a Lanham Act claim anyway, thereby forcing Brandy to

incur legal fees to defend the meritless claim. Plaintiffs and/or their counsel should be ordered to reimburse those costs, pursuant to Section 1117(a).

**F.    Plaintiff Does Not Have a Valid Libel Claim**

In *Kelly v. Schmidberger*, 806 F.2d 44, 46-47 (2d Cir. N.Y. 1986), the court stated

> An allegedly libelous statement presents an issue for trial if a fair and natural construction of the language used would permit a jury to reasonably find that such language did impair confidence in the character or ability of the plaintiff by charging her with, for example, dishonesty, lack of integrity and ability or the commission of some dishonorable, unbusinesslike or disgraceful acts and, therefore, did tend to injure the plaintiff in her business or occupation and thus be libelous per se.

*citing Busk v. Ezyindex Products Corp.*, 35 Misc. 2d 780, 783, 231 N.Y.S.2d 76, 80 (Sup. Ct. Queens Co. 1962).

Here, a fair and natural construction of the image on the Skateboard Shirt would not permit a reasonable jury to conclude that the person depicted was in fact plaintiff. The woman's face in the Skateboard Image and frontal body cannot even been seen. Moreover, a fair and natural construction of the image on the Skateboard Shirt would not permit a reasonable jury to conclude that the person depicted was holding a partial six-pack of beer.

**G.    The Facts as Alleged Do Not Support the Prayer for Punitive Damages**

Brandy submits that the pleadings fail to establish plaintiff's right to punitive damages. As previously discussed, Brandy's purchase of wholesale units of the Skateboard Shirts from supplier Euro Center, Brandy's reasonably relied upon supplier's licensing agreement with photographer Parry, Brandy's retail sales of 30 – 130 units of those shirts during a period of no more than three months, and Brandy's immediate and permanent cessation of all sales upon learning that plaintiff asserted claims regarding the shirt, does ***not*** give rise to a claim for punitive damages. See *Brinkley v. Casablancas*, 80 A.D.2d at 443-44, 438 N.Y.S.2d at 1014.

11

As previously noted, the *Brinkley* court held that the two retailers were exempt from both compensatory and punitive damages, when they bought wholesale, and sold retail, posters of Christie Brinkley, unaware that their supplier allegedly had not acquired all necessary rights from Brinkley for the retail sales. *See also, Gallon v. Hustler Magazine, Inc.*, 732 F. Supp. 322, 327 (N.D.N.Y. 1990) (denying punitive damages against Hustler Magazine which published a nude photo of plaintiff in its magazine without plaintiff's consent).

Thus, the facts in this action demonstrate that plaintiff has come nowhere near the requirements for Plaintiff to establish a right to punitive damages. Moreover, as previously argued, Brandy's activities constitute free expression protected by the First Amendment, and as such, are exempt from liability under New York Civil Rights Law §§ 50, 51.

## CONCLUSION

For all of the foregoing reasons, including matters set forth in the proposed Affirmation, Brandy respectfully requests judgment on the pleadings in its favor pursuant to Rule 12 (c) of the Federal Rules of Civil Procedure as to the second, third, fourth and fifth claims for relief, and prayer for exemplary damages.