```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: FEB 09 2012
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TEEN MODEL (a minor), by her parents, PARENTS,

                Plaintiffs,

-v-

JASON LEE PARRY, BLOOD IS THE NEW BLACK, URBAN OUTFITTERS, INC., and BRANDY & MELVILLE N.Y. INC.,

                Defendants.

ORDER

11 CV 5766 (GBD)

GEORGE B. DANIELS, District Judge:

    Defendant Jason Lee Parry moves to dismiss the complaint against him for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2). To determine whether personal jurisdiction exists over an out-of-state resident, the Court must determine whether under New York Law general jurisdiction exists pursuant to CPLR § 301 or specific jurisdiction exists pursuant to CPLR § 302. If the first step is answered in the affirmative, it must then be determined whether asserting jurisdiction violates the constitutional requirements of due process. *See Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 242 (2d Cir. 2007).

    Defendant Parry is not subject to either general or specific jurisdiction under New York Law. He does not engage in continuous, permanent, or substantial business activity in New York, as required for general jurisdiction under CPLR § 301. Parry lives and works in Southern California. Parry's photography business is almost entirely in California. Parry visited New York only twice in the last five years. Parry did not engage in any purposeful business activity directed towards New

York. He is therefore not subject to general jurisdiction under New York Law.[1] Additionally, Parry did not transact business in New York, did not commit a tortious act in New York, or commit a tortious act outside New York which caused injury in New York that would subject him to specific jurisdiction pursuant to CPLR § 302, New York's long-arm statute. The photo shoot at issue took place in Southern California. Parry's communications and actions concerning the use of the images at issue took place entirely in California. Parry's contact with New York is insufficient for this Court to assert jurisdiction over him. The Court must therefore dismiss plaintiff's amended complaint against defendant Parry.

Defendant Jason Lee Parry's motion to dismiss for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2) is GRANTED.

Dated: New York, New York
February 9, 2012

SO ORDERED:

*George B. Daniels*
GEORGE B. DANIELS
United States District Judge

---

[1] Plaintiff points to Parry's current business relationship with a New York agency, Selected Talent, as evidence that he engages in business activity in New York and is therefore subject to personal jurisdiction. However, Parry's business relationship with Selected Talent started in November 2011, after the photo shoot at issue took place and after plaintiff filed this lawsuit. *See Klinghoffer v. S.N.C. Achille Lauro Ed Altri-Gestione Motonave Achille Lauro In Amministrazione Straordinaria*, 937 F.2d 44, 52 (2d Cir. 1991) ("[P]ersonal jurisdiction depends on the defendant's contacts with the forum at the time the lawsuit was filed. . ."). Plaintiff also points to Parry's photography website and social media accounts as evidence that he engages in business in New York. Parry's photography website and social media accounts do not permit viewers to purchase products or other services. These sites are passive and not commercial in nature, and therefore do not give rise to personal jurisdiction under CPLR § 302.