

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

TEEN MODEL (a minor), by her parents,
PARENTS,

Plaintiffs,

v.

Index No. 1:11-cv-05766-GBD

JASON LEE PARRY,
BLOOD IS THE NEW BLACK,
URBAN OUTFITTERS, INC.,
and BRANDY & MELVILLE N.Y., INC.,

Defendants.

_____

### DECLARATION OF ANDREA SCHILLACI

**ANDREA SCHILLACI, ESQ.**, declares pursuant to 28 U.S.C. §1746:

1.     I am an attorney, duly admitted to practice in the Courts of State of New York and this District.

2.     I am a shareholder of the law firm of Hurwitz & Fine, P.C., substituted as counsel of record for defendant Brandy & Melville NY, Inc. on January 30, 2012 in the above-captioned action.

3.     I submit this Declaration, pursuant to Rule 26(c ) of the Federal Rules of Civil Procedure, in support of substitution of the law firm of Hurwitz & Fine, P.C. and its attorney Andrea Schillaci as the attorneys of record for defendant Brandy & Melville NY, Inc. for purposes of the Stipulation and Order for the Protection and Exchange of Confidential Information dated December 14, 2011 and filed as Document 93(Document 93) in this action.

4.     I have read Document 93 and stipulate and agree to its terms.

1

5.      Attached hereto is a signature page, which bears my signature as Counsel of Record for Brandy & Melville NY, Inc., to be appended to Document 93, with a request that Document 93 be amended to include and substitute the law firm of Hurwitz & Fine, P.C. and its attorney Andrea Schillaci as the attorneys of record for defendant Brandy & Melville NY, Inc.

WHEREFORE, it is respectfully requested that the Stipulation and Order be amended and ordered to substitute the law firm of Hurwitz & Fine, P.C. and its attorney Andrea Schillaci as the attorneys of record for defendant Brandy & Melville NY, Inc.

Dated:  January ___, 2012

Andrea Schillaci, Esq.
HURWITZ & FINE, P.C.
424 Main Street, Suite 1300
Buffalo, New York 14202
(716) 849-8900

2

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TEEN MODEL (a minor), by her parents, PARENTS, | ) ECF CASE |
| | ) |
| | ) Civil Action No.: 11-cv-5766 (GBD) |
| *Plaintiff,* | ) |
| - v - | ) |
| | ) |
| JASON LEE PARRY, | ) |
| BLOOD IS THE NEW BLACK, | ) |
| URBAN OUTFITTERS, INC., and | ) |
| BRANDY & MELVILLE N.Y. INC., | ) |
| | ) |
| *Defendants.* | ) |
| | ) |

USDC SDNY
DOCUMENT
ELECTR...
DOC ...
DATE FILED DEC 2 8 2011

### STIPULATION AND ORDER FOR THE PROTECTION AND EXCHANGE OF CONFIDENTIAL INFORMATION

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure,

IT IS HEREBY STIPULATED AND AGREED that certain documents and information in this case shall be given confidential treatment as hereinafter provided.

1.    Scope, Applicability and Definitions. To the extent either the plaintiff, defendants or third parties (pursuant to a subpoena) produce documents or give testimony during discovery that any of them believe in good faith contain (i) trade secrets; (ii) corporate or individual financial disclosures; (iii) confidential commercial information the disclosure of which would create an unfair advantage to competitors by providing them with previously unknown information as to a party's business operations, or whose disclosure the designating party reasonably believes would lead to competitive, commercial, or economic harm; (iv) confidential research and development information regarding, in furtherance of, or connected to strategies to improve or increase market share, or to strategies to sell or market products or services;(v)

870000.1                                            1

information respecting the confidential business affairs of third-parties; or (vi) personal information regarding individuals, the disclosure of which would compromise their privacy, such documents shall be marked with the designation "Confidential Material" or "Confidential" (hereinafter the "Confidential Material"). Confidential Material shall not be used by anyone other than the party producing such Confidential Material except in the preparation for, trial of, and conduct of the proceedings in this litigation or as otherwise agreed to in writing by the parties.

2.    Deposition Testimony. Any deposition testimony that discusses confidential information must be designated as Confidential Material within 30 days of the receipt of the final deposition transcript. Until such time has passed, a party may designate the entire deposition "Confidential" in order to preserve the confidential status of any confidential information disclosed or discussed in the course of the deposition.

3.    Disclosure. Except with the prior written consent of the party producing the Confidential Material, or upon order of this Court after notice to all affected parties, Confidential Material may not be disclosed to any person except: (a) counsel of record and in-house counsel for the respective parties to this litigation, and their employees, and the respective parties themselves, and any current employees of the parties who are involved in the prosecution, defense, and/or appeal of this action, and the parties' respective insurance carrier representatives; (b) employees of third party vendors engaged by counsel to provide court reporting or litigation support services; (c) consultants, experts, or prospective experts retained or consulted by counsel for this litigation; (d) any insurer that has issued any policy(s) to a party that may provide coverage for a claim in suit; (e) non-party deposition and trial witnesses if the attorneys offering the Confidential Material have a good faith belief that it is necessary for their case; copy(ies)

870000.1                                2

shall not be left with the witness at all, and a copy shall not be attached to the deposition transcript unless the witness agrees on the record to comply with the terms of this Protective Order or executes Exhibit "A"; (f) any mediator, settlement officer, or arbitrator appointed to this action, and his/her staff; and (g) the Court and its personnel (including court reporters), in accordance with paragraph 8.

