

# Edward C. Greenberg, LLC
## COUNSELORS AT LAW
570 LEXINGTON AVENUE, 19TH FLOOR
NEW YORK, NY 10022

TELEPHONE: (212) 697-8777
FACSIMILE: (212) 697-2528
ECGLAW@GMAIL.COM

Tamara L. Lannin

Of Counsel:
Debra S. Reiser

August 20, 2012

VIA HAND DELIVERY
AND FASCIMILE: 212-805-4258
Hon. Debra C. Freeman
United States Magistrate Judge
United States Courthouse
500 Pearl St., Courtroom 17A
New York, NY 10007-1312

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/21/12
```

Re: Teen Model v. Blood is the New Black, et al.
Index: 11-CV-5766 (GBD) (DCF);   Our File: C413p

Your Honor,

    This office represents the plaintiff in the above captioned matter. We write in opposition to the letter sent to Your Honor on August 17, 2012 by Ms. Kanika D. Corley of Sedgwick LLP. Contrary to defendant's claims, subject to Federal Rule of Evidence 408, plaintiff has disclosed *detailed accounts* of plaintiff's economic damages and calculations. Indeed, plaintiff has disclosed far more detailed information than necessary at this stage in the discovery process, as fact discovery *remains ongoing*. Once fact discovery is complete, plaintiff expects to disclose an even more detailed assessment.

    However, until the close of fact discovery, a full assessment of plaintiff's damages remains difficult to ascertain. Plaintiff continues to learn of additional uses of her image by the defendants, thus effecting the valuation of damages.

    Plaintiff has repeatedly informed defendants that the amount of plaintiff's compensatory damages depends in large part on an assessment of the value of plaintiff's image as used by the defendants without consent. Thus, this valuation requires an assessment of the full nature and extent of the uses of plaintiff's image by each of the defendants. As fact discovery is ongoing, this information is still being discovered. Urban Outfitters has disclosed sales information that is overwhelmingly inconsistent and unreliable, when viewed and compared against its other production(s). Defendant Blood is the New Black has admitted that it has not kept track of how many shirts have been returned or not. Thus, until fact discovery is complete, plaintiff continues to search for additional information to explain defendant(s)' inconsistencies and lack of full information.

    The valuation of plaintiff's damages further requires an assessment of plaintiff's value as a model, including her value and stature as a model in the industry, her ability to sell product, the demand for the use of her image, the fees charged for the use of her image, an assessment of the effect that defendant's uses of her image has had on the modeling industry marketplace, and other similar factors. As has been repeatedly explained to defendants, these factors will be assessed by plaintiff's expert witness(es) once factory discovery has closed.

## EDWARD C. GREENBERG, LLC

Further, as was disclosed to defendants' counsel on December 2, 2011 (if not earlier), plaintiff's agents, Ms. Faith Kates and Ms. Milie Pellet of Next Model Management are *the persons most knowledgeable* of plaintiff's value as a model, value and stature in the modeling industry, ability to sell product, the demand for the use of her image, the fees charged for the use of her image, and the effect that defendant's uses of her image has had on her modeling career.

Defendant's desire to depose plaintiff's accountants is nonsensical, unreasonably intrusive, and would be a waste of the time and resources of everyone involved in this litigation. Notwithstanding defendant's mischaracterizations, plaintiff's accountants serve as mere bookkeepers with respect to Teen Model's finances, yet receive the information regarding Teen Model's earnings from Teen's **modeling agents**. Thus **the primary source** of the accountant's information is plaintiff's **modeling agents**. Further, plaintiff's accountants **lack** knowledge of, *inter alia*, the modeling industry, the value of plaintiff as a model, and the effect that defendant's uses of her image has had on her career. As such, plaintiff's accountants are not appropriate witnesses in this litigation. Notably, defendants have not even deposed Teen Model, notwithstanding that they noticed her, we produced her, and they opted not to depose her.

Plaintiff objects to the issuance of any subpoena on plaintiff's accountants, and respectfully requests that the Court not permit defendant(s)' to serve same. As aforesaid, defendants' can obtain all of the information that they seek from *plaintiff's agents*. However, if they depose plaintiff's accountants, not only will they be failing to depose the primary source of the financial information (as the primary source is plaintiff's agents), but they will be deposing an entity that lacks knowledge of, *inter alia*, the value of plaintiff as a model, plaintiff's stature in the modeling industry, plaintiff's ability to market and sell products, the demand for the use of her image, the fees negotiated for the use of her image, and the effect that defendant(s)' uses of her image has had on her career—key factors that affect plaintiff's valuation of damages.

Although all of this has been explained to defendant's counsel via voluminous correspondence, defendant inexplicably continues to insist on deposing a rather uninformed non-party, who happens to be plaintiff's accountants. Obviously, defendant's counsel will have the opportunity to perform a great deal of legal work which is common where defendants have admitted liability under oath. Defendant's request is at best, unreasonably intrusive and an apparent litigation tactics employed to intimidate and harass the minor plaintiff. For the many foregoing reasons, we respectfully request that the Court deny defendant's request.

Please take note that I am scheduled to undergo a medical procedure on Wednesday, August 22nd, and therefore respectfully request that the follow-up conference call, which was set for August 22, 2012 at 11:00 a.m. be rescheduled to the following day at a time mutually convenient to the Court and all counsel. The Court's courtesies are appreciated.

Respectfully,

*Edward C. Greenberg*
Tamara L. Lannin

cc. *via email,*
Kanika D. Corley, Esq., James J.S. Holmes, Sedgwick LLP, *Counsel for Blood is the New Black*
Paul Callan, Esq., Stephen Barrett, Esq., Warren Koster, Esq., *Counsel for Urban Outfitters, Inc.*