

RECEIVED OCT 11 2012 CHAMBERS OF DEBRA FREEMAN U.S.M.J.

# EDWARD C. GREENBERG, LLC
## COUNSELORS AT LAW
570 LEXINGTON AVENUE, 19TH FLOOR
NEW YORK, NY 10022

TELEPHONE: (212) 697-8777
FACSIMILE: (212) 697-2528
ECGLAW@GMAIL.COM

Tamara L. Lannin

October 11, 2012

Of Counsel:
Debra S. Reiser

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/25/12

VIA HAND DELIVERY
Hon. Debra C. Freeman
United States Magistrate Judge
United States Courthouse
500 Pearl St., Courtroom 17A
New York, NY 10007-1312

      Re:  Teen Model v. Blood is the New Black, et al.
           Index:  11-CV-5766 (GBD) (DCF);   Our File:  C413p

## LETTER MOTION FOR AN ORDER PURSUANT TO LOCAL CIVIL RULE 30.1

Your Honor,

      As you know, this office represents the plaintiff in the above captioned matter.

      You may recall that during the telephone conference held on September 27, 2012, Your Honor referred plaintiff to Local Civil Rule 30.1 with respect to defendants' intended deposition of plaintiff's accounting firm (David Weise & Associates) in California. Pursuant to Your Honor's directives, we are herein seeking an Order pursuant to Local Civil Rule 30.1. In the event that Your Honor requires an additional pre-motion conference, then we respectfully request same.

      Local Civil Rule 30.1 states in full as follows:

> "**Local Civil Rule 30.1.  Counsel Fees on Taking Depositions More than 100 Miles From Courthouse**
> "When a deposition upon oral examination is to be taken at a place more than one hundred (100) miles from the courthouse, any party may request the Court to issue an order providing that prior to the examination, another party shall pay the expense (including a reasonable counsel fee) of the attendance of one attorney for each other party at the place where the deposition is to be taken. The amounts so paid, unless otherwise directed by the Court, may be taxed as a cost at the conclusion of the action or proceeding."

      On October 2, 2012, plaintiff sought clarification from defendants as to whether they intended to pursue an oral deposition of David Weise and Associates in California, or if alternatively, they intended to submit written questions or discovery requests with respect to the authenticity of documents. On September 9, 2010, defendant Blood is the New Black advised that they intend to conduct an oral deposition, rather than submit written questions, of David Weise & Associates in California.

Accordingly, plaintiff respectfully requests that the Court issue an order pursuant to Local Civil Rule 30.1 requiring defendant Blood is the New Black to pay the expense (including airfare, hotel and a reasonable counsel) fee for the attendance of one attorney from this office to appear at the deposition in California. A Proposed Order is annexed hereto as Exhibit "A", and an accompanying Declaration with Points of Legal Authority is annexed to the Proposed Order as Exhibit 1.

Presently, plaintiff is inquiring as to David Weise & Associates availability and will be coordinating dates for a deposition with defendants' counsel.

The Court's courtesies area appreciated.

Most Respectfully,

Edward C. Greenberg
Tamara L. Lannin

Encls.
Exhibit A: Proposed Order
Exhibit 1: Declaration of Edward C. Greenberg with Points of Legal Authority

*Cc. Via Email (With Encls.)*
Kanika D. Corley, Esq., James J.S. Holmes, Sedgwick LLP, *Counsel for Blood is the New Black*
Paul Callan, Esq., Stephen Barrett, Esq., Warren Koster, Esq., *Counsel for Urban Outfitters, Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X    Index: 11-CV-5766 (GBD)(DCF)
TEEN MODEL (a minor), by her parents,
PARENTS,
                                      Plaintiffs,              **PROPOSED ORDER**
                                                                      **PURSUANT TO**
                -against-                                        **LOCAL CIVIL**
                                                                         **RULE 30.1**
BLOOD IS THE NEW BLACK, and
URBAN OUTFITTERS, INC.,
                                        Defendants.
----------------------------------------------------------------x

