

ATTORNEYS AT LAW
801 SOUTH FIGUEROA STREET, 19TH FLOOR  LOS ANGELES, CALIFORNIA 90017-5556
www.sedgwicklaw.com   213.426.6900 *phone*   213.426.6921 *fax*

**Sedgwick**

RECEIVED
OCT 15 2012
CHAMBERS OF
DEBRA FREEMAN
U.S.M.J.

October 12, 2012

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/25/12
```

***Via Federal Express***
Hon. Debra Freeman
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl St.
New York, NY 10007-1312

RE:   *Teen Model (a minor), by her parents, PARENTS v. Jason Lee Parry, et al.*
      USDC Civil Action No. 11-CV-5766 (GBD)
      Our File No.: 00214-008905

Dear Magistrate Judge Freeman:

Defendant Est 1844, LLC dba Blood Is The New Black ("BITNB") respectfully submits this Letter Brief in opposition to plaintiff's October 11, 2012 Letter Motion for an Order Pursuant to Local Rule 30.1 ("Rule 30.1 Motion").

### The Court's September 27, 2012 Ruling

On September 27, 2012, the Court granted defendants leave to subpoena for deposition the person most knowledgeable at plaintiff's accounting firm, David Weise & Associates ("Weise"). In doing so, the Court considered and accepted the arguments raised in BITNB's August 17 and September 10 Letter briefs, oral arguments presented by both counsel for Urban and BITNB, and, based on those presentations, determined that defendants had made a sufficient showing of good cause to allow the deposition to proceed in California.

BITNB acknowledges that, during the telephone conference, the Court referred plaintiff to the Local Rules regarding recovery of costs. However, the Court advised plaintiff that any motion for costs associated with the Weise deposition should be filed *after the deposition*, and only upon plaintiff's conclusion that the expense of the deposition outweighed the utility of same. At no time did the Court make any order that the anticipated costs and attorneys' fees associated with the Weise deposition be borne by defendants *prior to the occurrence of the deposition*.

### Plaintiff's Request to Tax Costs is Not Ripe

Given that the deposition of Weise has not even been scheduled (BITNB is awaiting dates from plaintiff), plaintiff's Motion is premature, uncertain, and would require the Court to issue a ruling in a vacuum, without the benefit of knowing the actual costs involved or, equally important, whether the deposition yielded relevant and useful testimony. In addition, plaintiff's request is an attempt to dissuade the defendants from moving forward with the proposed deposition.

LA/1916914v1

Hon. Debra Freeman
October 12, 2012
Page 2

### Consistent with Judge Daniels' Ruling on Defendants' Motion to Transfer, Plaintiff's Expenses Should Not Be Borne by Defendants

Local Rule 30.1 allows for the exercise of discretion in ordering the pre-payment of certain costs. See Local Rule 30.1 ("the court *may* provide that prior to the examination, the applicant pay the expense . . . of the attendance of one attorney for each adversary party . . . ."); See also *Ohlson v. The Cadle Company, Inc.*, 2010 U.S. Dist. LEXIS 37811 *4 (no abuse of discretion occurred when trial court denied without prejudice plaintiff's application for payment of costs prior to the taking of out of town depositions).

Here, it was plaintiff who filed by and through her parents, California residents, who chose to file the action in New York, despite the fact that parents, and, until September 2012, Teen Model herself, all reside in California. To be sure, plaintiff's accountant – the deponent – lives and works in California.

As Judge Daniels aptly noted during the November 8, 2011 hearing on defendants' Motion to Transfer Venue:

> . . . I can assure you that the burden of significant deposition, particularly by the plaintiff, if they want to be in New York, I'm going to within reason put the burden on them to get to California and depose as many people as possible on a trip to California if the alternative is simply that the defendant has to bear the burden and expense of flying all these people over that they want to depose to New York at their expense . . .

[See, Transcript of November 8, 2011 Proceedings, attached as Exhibit "A", at page 42, lines 10 – 20.]

It would be fundamentally unfair to require defendants to bear the burden and expense of flying critical witnesses to New York to accommodate plaintiff's counsel, when it was the *plaintiff* who elected to file suit in an inconvenient forum. For that reason, BITNB requests that the Court deny plaintiff's Rule 30.1 Motion, without prejudice. If the Court is unwilling to deny plaintiff's Rule 30.1 Motion at this time, BITNB requests that the Court reserve ruling on the Motion until the deposition of Weise has occurred and the parties have been afforded the opportunity to brief the Court on the utility versus the expense of the deposition.

Very truly yours,

James J.S. Holmes
Kanika D. Corley
Sedgwick LLP


cc:   All Counsel (*via electronic mail only*)

LA/1916914v1

```
                                                                        1
     1B8FTEEA
 1   UNITED STATES DISTRICT COURT
 1   SOUTHERN DISTRICT OF NEW YORK
 2   ------------------------------x
 2
 3   TEEN MODEL,
 3
 4                Plaintiff,
 4
 5           v.                            11 CV 5766 (GBD)
 5
 6   JASON LEE PARRY, et al,
 6
 7                Defendant.
 7
 8   ------------------------------x
 8                                         New York, N.Y.
 9                                         November 8, 2011
 9                                         11:00 a.m.
10
10   Before:
11
11                   HON. GEORGE B. DANIELS,
12
12                                         District Judge
13
13                        APPEARANCES
14
14   EDWARD C. GREENBERG, LLC
15        Attorney for Plaintiff
15   EDWARD C. GREENBERG
16   TAMARA LANNIN
16
17   CALLEN, KOSTER, BRADY & BRENNAN, LLP
17        Attorneys for Defendant Urban Outfitters, Inc.
18   STEPHEN BARRETT
18
19   FOLEY & LARDNER
19        Attorney for Defendant Parry
20   ANDREW BUAM
20
21   WOLF, RIFKIN, SHAPIRO, SCHULMAN & RABKIN, LLP
21        Attorneys for Defendant Brandy & Melville, N.Y. Inc.
22   CHARLES J. HARDER   (by telephone)
22
23   SEDGWICK LLP
23        Attorneys for Defendant Blood is the New Black
24   KANIKA D. CORLEY (by telephone)
25
                    SOUTHERN DISTRICT REPORTERS, P.C.
                             (212) 805-0300
```

42

1B8FTEEA

1   of the parents when it took place. If it didn't, then that's
2   another issue, and I'm not sure either way it's an issue that
3   sort of makes anything, that the photo shoot's inappropriate if
4   the parents are standing right there when the photo shoot is
5   taking place and they don't have any complaint at the time and
6   their only complaint is after they see the photographs they
7   realize that they're not as flattering as they hoped they would
8   be and decide to withdraw and not grant any further consent.
9   That would make it a different issue.
10             But this is not, you know, this is not a complicated
11  case with hundreds of witnesses that need either to testify at
12  a trial or even be deposed and I can assure you that the burden
13  of significant depositions, particularly by the plaintiff, if
14  they want to be in New York, I'm going to within reason put the
15  burden on them to get to California and depose as many people
16  as possible on a trip to California if the alternative is
17  simply that the defendant has to bear the burden and expense of
18  flying all these people over that they want to depose to New
19  York at their expense, if the plaintiffs are now going to incur
20  those expenses.
21             Is there anything else that you think is particularly
22  compelling that it should be in California?
23             MR. HARDER: Your Honor, this is Charles Harder. The
24  way we read the law in the Second Circuit is that California
25  law applies and that would mean that applies to the right of