# EDWARD C. GREENBERG, LLC

COUNSELORS AT LAW
570 LEXINGTON AVENUE, 19TH FLOOR
NEW YORK, NY 10022

TELEPHONE: (212) 697-8777
FACSIMILE: (212) 697-2528
ecglaw@gmail.com

Of Counsel:
Debra S. Reiser



October 15, 2012

DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/25/12

VIA HAND DELIVERY

Hon. Debra C. Freeman
United States Magistrate Judge
United States Courthouse
500 Pearl St., Courtroom 17A
New York, NY 10007-1312

Re:   Teen Model v. Blood is the New Black, et al., 11-CV-5766 (GBD) (DCF).

Your Honor,

     As you know, this office represents the plaintiff in the above captioned matter. We write in reply to Ms. Kanika D. Corley's letter to Your Honor, dated October 12, 2012, regarding plaintiff's request for an Order Pursuant to Local Rule 30.1.

     Defendant tries to argue that plaintiff's accounting firm is a "critical witness", and thus plaintiff should bear the cost. We respectfully note that plaintiff bore its own costs in attending the deposition of Jason Lee Parry in California. However, Plaintiff vigorously disputes the contention that the accounting firm is a "critical witness". The Court has already received numerous correspondences regarding the *unimportance* of deposing plaintiff's accounting firm, including the letters by your correspondent dated August 20th, September 14th and September 24th, 2012. With respect for the Court's time, we will not repeat the points made therein, which we believe state our position quite clearly.

     For the same reasons, we also will not repeat the arguments made in plaintiff's opposition to defendant's motion to change venue, which was denied by Judge Daniels, finding the Southern District of New York to be the appropriate forum. Please also note that contrary to defendant's counsel's assertion, plaintiff has in fact been a resident of New York since 2011, before this action was filed. The fact that the Court's words have been taken out of context is blatantly obvious. We believe that to explain each and every way would unnecessarily burden this Court. However, should the court require plaintiff to elaborate on this point, we will certainly do so.

     Instead of revisiting this issue *again* after the deposition, which would be a waste of everyone's time, the matter is appropriately addressed now, in conformance with the protocol set forth in Local Civil Rule 30.1. A deposition of David Weise and Associates is in no way relevant to plaintiff's claims, and is only occurring at the specific request of defendant Blood is the New Black. This is despite the fact that the primary source of the information is plaintiff's agents—not the accounting firm. As such, defendant should be required to pay the costs for plaintiff's counsel to attend the deposition in California.

                              Most Respectfully,

                              Edward C. Greenberg

*Cc. Via Email, All Counsel of Record*