# CALLAN, KOSTER, BRADY & BRENNAN, LLP

COUNSELORS AND ATTORNEYS AT LAW

NEW YORK, NY    GARDEN CITY, NY    SHREWSBURY, NJ    RIDGEWOOD, NJ

www.ckbblaw.com

Paul F. Callan, Esq.
Partner

pcallan@ckbblaw.com



CHAMBERS OF
DEBRA FREEMAN
U.S.M.J.

ONE WHITEHALL STREET
NEW YORK, NY 10004
TEL: (212) 248-8800
FAX: (212) 248-6815

October 17, 2012

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/25/12
```

**Via Hand Delivery**
Hon. Debra C. Freeman
Untied States Magistrate Judge
United States Courthouse
500 Pearl Street, Courtroom 17A
New York, New York 10007

Re:   Teen Model v. Urban Outfitters, Inc.
      CV            :   11-CV-5766 (GBD)
      Our File No.  :   060.158310

Your Honor:

As you know, my office represents Urban Outfitters, Inc. ("Urban") in the above referenced matter. I write in response to plaintiff's letters to Your Honor, dated October 11, 2012 and October 15, 2012, which ask the Court to award plaintiff's counsel costs pursuant to Local Rule 30.1 for expenses related to attending the deposition of plaintiff's accounting firm in California. Plaintiff's counsel seeks to have these costs awarded *prior* to the deposition, rather than *after* the deposition as the defendants understood your directive during our most recent conference. While plaintiff's application specifically indicates that the costs requested should be borne by co-defendant Blood is the New Black, I feel compelled to respond to plaintiff's request inasmuch as it seeks to frustrate all defendants' avenues of discovery.

In support of her application for costs, plaintiff points principally to two cases: In re Fosomax Products Liability Litig., No. 06 MDL 1789 (JFK) (JCF), 2009 U.S. Dist. LEXIS 27209 (S.D.N.Y. Mar. 4, 2009) and Mengele v. Patriot II Shipping Corp., No. 99 Civ. 8745 (LTS) (KNF), 2001 U.S. Dist. LEXIS 15590 (S.D.N.Y. Sept. 27, 2001). Notably, Your Honor recently handed down a written opinion distinguishing these two cases in response to a directly analogous request made by plaintiff's counsel in Hoff v. WPIX, Inc., 11 Civ. 1591 (LBS) (DF), 2012 U.S. Dist. LEXIS 140696 (S.D.N.Y. September 21, 2012).

In Hoff, plaintiff's counsel sought costs and attorney's fees for attendance at a deposition to be held in California. Id. at *2. Plaintiff cited both In re Fosomax and Mengele. In response, Your Honor noted that an award of fees under Local Rule 30.1

was permitted only in the Court's discretion. Id. The decision goes on to distinguish In re Fosomax on the grounds that the deposition in question was to be held in England, saying that "[a]lthough travel to California certainly involves some time and expense, the burden associated with such travel is not as significant as that posed in the cited cases." Id. at *3. Moreover, the decision dismisses plaintiff's reliance on Mengele because, unlike the case at hand, "the Court had apparently issued an order directing that the parties were to be governed by Local Rule 30.1, and the deposition in question was then conducted after that date." Id. at *4n.1.

In Hoff, Your Honor ultimately granted plaintiff's counsel one-half of his travel expenses due to "the short notice that was given for th[e] deposition, which deprived Plaintiffs' counsel of the ability to make advance travel plans and likely increased the cost of such travel". Id. at *4-*5. No such short notice is at issue here. The requested deposition of David Weise & Associates has been the subject of correspondence amongst the parties for weeks, if not months. Moreover, the date on which the requested deposition will be held is still a matter to be decided amongst the parties. Accordingly, the deposition can be held as far forward into late-October or November as necessary to accommodate plaintiff's ability to make travel plans.

As a final point, it is worth noting that David Weise & Associates is not a typical non-party, in that the party to be deposed is an agent of the plaintiff herself. Plaintiff chose to fix the venue of this action in New York, and plaintiff's counsel zealously opposed a motion by co-defendant Blood is the New Black to transfer venue to California. Accordingly, it is curious that plaintiff's counsel now wishes to be compensated by defendants for the cost of traveling to California to depose plaintiff's accountants, simply because her accountants are located in California.

In sum, we believe that Your Honor's recent decision weighs heavily against plaintiff's request for pre-verdict costs and fees. We brought the Hoff decision to plaintiff's counsel's attention via letter dated October 12, 2012, and urged plaintiff to withdraw the request for cost and fees so that the deposition of David Weise & Associates could be scheduled without further delay or imposition on the Court. As plaintiff has opted to pursue their request for costs and fees prior to the deposition, this response was made necessary.

Based on the foregoing, Urban respectfully requests that plaintiff's application for costs be denied.

Very truly yours,

Paul F. Callan

PFC:sjb

2

**cc:**  **Via Email**
James J.S. Holmes, Esq.
Kanika Corley, Esq.
Sedgwick LLP
801 South Figueroa Street, 19th Floor
Los Angeles, California 90017
Kanika.Corley@sedgwicklaw.com
james.holmes@sedgwicklaw.com

**Via Email**
Edward C. Greenberg, Esq.
Tamara Lannin, Esq.
Edward C. Greenberg, P.C.
570 Lexington Avenue, 19th Floor
New York, New York 10022
tl.ecglaw@gmail.com
ecglaw@gmail.com