UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _10/26/12_

-------------------------------------------------------------X

TEEN MODEL,                                  :

                    Plaintiff,               :          11 Civ. 05766 (GBD) (DF)

         -against-                           :          **MEMORANDUM**
                                                        **AND ORDER**
BLOOD IS THE NEW BLACK, et al.,              :

                    Defendants.              :
-------------------------------------------------------------X

**DEBRA FREEMAN, United States Magistrate Judge:**

In the above-captioned matter, which is before this Court for general pretrial supervision,

defendant Blood is the New Black ("BITNB") has sought the deposition of the California-based

accountant of plaintiff Teen Model ("Plaintiff"). At a September 27, 2012 telephone case-

management conference with counsel for the parties, the Court overruled Plaintiff's objection to

the deposition. Plaintiff had primarily argued that potential relevance of the witness's testimony

would be greatly outweighed by the cost of counsel's travel to California, and that the deposition

should therefore not be permitted. The Court found that Plaintiff had failed to demonstrate a

sufficient lack of relevance to justify prohibiting the deposition, but the Court did point out to the

parties the provisions of Local Civil Rule 30.1, which allows for the Court to award expenses,

including reasonable attorney's fees, to a party forced by an adversary to travel to a deposition

held more than 100 miles from the courthouse. The Court urged BITNB to reevaluate its

options, in light of this Rule, but BITNB apparently decided that it wished to proceed with the

deposition, and Plaintiff has now submitted a letter motion and supporting declaration pursuant

to Rule 30.1, which BITNB has opposed. Defendant Urban Outfitters, Inc. ("Urban") has also

submitted a separate opposition to Plaintiff's motion, raising additional arguments not raised by

BITNB.[1]

For the reasons set forth below, Plaintiff's Rule 30.1 motion (Dkt. 148) is granted in part

and denied in part.

## DISCUSSION

**I.  RULE 30.1**

Local Civil Rule 30.1 provides:

> When a deposition upon oral examination is to be taken at a place
> more than one hundred (100) miles from the courthouse, any party
> may request the Court to issue an order providing that prior to the
> examination, another party shall pay the expense (including a
> reasonable counsel fee) of the attendance of one attorney for each
> other party at the place where the deposition is to be taken.  The
> amounts so paid, unless otherwise directed by the Court, may be
> taxed as a cost at the conclusion of the action or proceeding.

The possibility of being ordered to pay under the Rule should encourage litigants to give

thoughtful consideration to their need for depositions that would involve expensive travel, and it

should operate to dissuade parties from taking such depositions where less costly alternatives are

available. *See, e.g., Fears v. Wilhelmina*, No. 02 Civ. 4911 (HB) (HBP), 2003 WL 21737808,

at *2 (S.D.N.Y. July 25, 2003) (invoking Rule 30.1 to note that "[i]t may be prudent for

plaintiffs' counsel to reconsider" necessity of deposition as opposed to written discovery).  The

---

[1] The Court has undertaken to docket the parties' recent letter submissions to the Court.
(*See* Letter to the Court from Edward C. Greenberg, Esq., dated Oct. 11, 2012 ("Pl. Mot.") and
accompanying Declaration of Edward C. Greenberg with Points of Legal Authority in Support of
Plaintiff's Letter Motion for an Order Pursuant to Local Civil Rule 30.1 ("Greenberg Decl.")
(Dkt. 148); Letter to the Court from James J.S. Holmes and Kanika D. Corley, Esq., dated
Oct. 12, 2012 ("BITNB Opp.") (Dkt. 149); Letter to the Court from Edward C. Greenberg, Esq.,
dated Oct. 15, 2012 ("Pl. Reply") (Dkt. 150); *see also* Letter to the Court from Paul F. Callan,
Esq., dated Oct. 17, 2012 ("Urban Opp.") (Dkt. 151).)