Except upon further order of the Court, no person receiving Confidential Material shall disclose any portion of the contents thereof to any person other than those described in this paragraph and for the purposes specified in paragraph 1 above.

4.      Written Acknowledgments.  Each person referred to in sub-paragraph 3(c) above to whom Confidential Material is to be given, shown, made available, or communicated in any way shall agree in writing to be bound by the terms of this Stipulation and Order by executing the form of agreement attached hereto as Exhibit "A" before that person is exposed to said Confidential Material.  The attorneys for the parties shall maintain a file of such written agreements, and shall provide a copy to the party that discloses Confidential Material, upon request, on or after the cutoff for all fact and expert discovery in the action.

5.      Reserved Arguments.  This Stipulation and Order and parties' submissions relating thereto shall not operate as an admission or determination that any documents or information is or is not: (a) discoverable; or (b) admissible as evidence.  Nothing in this Stipulation and Order shall preclude any Party from filing a motion seeking further or different protection from the Court under Rule 26(c) of the Federal Rules of Civil Procedure, or from filing a motion with respect to the manner in which Confidential Information shall be treated at trial.

6.      Objections to Designations. If at any time a party objects to the designations or

documents or information as "Confidential Material" under this Stipulation and Order, the

objecting party shall notify the designating party in writing. The notice shall identify the

documents or information in question, and shall specify the reason for the objection to the

designation. The parties shall conduct a meet and confer to attempt to resolve any such objection

informally. If no resolution is achieved, the objecting party may move the Court for a ruling on

the confidentiality of the documents or information in question within five (5) days of the meet

and confer. The party seeking to justify the use of the "Confidential" designation bears the

burden of proof on any such motion.

7.      Inadvertent Production of Confidential or Privileged Documents and Information.

Pursuant to and in supplementation to Rule 26(b)(5)(B) of the Federal Rules of Civil Procedure,

the parties agree that the inadvertent production of documents or information subject to the

attorney-client privilege, work-product immunity, or any other applicable privilege or immunity

shall not constitute a waiver of such privilege(s). After receiving notice from the designating

party that documents or information subject to an applicable privilege or immunity have been

inadvertently produced, the receiving party shall not review, copy, or disseminate such

documents or information, but shall return such documents or information and all copies of such

documents or information to the designating party, or destroy such documents or information,

immediately. If the receiving party believes that it has a good-faith basis for challenging the

privilege claim, the parties shall meet and confer in an effort to resolve the dispute. If the parties

cannot resolve their dispute over the inadvertently produced documents or information, the

designating party shall have five (5) court days to identify the inadvertently produced documents

on a privilege log and the receiving party shall have fourteen (14) court days from the deadline to

870000.1                                           4

produce a privilege log to file a motion with the Court seeking to compel production of the

inadvertently produced documents. If, through inadvertence, a producing party discloses any

document or information that it believes should have been designated as "Confidential," it may

subsequently, within a reasonable period after the discovery of such inadvertence, designate such

document or information as "Confidential." After such designation is made, all receiving parties

shall treat the Confidential Materials accordingly. If any Confidential Materials have been

disclosed by the receiving party prior to the designation, the receiving party shall notify the

producing party and shall also make a good faith effort to have the Confidential Materials

returned.

       8.     <u>Filing under Seal</u>. The terms of this Agreement are intended to supplement and

be in addition to the terms of the Order executed by Judge George B. Daniels and entered into by

this Court on August 19, 2011 (hereinafter the "Sealing Order"), and this Agreement in no way

alters any of the terms of said Sealing Order. The parties shall cooperate in seeking to resolve

disputed issues of confidentiality prior to the filing of any motion to seal material designated as

Confidential, for example, by redaction of documents to be filed on the public record or by

stipulation of facts. Confidential Information and pleadings or briefs quoting or discussing

Confidential Information will not be accepted for filing with the Court "under seal" or otherwise

kept out of the public record in this action, except by court order issued upon motion of the party

that designated the documents Confidential Information. Any motion requesting leave to file

documents under seal shall demonstrate that the Confidential Information at issue is entitled to

protection under the applicable standards.

9.      This Protective Order shall not apply to evidence introduced at trial. The parties

are free to request an appropriate protective order at the time of trial to protect from public

disclosure Confidential Material to be introduced at trial.

10.     Conclusion of Litigation: Procedure and Effect. At the conclusion of the above-

entitled action, including any appeals, all originals and reproductions of Confidential Material

produced pursuant to this Stipulation and Order (with the exception of deposition transcripts,

deposition exhibits or documents filed with the Court) may be destroyed by the party that

received them, or returned to the propounding party. The receiving party also may retain such

documents, pursuant to the provisions of this Protective Order, unless the producing party

requests that such documents be either returned to the producing party or destroyed, in which

case the receiving party shall return or destroy (at its option) such Confidential Material within

seventy-five (75) days of the request by the producing party. The provisions of this Stipulation

and Order, insofar as they restrict the communication and use of Confidential Material produced

hereunder shall, without written permission of the parties or further order of the Court, continue

to be binding after conclusion of this action.