       Upon reading the annexed Letter Motion by Edward C. Greenberg, attorney for plaintiff, dated August 11, 2012; upon the Declaration of Edward C. Greenberg with Points of Legal Authority annexed hereto as Exhibit 1; and upon all of the papers, pleadings and proceedings heretofore had herein;

       WHEREAS, defendant, BLOOD IS THE NEW BLACK seeks to depose plaintiff's accounting firm, David Weise & Associates, in California, and whereas the Court has granted defendant permission to conduct said deposition; and

       WHEREAS, the process of conducting a deposition in California will require plaintiff to incur unnecessary expense by paying for airfare, a hotel, and expending the time incurred with travelling across the country in order to be present at the deposition;

       WHEREAS, Local Civil Rule 30.1 provides that "When a deposition upon oral examination is to be taken at a place more than one hundred (100) miles from the courthouse, any party may request the Court to issue an order providing that prior to the examination, another party shall pay the expense (including a reasonable counsel fee) of the attendance of one attorney for each other party at the place where the deposition is to be taken. The amounts so paid, unless otherwise directed by the Court, may be taxed as a cost at the conclusion of the action or proceeding.";

WHEREAS, the attorney fee rate of $450 per hour is reasonable for plaintiff's counsel, Mr. Edward C. Greenberg, Esq.

WHEREAS, Plaintiff, by and through her counsel, has requested that the Court issue an Order pursuant to Local Civil Rule 30.1, requiring defendant BLOOD IS THE NEW BLACK to pay the expense (including airfare, hotel and a reasonable counsel fee) for the attendance of one attorney from Edward C. Greenberg, LLC office to appear at the deposition in California;

NOW, on letter motion of plaintiffs' attorneys, it is hereby

ORDERED, that pursuant to Local Civil Rule 30.1, defendant BLOOD IS THE NEW BLACK is required to pay the expense (including airfare, hotel and a reasonable counsel fee) for the attendance of one attorney from Edward C. Greenberg, LLC to appear at the deposition of David Weise & Associates in California; and it is further;

ORDERED, that promptly upon the scheduling of a deposition date, plaintiff's counsel book the corresponding hotel and airfare for its attendance at the deposition, front the local transportation costs, and that plaintiff's counsel provide to defendant's counsel copies of the receipts or their substantial equivalents for the costs of airfare, hotel, and local transportation; and it is further

ORDERED that within fourteen (14) days of plaintiff's delivery of a copy of said receipts or their substantial equivalents to defendant's counsel, that defendant's counsel shall reimburse plaintiff's counsel for the hotel, airfare, and local transportation costs (to and from the airport(s), hotel, and deposition location), as well as payment of a reasonable counsel fee, which shall be calculated as a) seven hours for the deposition multiplied by the counsel rate of $450 per hour; plus b) the number of hours of the flights to and from Los Angeles (inclusive of any layovers), multiplied by half of the counsel rate, which is the rate of $225 per hour;

SO ORDERED:

                                                  Hon. Debra C. Freeman
                                                  United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X  Index: 11-CV-5766 (GBD)(DCF)
TEEN MODEL (a minor), by her parents,
PARENTS,
                                Plaintiffs,                                    **DECLARATION OF**
                                                                                    **EDWARD C. GREENBERG WITH**
                                                                                     **POINTS OF LEGAL AUTHORITY**
                               -against-                                          **IN SUPPORT OF PLAINTIFF'S**
                                                                                    **LETTER MOTION FOR AN**
BLOOD IS THE NEW BLACK, and                  **ORDER PURSUANT TO**
URBAN OUTFITTERS, INC.,                              **LOCAL CIVIL RULE 30.1**
                                Defendants.
------------------------------------------------------------------x

**EDWARD C. GREENBERG**, being duly sworn, deposes and says:

      1. I am a member of the Bar of this Court and am the principal of the law firm of EDWARD C. GREENBERG, LLC, attorneys for plaintiff in the above-entitled action, and I am familiar with all the facts and circumstances of this action.

      2. I make this declaration in support of Plaintiff's Request for an Order, pursuant to Local Civil Rule 30.1, requiring defendant BLOOD IS THE NEW BLACK to pay the expense (including airfare, hotel, local transportation, and a reasonable counsel fee) for the attendance of one attorney from Edward C. Greenberg, LLC office to appear at the deposition of David Weise & Associates in California.