Rule also allows courts to weigh the equities of reallocating discovery costs where the strategic choices of one party would cause another to incur inordinate expense. In *In re Fosamax Prods. Liab. Litig.*, 2009 U.S. Dist. LEXIS 27209, No. 1:06-MD-1789 (JFK) (JCF), at *32 (S.D.N.Y. Mar. 4, 2009), for example, the court concluded that, where a party opted to chose an Australian expert for a United States litigation, it was reasonable for that party to bear its adversary's travel costs for the expert's deposition in Australia.

Based on the full text of Rule 30.1 and cases applying it, the Rule contemplates that an award of expenses made pursuant to the Rule should be made "prior to" the deposition in question. Local Civ. R. 30.1; *see also In re Fosamax*, 2009 U.S. Dist. LEXIS 27209, at *32 (requiring party to "advance" opposing counsel's costs of attendance at deposition). Then, if the party that is required to pay such expenses ultimately prevails in the case, that party can (unless the Court otherwise directs) recover those expenses as a "cost," taxed "at the conclusion of the action." Local Civ. R. 30.1. While courts have, at times, allowed post-deposition applications under Rule 30.1, *see, e.g., Ohlson v. The Cadle Co.*, No. 04 Civ. 3418 (DRH) (ETB), 2010 U.S. Dist. LEXIS 17712 (E.D.N.Y. Mar. 1, 2010) (Boyle, Mag. J.), *aff'd*, 2010 U.S. Dist. LEXIS 37811, at *12 n.3 (Apr. 16, 2010); *Voss of Norway, A.S.A. v. Enoitalia, S.p.A.*, No. 05 Civ. 8061 (RMB) (DFE), 2006 WL 3456331 (S.D.N.Y. Nov. 30, 2006), such an approach appears contrary to what the Rule contemplates on its face and is an exception to usual practice.

## II.   PLAINTIFF'S APPLICATION

Based on the parties' arguments, it appears that, while the California deponent in question (an accountant with the firm of David Weise & Associates) may be able to provide at least some testimony relevant to the claims or defenses asserted in this action, that testimony is likely to be largely duplicative of information available either from Plaintiff's modeling agents

3

or in documentary form. As the desired testimony is likely to be of only limited value, and the cost of travel is significant, these basic factors weigh in favor of applying Rule 30.1 in this instance.

BITNB attempts to argue that it would be inequitable for BITNB to have to bear Plaintiff's cost of travel because it had initially wanted to transfer the case to a California forum, and Plaintiff opposed the transfer. BITNB cites Judge Daniels' admonition to Plaintiff that, while the Court was denying the requested transfer to California, it would "within reason put the burden on [Plaintiff] to get to California and depose as many people as possible," rather than requiring Defendants to fly witnesses to New York. (BITNB Opp., at 2 (quoting hearing transcript), Ex. A (excerpt from transcript of Nov. 8, 2011 hearing).) The plain meaning of Judge Daniels' statement is that Plaintiff was generally to bear the burden of traveling to depose Defendants' witnesses, not that Plaintiff would necessarily bear the cost of every trip occasioned by Defendants, regardless of the particular equities involved. Apparently, Plaintiff has, in fact, borne her costs for other California depositions, without making any other applications under Rule 30.1. Further, to the Court's knowledge, witnesses have already been deposed in New York, as well as in California, casting doubt on BITNB's assertion that consenting to a California forum would have relieved Plaintiff of the burden of travel expenses. Under these circumstances, the Court does not agree with BITNB that it would be "fundamentally unfair" to require BITNB to bear the cost of this one deposition (BITNB Opp., at 2), particularly as the Court has already expressed its skepticism that this particular deposition is really as "critical" (*id.*) as BITNB claims.

In its separate submission, Urban tries to add to the arguments made by BITNB in opposition to Plaintiff's motion, by attempting to distinguish two Rule 30.1 cost-shifting cases

relied upon by Plaintiff – *In re Fosamax* and *Mengele v. Patriot II Shipping Corp.*, 2001 U.S.

Dist. LEXIS 15590, No. 99 Civ. 8745 (LTS) (KNF) (S.D.N.Y. Sept. 27, 2001) (both cited in

Greenberg Decl., at 2, ¶ 4). Urban points out that, in a recent decision of this Court, *Hoff v.