Dated: December ⟨7, 2011
       New York, New York


_____          _____
Edward C. Greenberg                  Mary R. Conklin
Tamara L. Lannin                     FOLEY & LARDNER, LLP
EDWARD C. GREENBERG, LLC             *Attorneys for Defendant Jason Lee Parry*
*Attorneys for Plaintiff*

9.     This Protective Order shall not apply to evidence introduced at trial. The parties

are free to request an appropriate protective order at the time of trial to protect from public

disclosure Confidential Material to be introduced at trial.

10.    Conclusion of Litigation: Procedure and Effect. At the conclusion of the above-

entitled action, including any appeals, all originals and reproductions of Confidential Material

produced pursuant to this Stipulation and Order (with the exception of deposition transcripts,

deposition exhibits or documents filed with the Court) may be destroyed by the party that

received them, or returned to the propounding party. The receiving party also may retain such

documents, pursuant to the provisions of this Protective Order, unless the producing party

requests that such documents be either returned to the producing party or destroyed, in which

case the receiving party shall return or destroy (at its option) such Confidential Material within

seventy-five (75) days of the request by the producing party. The provisions of this Stipulation

and Order, insofar as they restrict the communication and use of Confidential Material produced

hereunder shall, without written permission of the parties or further order of the Court, continue

to be binding after conclusion of this action.

Dated: December 14, 2011
       New York, New York


_____
Edward C. Greenberg
Tamara L. Lannin
EDWARD C. GREENBERG, LLC
*Attorneys for Plaintiff*

Mary R. Conklin
FOLEY & LARDNER, LLP
*Attorneys for Defendant Jason Lee Parry*


870000.1                                        6

_____
Kanika D. Corley
James J.S. Holmes
SEDGWICK LLP
*Attorneys for Defendant Blood Is The New Black*

_____
Warren S. Koster
CALLAN KOSTER BRADY & BRENNAN
LLP
*Attorneys for Defendant Urban Outfitters, Inc.*

_____
Charles J. Harder
WOLF, RIFKIN, SHAPIRO, SCHULMAN &
RABKIN, LLP
*Attorneys for Defendant Brandy & Melville NY, Inc.*

SO ORDERED

_____
Hon. George B. Daniels
United States District Judge, S.D.N.Y.

870000.1                                   7

_____
Kanika D. Corley
James J.S. Holmes
SEDGWICK LLP
*Attorneys for Defendant Blood Is The New
Black*

Warren S. Koster
CALLAN KOSTER BRADY & BRENNAN
LLP
*Attorneys for Defendant Urban Outfitters, Inc.*

_____
Charles J. Harder
WOLF, RIFKIN, SHAPIRO, SCHULMAN &
RABKIN, LLP
*Attorneys for Defendant Brandy & Melville
NY, Inc.*

SO ORDERED          DEC 2 ? 2011

Hon. George B. Daniels
United States District Judge, S.D.N.Y.

870000.1                         7

Kanika D. Corley
James J.S. Holmes
SEDGWICK LLP
*Attorneys for Defendant Blood Is The New*
*Black*

Warren S. Koster
CALLAN KOSTER BRADY & BRENNAN
LLP
*Attorneys for Defendant Urban Outfitters, Inc.*

Charles J. Harder
WOLF, RIFKIN, SHAPIRO, SCHULMAN &
RABKIN, LLP
*Attorneys for Defendant Brandy & Melville*
*NY, Inc.*

SO ORDERED      DEC 28 2011

Hon. George B. Daniels
United States District Judge, S.D.N.Y.

HON. GEORGE B. DANIELS

870000.1                                    7

## EXHIBIT A

I, _____, do hereby certify that I have read that certain

Stipulation and Order for the Protection and Exchange of Confidential Information dated

_____, executed by the parties in that certain litigation, entitled

*Teen Model v. Jason Lee Parry, Blood is the New Black, Urban Outfitters, Inc., and Brandy &*

*Melville N.Y. Inc.*, Index Number 11-cv-5766 (GBD), now pending before the United States

District Court for the Southern District of New York. I understand that, in the performance of

my duties, I may be furnished with or otherwise have access to "Confidential Material" as that

term is defined in the Stipulation and Order. I agree to be bound by and subject to the terms

and provisions of said Stipulation and Order. I subject myself to the jurisdiction of the United

States District Court for the Southern District of New York for purposes of enforcement of this

Stipulation and Order.

Witness my signature, this ____ day of _____, _____.

_____

Address:

870000.1                                    8

Andrea Schillaci

HURWITZ & FINE. P.C.

*Attorneys for Defendant, Brandy & Melville NY, Inc.*

SO ORDERED:          FEB 03 2012

Hon. George B. Daniels

United States District Judge, S.D.N.Y.