      3. Local Civil Rule 30.1 provides that "When a deposition upon oral examination is to be taken at a place more than one hundred (100) miles from the courthouse, any party may request the Court to issue an order providing that prior to the examination, another party shall pay the expense (including a reasonable counsel fee) of the attendance of one attorney for each other party at the place where the deposition is to be taken. The amounts so paid, unless otherwise directed by the Court, may be taxed as a cost at the conclusion of the action or proceeding."

      4. Despite plaintiff's objections to the deposition of David Weise & Associates, the Court has granted defendant BLOOD IS THE NEW BLACK permission to depose same in California,

and referred plaintiff to seek relief under Local Civil Rule 30.1. Plaintiff seeks an Order from the Court, pursuant to Local Civil Rule 30.1, requiring defendant BLOOD IS THE NEW BLACK to pay plaintiff's counsel for the cost of the airfare, hotel, local transportation, and a reasonable counsel fee for the attendance of the deposition in California (*see, In re Fosamax Prods. Liab. Litig.*, 2009 U.S. Dist. LEXIS 27209 (S.D.N.Y. Mar. 4, 2009) (ordering one party to advance to the other the costs (including a reasonable counsel fee) for the attendance of one attorney at the deposition); *Mengele v. Patriot II Shipping Corp.*, 2001 U.S. Dist. LEXIS 15590, 3-4 (S.D.N.Y. Sept. 27, 2001) (upholding the Magistrate Judge's decision that "defendants should have anticipated that they would have to compensate plaintiff's counsel for travel time").

      5. With respect to the hotel, airfare, and local transportation (to and from the airport(s), hotel, and deposition location), plaintiff's counsel proposes that it book its hotel and airfare (at coach, rather than Business or First Class rates), and front the cost for the local transportation, and then provide to defendant's counsel copies of the receipts for same (or their substantial equivalents). Plaintiff further proposes that defendant's counsel reimburse plaintiff for said expenses within 14 days of the delivery of the receipt copies. Plaintiff will waive a *per diem* for meals. With respect to the payment of a reasonable counsel fee, plaintiff's counsel proposes that defendant's counsel pay attorneys' fees as follows: a) seven hours for the deposition multiplied by the counsel rate of $450 per hour; plus b) the number of hours of the flight to and from Los Angeles (inclusive of any layovers), multiplied by *half* of the counsel rate, which is the rate of $225 per hour. As set forth hereinbelow, the hourly rates and number of hours for which plaintiff is seeking fees pursuant to Local Civil Rule 30.1 are reasonable.

      6. I will be the attorney appearing at defendant BLOOD IS THE NEW BLACK'S deposition of David Weise & Associates.

7. The undersigned counsel bills at the hourly rate of $450.00 per hour, and typically a half-rate for travel time. As set forth hereinbelow, such hourly rate is reasonable in this District.

**Reasonable Hourly Rate**

8. Court's must assess whether the attorneys' fee rate(s), for which plaintiff seeks compensation, are reasonable (*Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d at 184 (2008); *Miroglio S.P.A. v. Conway Stores, Inc.*, 629 F. Supp. 2d 307, 313 (S.D.N.Y. 2009); *M. Lady, LLC v. AJI, Inc.*, 2009 U.S. Dist. LEXIS 36212 (S.D.N.Y. Apr. 29, 2009); *Entral Group Int'l, LLC v. Sun Sports Bar Inc.*, 05-CV-4836 (CBA), 2007 U.S. Dist. LEXIS 72786 (E.D.N.Y. Sept. 28, 2007); *Reiter v. MTA N.Y. City Transit Auth.*, 457 F.3d 224, 232 (2d Cir. 2006); *McDonald ex rel. Prendergast v. Pension Plan of the NYSA-ILA Pension Trust Fund*, 450 F.3d 91, 96-97 (2d Cir. 2006); *Nat'l Ass'n for the Specialty Food Trade, Inc. v. Construct Data Verlag Ag*, 04 Civ. 2983 (DLC)(KNF), 2006 U.S. Dist. LEXIS 89148 (S.D.N.Y. Dec. 11, 2006); *601 W. Assocs. LLC v. Kleiser-Walczak Constr. Co.*, 2004 U.S. Dist. LEXIS 8920 (S.D.N.Y. May 18, 2004); *A.R. ex rel. R.V. v. New York City Dep't of Educ.*, 407 F.3d 65, 82 (2d Cir. 2005); *Farbotko v. Clinton County*, 433 F.3d 204, 209 (2d Cir. 2005); *Stevens v. Aeonian Press, Inc.*, 00 Civ. 6330 (JSM), 2002 U.S. Dist. LEXIS 20189 (S.D.N.Y. Oct. 23, 2002); *Luciano v. Olsten Corp.*, 109 F.3d 111, 115 (2d Cir. 1997); *Miele v. N.Y. State Teamsters Conference Pension & Ret. Fund*, 831 F.2d 407, 409 (2d Cir. 1987); *Blum v. Stenson*, 465 U.S. 886, 896 (1984)).