WPIX, Inc.*, 2012 U.S. Dist. LEXIS 140696, Nos. 11 Civ. 1591 (LBS) (DF), 10 Civ. 7819 (LBS)

(DF) (S.D.N.Y. Sept. 21, 2012), this Court itself distinguished both *In re Fosamax* and *Mengele*,

and, in so doing, largely denied a Rule 30.1 motion. (*See* Urban Opp., at 1-2 (citing *Hoff*).)

Urban's attempt to square the instant case with *Hoff*, however, is unpersuasive. *Hoff* turned on

different facts than those presented here, and the outcome of that case should not dictate the

outcome of this one.

In particular, *Hoff* did not involve a deposition that was shown by the movant to be of

only limited relevance, as is the case here. Rather, the principal issue there was the unfairness

inherent in counsel's last-minute noticing of a California deposition, depriving opposing counsel

of any reasonable opportunity to make cost-effective travel plans. *See Hoff*, 2012 U.S. Dist.

LEXIS 140696, at *4. It is true that the Court noted that *In re Fosamax* involved longer-distance

travel (Australia, as opposed to California), *see Hoff*, at *3, but that was not the determinative

factor in the Court's decision to award the moving party in *Hoff* only a portion of its counsel's

travel expenses. As for *Mengele*, the very basis on which this Court distinguished that case in

*Hoff* shows its applicability here. Unlike the movant in *Hoff*, who did not seek fees and costs

until after the deposition in question had been concluded, the movant in *Mengele* – like Plaintiff

here – sought relief under Rule 30.1 prior to the deposition being scheduled. *See Hoff*, 2012 U.S.

Dist. LEXIS 140696, at *4 n.1. To the extent this case presents circumstances that this Court

said were absent in *Hoff*, but which justified cost-shifting in *Mengele*, the reasoning of both of

those precedents actually supports Plaintiff's motion.

Overall, the Court finds it appropriate to apply Rule 30.1 to shift to BITNB the extra costs associated with Plaintiff's counsel's travel to California to attend the particular deposition at issue on Plaintiff's motion. Accordingly, Plaintiff's motion to award it the costs of one attorney's airfare, hotel stay, and local transportation in California (all of which are properly compensable under the Rule), as well as at least certain attorney's fees, is granted.

There remain, however, questions as to the timing of any payments of costs and fees, and as to the amount of any attorney's fees that should be awarded. As for timing, BITNB argues that, if awarded, expenses should not be assessed until after the deposition, when the parties can "brief the Court on the utility versus the expense of the deposition." (BITNB Opp., at 2.) Given the reference in Rule 30.1 to the taxation of costs at the conclusion of the action, and the Court's recitation of that part of the Rule in its September 27th conference with counsel, BITNB may have understood the Rule to allow, generally, for the post-deposition award of costs. As discussed above, however, the Rule authorizes the issuance of an order, in the discretion of the Court, requiring a party to advance deposition expenses before the deposition takes place. On its face, the Rule does not accommodate BITNB's desire to justify the deposition after-the-fact, and hence relieve itself of the obligation to pay. Rather, BITNB's interests are addressed by that portion of the Rule that would allow BITNB to recoup its costs down the road, should it prevail in its defense.

Nonetheless, it would not be practical for BITNB to have to pay all of Plaintiff's travel expenses prior to the deposition, as some of those expenses – specifically travel time and local transportation costs[2] – cannot be known with certainty in advance. Even if certain flight times

---

[2] Plaintiff is apparently willing to "waive" any right to reimbursement for meals. (*See* Greenberg Decl., at 2, ¶ 5.)

are anticipated, for example, the airline may experience delays, and local transportation (such as a taxi from the airport) may be affected by traffic. Under the circumstances, BITNB should pay Plaintiff, in advance of the deposition, for the known costs of Plaintiff's flights and hotel, but should pay for Plaintiff's local transportation costs, as well for counsel's travel time, only after those costs and fees are actually incurred. On this point, the Court notes that Plaintiff's attorney, Edward C. Greenberg, Esq. ("Greenberg") has already agreed to "front" the costs of his local transportation (Greenberg Decl., at 2, ¶ 5), and Plaintiff should be willing to do the same with respect to the cost of attorney travel time.