9. In *Arbor Hill*, the Court found that a reasonable rate is "what a reasonable, paying client would be willing to pay" (*Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d at 184 (2008); *see, M. Lady, LLC v. AJI, Inc.*, 2009 U.S. Dist. LEXIS 36212 (S.D.N.Y. Apr. 29, 2009); *Miroglio S.P.A. v. Conway Stores, Inc.*, 629 F. Supp. 2d 307, 313 (S.D.N.Y. 2009)).

10. Courts in this District have routinely assessed same by comparing the attorney fee rates to the prevailing rates in this District for "similar services by lawyers of reasonably comparable skill, experience and reputation" (*quoting, Blum v. Stenson*, 465 U.S. 886, 896 (1984), *see, M. Lady, LLC v. AJI, Inc.*, 2009 U.S. Dist. LEXIS 36212, 15-16 (S.D.N.Y. Apr. 29, 2009); *Reiter v. MTA N.Y. City Transit Auth.*, 457 F.3d 224, 232 (2d Cir. 2006); *Miroglio S.P.A. v. Conway Stores, Inc.*, 629 F. Supp. 2d 307, 314 (S.D.N.Y. 2009); *601 W. Assocs. LLC v. Kleiser-Walczak Constr. Co.*, 2004 U.S. Dist. LEXIS 8920 (S.D.N.Y. May 18, 2004); *Luciano v. Olsten Corp.*, 109 F.3d 111, 115 (2d Cir. 1997)).

11. A court can rely on its own knowledge of the rates charged by practitioners in order to make such comparison (*see, McDonald ex rel. Prendergast v. Pension Plan of the NYSA-ILA Pension Trust Fund*, 450 F.3d 91, 96-97 (2d Cir. 2006); *A.R. ex rel. R.V. v. New York City Dep't of Educ.*, 407 F.3d 65, 82 (2d Cir. 2005); *Miele v. N.Y. State Teamsters Conference Pension & Ret. Fund*, 831 F.2d 407, 409 (2d Cir. 1987)); *Farbotko v. Clinton County*, 433 F.3d 204, 209 (2d Cir. 2005)).

12. In the case of *M. Lady, LLC v. AJI, Inc.*, this Court relied on the American Intellectual Property Law Association's Report, which indicated "that the average hourly rate charged by an intellectual property lawyer in the New York area in 2006 was $453" (2009 U.S. Dist. LEXIS 36212, 17-18 (S.D.N.Y. Apr. 29, 2009)). This Court has previously awarded attorneys' fees at and around Mr. Greenberg's rate of $450.00 per hour in intellectual property litigation cases, upon finding such rate to be reasonable (*see, Nat'l Ass'n for the Specialty Food Trade, Inc. v. Construct Data Verlag Ag*, 04 Civ. 2983 (DLC)(KNF), 2006 U.S. Dist. LEXIS 89148 (S.D.N.Y. Dec. 11, 2006) (awarding attorney's fees at the rate of $400 to $540 per hour); *Stevens v. Aeonian Press, Inc.*, 00 Civ. 6330 (JSM), 2002 U.S. Dist. LEXIS 20189 (S.D.N.Y. Oct. 23, 2002) (finding the hourly rate of $460.00 to be reasonable in a copyright infringement action); *see also, Entral Group Int'l, LLC v. Sun Sports Bar*

*Inc.*, 05-CV-4836 (CBA), 2007 U.S. Dist. LEXIS 72786 (E.D.N.Y. Sept. 28, 2007) (finding hourly rate of $560.00 to be reasonable)).