As for the amount of attorney's fees that BITNB should be ordered to pay, Greenberg requests that BITNB pay his fees at the rate of $450 per hour for his anticipated seven hours of attendance at the deposition, and half of that rate ($225 per hour) for his travel time. In its discretion, the Court declines to award attorney's fees for Greenberg's attendance at the deposition itself, as such fees would have been incurred by Plaintiff regardless of the deposition's location. In this Court's view, Rule 30.1 is intended to alleviate the burden of long-distance travel, not of deposition attendance, *per se.*

Defendants have not objected to Greenberg's proposed billing rate of $450 per hour, and that rate is reasonable for an intellectual property attorney of Greenberg's experience. *See Pyatt v. Raymond*, No. 10 Civ. 8764 (CM), 2012 WL 1668248, at *6 (S.D.N.Y. May 10, 2012) (collecting cases allowing fees of over $500/hour for partners practicing intellectual property law in this jurisdiction). The proposed 50 percent reduction of this rate for travel time is also reasonable. *See, e.g., Mister Sprout, Inc. v. Williams Farms Produce Sales, Inc.*, No. 10 Civ. 6036 (RMB) (JCF), 2012 WL 3031471, at *7 (S.D.N.Y. July 25, 2012) ("Although it is within a

7

district court's discretion to compensate travel time at the full hourly rate, courts in the Second Circuit often reduce attorney's fees for travel time by 50 percent." (internal citations omitted)).

Accordingly, the Court will require BITNB to pay Plaintiff, on the schedule set out below, for the reasonable cost of Greenberg's hotel, coach airfare, and local transportation, together with attorney's fees at the rate of $225 per hour for Greenberg's travel time.[3] Needless to say, if another attorney from Greenberg's firm opts to attend the deposition in lieu of Greenberg, and if that attorney has a different level of experience than Greenberg, the parties should act in good faith to adjust their calculation of attorney's fees accordingly.

## CONCLUSION

For all of the foregoing reasons, Plaintiff's motion for fees and costs under Local Civil Rule 30.1 is granted, except that BITNB shall not be required to pay Plaintiff's attorney's fees for counsel's time spent attending the deposition. In order to effectuate this Order, the parties are directed to proceed as follows, unless they stipulate otherwise:

1.     Plaintiff's counsel shall make hotel and air-travel reservations promptly upon the scheduling of a deposition date for Plaintiff's accountant. Plaintiff's counsel shall provide counsel for BITNB with appropriate documentation of these expenses, and, within 14 days of receipt, BITNB shall reimburse Plaintiff for these expenses.

2.     After the deposition, Plaintiff's counsel shall promptly provide counsel for BITNB with appropriate documentation of the cost of counsel's local transportation, as well as a detailed record of counsel's travel time, and, within 14 days of receipt, BITNB shall reimburse

---

[3] Although Rule 30.1 states that a party conducting a distant deposition may be ordered to pay travel expenses for "each other party," the Court declines to require BITNB to pay Urban's travel expenses, as Urban has opposed Plaintiff's Rule 30.1 motion.

Plaintiff for these additional costs and fees. Assuming that Greenberg is the attorney who attends the deposition on Plaintiff's behalf, attorney travel time shall be reimbursed at the rate of $225 per hour.

4.      If BITNB believes that Plaintiff has sought reimbursement for any unreasonable fees or expenses, then, within 14 days of receipt of the Plaintiff's request for payment, BITNB shall pay the amount it believes is reasonable and send a written request to the Court for an order relieving it of the obligation to pay the remainder. That request must certify that counsel have conferred in good faith and have been unable to resolve their dispute over the reasonableness of the fees or expenses in question.

Dated:  New York, New York
        October 26, 2012

SO ORDERED

DEBRA FREEMAN
United States Magistrate Judge

Copies to:

All Counsel (via ECF)