13. Plaintiff's counsel, Edward C. Greenberg, who routinely practices in this District, is the principal of the law firm, Edward C. Greenberg, LLC, and has over thirty years of litigation experience, as is indicated hereinbelow.

14. By way of background, your declarant has been litigating intellectual property cases for over 32 years. I have co-authored the book, "Photographer's Survival Manual" published by Lark Books and imprint of Barnes and Noble. I am the co-author of "The Copyright Zone" a regular column appearing in Photoshop User Magazine (Circulation 100,000+) which deals with legal issues extant in the photography, advertising and modeling industries. I have been a lecturer and speaker on countless occasions in the States of New York, Florida, Massachusetts and California where I have been sponsored by two photographers' trade associations, Editorial Photographers (EP) and American Photographic Artists (APA).

15. I am a paid lecturer for the National Association of Photoshop Professionals (NAPP) for whom I lecture in various venues on copyright and other photo related legal issues. I was on the faculty and guest lecturer in the Masters Program in Digital Photography at The School of Visual Arts in New York. On October 19, 2012, I will be giving my annual seminar on photography law at the Hallmark Institute of Photography, located in Turners Falls, MA. I have lectured *pro bono* to various photo groups on the subjects of copyright and similar issues.

16. Your declarant is co-authored and appeared in three classes as DVDs for Kelby Training which are also offered for on line (paid) viewing. Topics covered include copyright registration/enforcement, model releases and legal foremanship for photographers.

17. I wrote the legal column and answered inquires for several years for both the Editorial Photographers Forum and theispot.com, an illustration website. I now co-author a blog

available to photographers and illustrators without charge, which deals with legal and business issues in the photography and related industries (thecopyrigghtzone.com)

18. I have been qualified as an Expert Witness in two jurisdictions (including New York) to testify on photo/legal matters and have also been retained to assist other counsel in this District and elsewhere in their representation of artists, photographers, models and illustrators.

19. We have litigated a very substantial number of intellectual property cases and average at least 5-10 such cases at any given time. We have had at least one intellectual property and/or copyright case pending in this District (or elsewhere) virtually every day over at least the last decade. We have tried cases to verdict in these areas in this District and in the Supreme Court of the State of New York. We have argued appeals in both the Second Circuit and the Appellate Divisions of the State of New York, on intellectual property issues.

20. Our representative clients include/d the leading photographers, models, and modeling agencies of their generation: Richard Avedon, Melvin Sokolsky, Bill Epperidge. Jack Scalia, Evelyn Kuhn (and numerous individual models), Ford Models, Next Models, The Society of Illustrators, Broadway performers Patti LuPone and Betty Buckley, members of the rock groups Lynyrd Skynyrd and the B 52's, and actor Robert Vaughn. Currently we represent several hundred photographers, artists and illustrators throughout the United States, Asia and the EU. 95% of our clients are individual creative people.

21. We verily believe that we are among the most experienced plaintiff's lawyers in this District providing these type services.

22. In comparison with the prevailing rates in this district for intellectual property litigation, and prior findings of this Court, for the foregoing reasons, the hourly rate of $450.00 is more than reasonable, particularly in light of that fact that many of our clients are individuals, rather than substantial corporate entities.

29. The aforesaid costs and time incumbent with travelling across the country for a deposition are necessitated by defendant's insistence on taking an oral deposition of the accounting firm.

Dated: New York, New York
October 11, 2011

s/ EDWARD C. GREENBERG, ESQ. (5553)
EDWARD C. GREENBERG, LLC
570 Lexington Ave., 17th Floor
New York, New York 10022
(212) 697-8777
*Attorneys for Plaintiff*